**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | CIVIL ACTION NO. 2:19-cv-00361-JRG |
| Plaintiff | **Lead Case** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |
| AGIS SOFTWARE DEVELOPMENT LLC, | CIVIL ACTION NO. 2:19-cv-00359-JRG |
| Plaintiff | |
| v. | |
| WAZE MOBILE LIMITED, | |
| Defendant. | |
| AGIS SOFTWARE DEVELOPMENT LLC, | CIVIL ACTION NO. 2:19-cv-00362-JRG |
| Plaintiff | |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC. | |
| Defendants. | |

**ORDER REGARDING E-DISCOVERY IN PATENT CASES**

The Court ORDERS as follows:

1.       This order supplements all other discovery rules and orders.  It streamlines

Electronically Stored Information ("ESI") production to promote a "just, speedy, and

inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.      This order may be modified in the court's discretion or by agreement of the parties.  The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference.  If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.      A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.      Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata.  Load files should include, where applicable, the information listed in Appendix 1. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

5.      Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

a.      **General Document Image Format.**  Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format.  TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension.  Load files shall be provided to indicate the location and unitization of the TIFF files.  If a document is more than one page, the unitization of the

document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

b.      **Text-Searchable Documents.**  No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

c.      **Footer.**  All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

d.      **Security.**  Both parties will make reasonable efforts to ensure that any productions made are free from viruses and provided on encrypted media.

e.      **Confidentiality Designation.**  Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter.  Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file and on its associated TIFF placeholder.

f.      **Native Files.**  Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g., comma-separated value (.csv) files and tab-separated value (.tsv) files shall be produced in either their native file format or MS Excel.  TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files.  If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request

such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied.  Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Appendix 1.  A TIFF placeholder indicating that the document was provided in native format should accompany the database record.  If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

g.      **No Backup Restoration is Required.**  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

h.      **Voicemail and Mobile Devices.**  Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

i.      **Server, System, or Network logs.**  Absent a showing of good cause, Server, system, or network logs are deemed not reasonably accessible and need not be collected and preserved.

6.      Culling and Filtering.  Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process.  Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list.  Additional culling of file types based on file header information may include: Application Package File, Backup Files,

Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary files, Dynamic Link Library, Event Log Files, Executables Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File. Source code files will be provided according to the Protective Order and not included in custodial data productions.

7.      Upon a showing of good cause, e-mail may be discoverable. The parties will meet and confer in good faith to discuss procedures for e-mail discovery, including identifying custodians and search terms, and serving written requests for production of e-mail.

8.      The parties shall meet and confer to reach agreement on a reasonable list of e-Mail custodians for purposes of collection, review, and production of e-Mail, as well as a schedule for the production of such information.  In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, the development, design and operation of the accused products, and sales, marketing, and other damages-related information for the accused products).  The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through discovery.

9.      E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, and invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages.  The exchange of this information shall occur at the time agreed upon by the Parties and/or required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court.  Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests.  The court may allow additional discovery upon a showing of good cause.

10.      E-mail production requests shall identify the custodian, search terms, and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.  The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

11.      Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party.  The parties may jointly agree to modify this limit without the court's leave.  The court shall consider requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues for this specific case.  Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent

of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents).  The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

12.     To the extent relevant to the Litigation, source code will be made available for inspection pursuant to the terms of the Protective Order.  The parties agree that the search terms will not be applied to source code.

13.     Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.  For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or

protection.  In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been produced.

14.     The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

15.     Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 21st day of April, 2020.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**Appendix 1**

**A. Production Components.**  Productions shall include, in addition to single page TIFFs and Text Files, (a) an ASCII delimited metadata file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

**B. Image Load File** shall contain the following comma-delimited fields:
BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, PAGE COUNT

**C. Metadata Load File** shall be delimited according to the following characters:
        o Delimiter = D (ASCII:0020)
        o Text-Qualifier = þ (ASCII:00254)
        o New Line = ® (ASCII:174)

**D.** The following **Metadata Fields** shall appear in the metadata load file:

| Field Name | Field Description |
| --- | --- |
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc only) |

| | |
|---|---|
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) (Edoc only) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc only) |
| NATIVELINK | Native File Link (Native Files only) |
| TEXTLINK | Link to text files |

63722105 v4