**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC | CIVIL ACTION NO. 2:19-cv-00361-JRG |
| Plaintiff, | |
| | **Lead Case** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |
| AGIS SOFTWARE DEVELOPMENT LLC | |
| Plaintiff, | |
| | CIVIL ACTION NO. 2:19-cv-00359-JRG |
| v. | |
| WAZE MOBILE LIMITED, | |
| Defendant. | |
| AGIS SOFTWARE DEVELOPMENT LLC | |
| Plaintiff, | |
| | CIVIL ACTION NO. 2:19-cv-00362-JRG |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff AGIS Software Development LLC ("AGIS"), Defendant Wave

Mobile Limited ("Waze"), Defendant Google LLC ("Google"), and Defendants Samsung

Electronics Co., Ltd., and Samsung Electronics (collectively, "Samsung"),[1] hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."  The word "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" or other applicable designation shall be placed on the cover page of the transcript (if not already present on the cover page of the

---

[1] Waze, Google, and Samsung will hereafter collectively be referred to as "Defendants" and each may also be referred to separately as "Defendant."

transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.  For natively produced Protected Material, the word "CONFIDENTIAL" or other applicable designation shall be placed in the filename of each such natively produced document.  All Protected Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth herein shall be designated by the producing Party by informing the receiving Party of the designation in writing. Any documents (including physical objects) made available for inspection by counsel for the receiving Party prior to producing copies of selected items shall be considered, as a whole, to constitute Protected Material (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the producing Party shall have reasonable time to review and designate the appropriate documents or things as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" prior to furnishing copies to the receiving Party.

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s)

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

shall then destroy all copies of the inadvertently or unintentionally produced Protected

Materials and any documents, information or material derived from or based thereon.[3]

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating

party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)      outside counsel of record in this Action[4] for the Parties;

(b)      employees of such counsel assigned to and reasonably necessary to assist such
counsel in the litigation of this Action;

(c)      up to one in-house counsel for the Parties who is a member in good standing of at
least one state bar and has responsibility for making decisions dealing directly
with the litigation of this Action;

(d)      outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party
or an affiliate of a Party),and their necessary support personnel, retained for the
purpose of this litigation, provided that:  (1) such consultants or experts are not
presently employed by the Parties hereto for purposes other than this Action, or by
a competitor of a Party, nor anticipated at the time of retention to become an
officer, director, or employee of a Party or of a competitor of a Party[5]; (2) before
access is given, the consultant or expert has completed the Undertaking attached
as Appendix A hereto and the same is served upon the producing Party at least ten
(10) calendar days before access to the DESIGNATED MATERIAL is to be given
to that consultant, technical advisor or expert, along with (i) the name, address,
current curriculum vitae, current employer, and employment history for the past
ten (10) years of the consultant, technical advisor, or expert; (ii) a list of the cases
in which the consultant, technical advisor or expert has testified as an expert at trial

---

[3]The following information is not Protected Material: (a) any information that is or, after its
disclosure to a receiving Party, becomes part of the public domain as a result of publication not
involving a violation of this Order or other obligation to maintain the confidentiality of such
information; (b) any information that the receiving Party can show was already publicly known
prior to the disclosure; and (c) any information that the receiving Party can show by written
records was received by it from a source who obtained the information lawfully and under no
obligation of confidentiality to the producing Party.

[4] This "Action" means Case Nos. 2:19-cv-00359-JRG, 2:19-cv-00361-JRG, or 2:19-cv-00362-
JRG.

[5] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed)
by a Party on another litigation would not be precluded under this section.

or by deposition within the preceding five (5) years); and (iii) an identification of any patents or patent applications on which the consultant, technical advisor, or expert is identified as an applicant or inventor, is involved in prosecuting or maintaining, or has any pecuniary interest; and (iii) within ten (10) days of receipt of the disclosures described in subparagraph (d)(2) above, the producing Party may notify the receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant, technical advisor, or expert. The Parties agree to promptly meet and confer and use good faith to resolve any such objection within five (5) days following the objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order. A party who has not previously objected to disclosure of DESIGNATED MATERIAL to a consultant, technical advisor or expert with respect with respect to previously produced information shall not be precluded from raising an objection to a consultant, technical advisor, or expert with respect to access to newly-produced materials or information that are produced after the time for objecting to such consultant, technical advisor, or expert has expired. Any such objection shall be handled in accordance with the procedures set forth in this subsection (d)(2).

(e)     independent litigation support services, including persons working for or as court reporters, stenographic reporters or videographers, translators, graphics or design services, jury or trial consulting services, and photocopy, document imaging, document review, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(f)     the Court (including any Court-appointed mediators or advisors) and its personnel (under seal or other suitable precautions determined by the Court).

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.

Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer Source Code[6] and/or live data (that is, data as it exists residing in a database or databases), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE" ("Source Code Material").

9.      For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL SOURCE CODE, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-f).

10.     The RESTRICTED CONFIDENTIAL SOURCE CODE designation is reserved for Protected Material that contains or substantively relates to a Party's "Source Code,"

---

[6] "Source Code" shall mean documents containing or substantively relating to confidential, proprietary, and/or trade secret computer source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.  For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

which shall mean documents or information containing or substantively relating to confidential, proprietary, and/or trade secret source code or technical design documentation ("Source Code Material"). For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured locked room.[7] The stand-alone computer(s) may be connected to a printer.

(b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above and the receiving Party may request that commercially available licensed software tools for viewing and searching of Source Code Material be installed on the stand-alone computer for purposes of the review. Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and

---

[7] To the extent that the COVID-19 pandemic and associated government stay-at-home orders persist, thereby preventing Defendants from making the required disclosure of Source Code Material by the June 8, 2020 deadline set forth in the Docket Control Order (Dkt. 68) for Defendants' Local Patent Rule 3-4 Document Production Accompanying Invalidity Contentions, the parties agree to meet and confer regarding alternate means of production of Source Code material.

does not side-step any of the security features enabled on a Source Code Review computer(s). The receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing Party) on the Source Code Review computer(s) without first submitting a written request and obtaining the producing Party's agreement to the request;

(e)     Access to Source Code Material shall be limited to (i) outside counsel; (ii) up to three (3) outside consultants or experts[8] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above; (iii) the Court (its technical advisor, if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this Action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Materials.  If used during a deposition, the deposition record will identify the exhibit by its bates number; and (iv) while testifying at a deposition or trial in this action only: (a) any current or former officer, director, or employee of the producing Party or original source of the information (if employed during the time of code authorship or use); (b) any person designated by the producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (c) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code Material, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view the Source Code Materials pursuant to this subparagraph shall not retain or be given copies of the Source Code Materials except while so testifying.

(f)     To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in this paragraph, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party.  The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Documents or any drafts of these documents except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be

---

[8] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

filed or served electronically.[9]  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE."  If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.

(h) No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "RESTRICTED CONFIDENTIAL SOURCE CODE" material, except that the Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  The Receiving Party may print no more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by the producing Party, with such approval not to be unreasonably withheld.  The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance.  Within 5 business days or with reasonable notice to the requesting Party, such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed below.  At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the producing Party in a timely fashion.  In the event that the producing Party believes that a particular printing request is unreasonable or the receiving Party seeks to print additional pages exceeding the printing limits described above, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement. If they cannot resolve the issue, either Party may seek an order from the Court of whether the Printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source

---

[9] Drafts shall only include those excerpts the Receiving Party reasonably believes will be included in the final version.

Code printouts need not be produced to the requesting Party until the matter is resolved by the Court;

(i)     If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order;

(j)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above on paper via hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically as is reasonably necessary for filing any Source Code Material with the Court or serving such Source Code Material on another Party;

(k)     The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes with the exception of directory paths, file paths, names and line numbers, as necessary to identify the requested portions for printing to the producing Party. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery.  Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."  A log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion);

(l)     A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party.  The receiving Party shall provide three (3) business days'

notice in advance of scheduling any additional inspections.  Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection.  The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(m)     The receiving Party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of retained experts or consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE";

(n)     All paper copies shall be securely destroyed if they are no longer necessary in the Litigation.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11.   Absent written consent from the designating Party, any person associated or affiliated with a Party and permitted to receive said Party's Protected Material that is designated RESTRICTED - ATTORNEYS' EYES  ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, said Party's HIGHLY SENSITIVE MATERIAL under this Order shall not: (i) prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application before any foreign or domestic agency, including the United States Patent and Trademark Office pertaining to the field of invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or Affiliate during the pendency of this Action and for two years after its conclusion, including any appeals except with respect to the acquisition, licensing, or any other transaction involving the patents-in-suit and/or all patents and patent applications related thereto. Nothing in this Order shall prohibit the acquisition or patents or patent applications for any entity other than a party. The prohibitions in this Paragraph are not intended to and shall not preclude counsel who obtains, receives, or

12

otherwise learns of, in whole or in part, the other Party's HIGHLY SENSITIVE

MATERIAL of a technical nature from participating directly or indirectly[10] in

reexamination, *inter partes* review, interference proceedings, or covered business method

review proceedings, provided that any attorney who obtains, receives, or otherwise

learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL of a

technical nature produced by another Party may not, directly or indirectly, advise,

consult, or participate in the drafting of amended or substitute claims in the proceeding,

and will not use any of the producing Party's Protected Material in the proceeding.  To

ensure compliance with the purpose of this provision, each Party shall create an "Ethical

Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL of a

technical nature and any individuals who, on behalf of the Party or its acquirer, successor,

predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or

prosecution of any patent application pertaining to the field of invention of the patents-in-

suit. The provision shall not bar entire firms, rather only the individuals who actually

receive and review a Party's HIGHLY SENSITIVE MATERIAL.

12.    Disclosure of Protected Material shall be subject to all applicable laws and regulations

relating to the export of technical data contained in such Protected Material, including

the release of such technical data to foreign persons or nationals in the United States or

elsewhere.  Each party receiving Protected Material shall comply with all applicable

---

[10] "Indirectly" in this provision includes support staff and attorneys who are not counsel of record, but are supporting or working with the counsel of record in the relevant proceedings. For sake of clarity, all attorneys of any Party may participate, supervise, and assist in any and all IPR proceedings related to the patents-in-suit, even if they have received and/or reviewed the other HIGHLY SENSITIVE MATERIAL, provided that they do not participate in or assist or provide guidance on any claim drafting or amendment of claims in such IPR proceedings.

export control statutes and regulations.  See, e.g., 15 CFR 734.2(b).  No Protected

Material may leave the territorial boundaries of the United States of America or be made

available to any foreign national who is not (i) lawfully admitted for permanent

residence in the United States or (ii) identified as a protected individual under the

Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  Without limitation, this

prohibition extends to Protected Material (including copies) in physical and electronic

form.  The viewing of Protected Material through electronic means outside the territorial

limits of the United States of America is similarly prohibited.  Notwithstanding this

prohibition, Protected Material, exclusive of material designated RESTRICTED

CONFIDENTIAL SOURCE CODE, and to the extent otherwise permitted by law, may

be taken outside the territorial limits of the United States if it is reasonably necessary for

a deposition taken in a foreign country.  In addition, to the extent otherwise permitted by

law, material designated "CONFIDENTIAL" or "RESTRICTED -ATTORNEYS' EYES

ONLY" (but not material designated RESTRICTED CONFIDENTIAL SOURCE

CODE) may be taken and reviewed outside of the territorial limits of the United States

by only outside counsel of record in this Action for the Parties, but not any other

persons, including outside consultants or experts.  The restrictions contained within this

paragraph may be amended through the consent of the producing Party to the extent that

such agreed to procedures conform with applicable export control laws and regulations.

13.  Nothing in this Order shall require production of documents, information or other

material that a Party contends is protected from disclosure by the attorney-client

privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant

to Federal Rule of Evidence 502(d) and (e), if documents, information or other material

14

subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by notifying the recipient(s) in writing and providing a privilege log for the produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14.  There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15.  Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as

an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) counsel for a Party, including outside counsel (subject to paragraph 9 of this Order); (v) an independent consultant and/or expert retained for this litigation and approved under paragraph 5(d); (vi) court reporters and videographers; (vii) the Court; or (viii) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[11]  Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings.  Subject to any challenge to a particular designation under paragraph 20, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

16.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES

---

[11] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Appendix A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY".

17.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. Subject to any challenges under Section 20, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS'

18

EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties and any Party shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY" in accordance with this Order.  Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party.  Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

23. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

    (a) promptly notify in writing the designating Party.  Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.  If the designating

Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission.  The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

24.  Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

25.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.  Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this

Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

30.    In the event that AGIS intends to disclose either (a) Samsung's Protected Material to Google or Waze or (b) Google's or Waze's Protected Material to Samsung (such as through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, document productions), AGIS shall provide reasonable advance notice to the Defendant whose Protected Material is being disclosed.  If an issue arises in which this provision inhibits a party's prosecution of its case or causes undue difficulty to a party, the parties agree to meet and confer to reasonably resolve the issue.

31.     This Order shall be binding upon the Parties hereto, their attorneys, and their assigns, successors, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**So ORDERED and SIGNED this 22nd day of April, 2020.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CIVIL ACTION NO. 2:19-cv-00361-JRG<br><br>**Lead Case** |
| AGIS SOFTWARE DEVELOPMENT LLC<br><br>Plaintiff,<br><br>v.<br><br>WAZE MOBILE LIMITED,<br><br>Defendant. | CIVIL ACTION NO. 2:19-cv-00359-JRG |
| AGIS SOFTWARE DEVELOPMENT LLC<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION NO. 2:19-cv-00362-JRG |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1

1.      My address is _____.

        My current employer is _____.

        My current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and

        understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

        will not disclose to anyone not qualified under the Protective Order, and will use only for

        purposes of this action any information designated as "CONFIDENTIAL,"

        "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

        SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things

        designated as  "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or

        "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and

        all documents and things that I have prepared relating thereto, to the outside counsel for

        the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

        Protective Order in this action.

        I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

                              By: _____