# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **AGIS SOFTWARE DEVELOPMENT LLC,** § § § <br> Plaintiff, § § <br> v. § § <br> **GOOGLE LLC,** § § <br> Defendant. § § § | Case No. 2:19-cv-00361-JRG **(LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |
| **AGIS SOFTWARE DEVELOPMENT LLC,** § § § <br> Plaintiff, § § <br> v. § § <br> **WAZE MOBILE LIMITED,** § § <br> Defendant. § § § | Case No. 2:19-cv-00359-JRG **(CONSOLIDATED CASE)** <br><br> **JURY TRIAL DEMANDED** |
| **AGIS SOFTWARE DEVELOPMENT LLC,** § § § § <br> Plaintiff, § § § <br> v. § § § <br> **SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** § § § § <br> Defendants. § | Case No. 2:19-cv-00362-JRG **(CONSOLIDATED CASE)** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INCORPORATION BY REFERENCE OF U.S. PATENT NO. 7,630,724, INTERVENING PATENT APPLICATIONS, AND THE PRIORITY DATE OF CERTAIN ASSERTED PATENTS**

## **TABLE OF CONTENTS**

Page

I. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1

II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED ........................................... 4

III. LEGAL STANDARD ...................................................................................................... 4

IV. ARGUMENT ................................................................................................................... 5

    A. The '410 Application Fails To Incorporate The '724 Patent Or Any Of The Intervening Applications By Reference .......................................................... 5

    B. The Ad Hoc Patents Cannot Claim The Benefit Of The '724 Patent's April 17, 2006 Filing Date Or The Filing Dates Of Any Intervening Applications ...................................................................................................... 8

    C. The Priority Date Of The '838, '251, '829, And '123 Patents' Asserted Claims Is No Earlier Than October 31, 2014 ......................................................... 9

V. CONCLUSION .............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
　477 U.S. 242 (1986) .................................................................................................................. 4

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986) .................................................................................................................. 4

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
　800 F.3d 1375 (Fed. Cir. 2015) ................................................................................................ 5

*E.I. du Pont de Nemours & Co. v. MacDermid Printing Solutions, L.L.C.*,
　525 F.3d 1353 (Fed. Cir. 2008) ................................................................................................ 5

*Hollmer v. Harari*,
　681 F.3d 1351 (Fed. Cir. 2012) ........................................................................................... 5, 8

*In re Hogan*,
　559 F.2d 595 (C.C.P.A. 1977) ................................................................................................. 8

*Ledergerber Medical Innovations, LLC v. W.L. Gore & Associates, Inc.*,
　736 F. Supp. 2d 1172 (N.D. Ill. 2010) .............................................................................. 6, 7, 8

*Northrop Grumman Info. Tech., Inc. v. U.S.*,
　535 F.3d 1339 (Fed. Cir. 2008) ................................................................................................ 5

*Zenon Envtl., Inc. v. U.S. Filter Corp.*,
　506 F.3d 1370 (Fed. Cir. 2007) ................................................................................... 5, 8, 9, 10

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 4

Defendants respectfully ask the Court to make the same priority date findings that the U.S. Patent Office ("PTO") has already made seven times. Plaintiff AGIS Software Development LLC ("AGIS") contends that five of its asserted patents filed after 2014 are entitled to claim priority to an application filed in 2006 that issued as U.S. 7,630,724 ("'724 Patent"). The PTO, however, has seven times rejected AGIS's contention. The PTO has instead found that the priority chain is broken between the asserted patents and the '724 Patent because an intervening parent application filed in 2013, U.S. Application No. 14/027,410 ("'410 Application"), fails to incorporate by reference the '724 Patent.

AGIS did not incorporate by reference the '724 Patent or any of at least four other intervening applications into its patents until October 31, 2014, when it started filing applications for the five asserted patents. It is black letter patent law that a later-filed application is not entitled to the benefit of the filing date of applications that precede any intervening break in the priority chain. Thus, none of the five asserted patents can claim priority to the '724 Patent's filing date in 2006 or the filing date of any intervening application in the priority chain because the '410 Application did not incorporate any of those patents or applications. Instead, AGIS's patents cannot claim priority to any date earlier than October 31, 2014, as the PTO has repeatedly found.

This issue is significant because AGIS contends that four of the five asserted patents are entitled to claim priority to the '724 Patent's filing date in 2006, and Defendants have identified prior art references dated from between 2006 and 2014. The Court should thus grant summary judgment on the narrow legal question of the priority date of the asserted patents.

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  AGIS asserts infringement of six patents in this action, five of which have the same specification and relate to setting up an ad hoc network: U.S. Patent Nos. 9,467,838 ("'838 Patent," Ex. 1); 9,445,251 ("'251 Patent," Ex. 2); 9,408,055 ("'055 Patent," Ex. 3); 9,749,829

("'829 Patent," Ex. 4); and 9,820,123 ("'123 Patent," Ex. 5).  These five patents are referred to collectively in this motion as the "Ad Hoc Patents."

2. AGIS filed the application for the '838 Patent on October 31, 2014.  Ex. 1 at Cover.  The '838 Patent is a parent patent to the other four Ad Hoc Patents ('251, '055, '829, and '123 Patents).  Ex. 2 at Cover; Ex. 3 at Cover; Ex. 4 at Cover; Ex. 5 at Cover.

3. As shown in the figure below, all five Ad Hoc Patents (in blue) are continuations-in-part of the '724 Patent (Ex. 9) and claim priority through a chain of several intervening applications to the '724 Patent application (in purple) filed on April 17, 2006 as U.S. Application 11/308,648.  Ex. 1 ('838) at 1:1-25; Ex. 2 ('251) at 1:1-28; Ex. 3 ('055) at 1:1-27; Ex. 4 ('829) at 1:1-28; Ex. 5 ('123) at 1:1-29.  The intervening applications filed between the '724 Patent and the Ad Hoc Patents include U.S. Application Nos. 13/751,453; 12/761,533; and 11/615,472 (collectively "Intervening Applications") and the '410 Application (in red).  *Id.*

4. Each Ad Hoc Patent includes a statement incorporating by reference all parent applications in the priority chain shown in the figure below, including the '724 Patent.  Ex. 1 ('838) at 1:23-25 ("All of the preceding applications are incorporated herein by reference in their entirety"); Ex. 2 ('251) at 1:26-28 (same); Ex. 3 ('055) at 1:26-27 (same); Ex. 4 ('829) at 1:26-28 (same); Ex. 5 ('123) at 1:27-29 (same).



5.     The incorporation statement in the Ad Hoc Patents, however, is not included in any of the parent applications in the priority chain filed before October 31, 2014 (i.e., the '838 Patent's filing date). For example, the '410 Application—the immediate parent of the '838 Patent that later issued as U.S. Patent 8,880,042 ("'042 Patent")—includes only one incorporation statement: "The method and operation of communication devices used herein are described in U.S. Pat. No. 7,031,728 which is hereby incorporated by reference and U.S. Pat. No. 7,630,724." Ex. 6 at ¶5 (AGIS200002267); *see also* Ex. 7 ('042 Patent) at 1:60-63. The '410 Application identifies

3

earlier-filed applications in the priority chain, but it does not contain any statement incorporating them.  Ex. 6 at ¶1 (AGIS200002266); *see also* Ex. 7 ('042 Patent) at 1:1-20.

6.  Defendants' expert report on invalidity identified several references dated between the '724 Patent's filing date in April 17, 2006 and October 31, 2014, including references called Google Prior Art and Apple System.  Ex. 23 at ¶525-585.

7.  AGIS's experts, Joseph McAlexander and Dr. Omid Kia, both opine that the '838, '251, '829, and '123 Patents are entitled to claim priority to the April 17, 2006 filing date of the '724 Patent.  Ex. 19 at ¶11; Ex. 20 at ¶9.  AGIS's experts cite to the '724 Patent application and the Intervening Applications in the priority chain as providing written description support for the asserted claims of the '838, '251, '829, and '123 Patents.  Ex. 21; Ex. 22.

## II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED

1.  Whether the '410 Application fails to incorporate by reference the '724 Patent and the Intervening Applications.

2.  Whether the asserted '838, '055, '251, '829, and '123 Patents cannot claim priority to the filing dates of the '724 Patent or any of the Intervening Applications.

3.  Whether the asserted claims of the '838, '251, '829, and '123 Patents are entitled to a priority date of no earlier than October 31, 2014.

## III. LEGAL STANDARD

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute of fact is "genuine" only if evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of a priority date is a question of law if the facts underlying that determination are undisputed.  *See E.I. du Pont de Nemours & Co.*

4

*v. MacDermid Printing Solutions, L.L.C.*, 525 F.3d 1353, 1359 (Fed. Cir. 2008). "Whether and to what extent a patent incorporates material by reference . . . is a legal question." *Hollmer v. Harari*, 681 F.3d 1351, 1355 (Fed. Cir. 2012).

Although a defendant bears the ultimate burden of persuasion to demonstrate invalidity of an asserted patent's claims, the patentee bears the burden of production in proving that the asserted patent's claims are entitled to the filing date of an earlier-filed parent application once a defendant identifies prior art that antedates the filing date of the asserted patent. *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1379–80 (Fed. Cir. 2015).

## IV. ARGUMENT

Defendants request that the Court make the same findings on priority date and incorporation by reference that the PTO has made seven times. These findings concern purely legal questions that are not suitable for jury resolution and are significant to this case because Defendants are asserting prior art references dated between the April 17, 2006 filing date of the '724 Patent and the 2014 effective filing dates of the Ad Hoc Patents.

### A. The '410 Application Fails To Incorporate The '724 Patent Or Any Of The Intervening Applications By Reference

For a patent to properly incorporate material by reference, "the host document must identify with ***detailed particularity*** what specific material it incorporates and ***clearly indicate where*** that material is found." *Zenon Envtl., Inc. v. U.S. Filter Corp.*, 506 F.3d 1370, 1378 (Fed. Cir. 2007) (emphases in original). Thus, "the incorporating [document] must use language that is ***express*** and ***clear***, so as to leave ***no ambiguity*** about the identity of the document being referenced, nor any reasonable doubt about the fact that the referenced document is being incorporated." *Northrop Grumman Info. Tech., Inc. v. U.S.*, 535 F.3d 1339, 1344 (Fed. Cir. 2008) (emphases altered). On comparable facts in *Ledergerber Medical Innovations, LLC v. W.L. Gore &*

5

*Associates, Inc.*, a court granted summary judgment of anticipation based on a parent application because the asserted patent did not incorporate that parent application by reference. 736 F. Supp. 2d 1172, 1180-81 (N.D. Ill. 2010). The court reasoned that although the asserted patent "identified the prior applications in the chain," "it did not specifically indicate that it was incorporating the disclosures of those applications" and as a "matter of law, the mere notation of prior applications is not sufficient to incorporate by reference any contents of those prior applications." *Id.* (citing cases). The court concluded that "[t]he reference to the earlier applications and patents in the chain contained in the [asserted patent] application was therefore insufficient to satisfy the written description requirement of § 112 as required for continuity of disclosure under § 120." *Id.*

The '410 Application likewise does not include a clear, express, unambiguous statement incorporating by reference its parents, the '724 Patent or any of the Intervening Applications. Its sole incorporation statement—"The method and operation of communication devices used herein are described in U.S. Pat. No. 7,031,728 **which is hereby incorporated by reference** and U.S. Pat. No. 7,630,724" (Ex. 6, ¶5 (AGIS200002267))—only incorporates the '728 Patent. The statement does not refer to any of the three Intervening Applications, so none are incorporated.

The statement also fails to incorporate the '724 Patent for three reasons. First, the clause "which is hereby incorporated by reference" follows the reference to the '728 Patent and therefore refers back to the '728 Patent that immediately precedes it, and not to the '724 Patent. Second, the clause "which is hereby incorporated by reference" uses the singular verb "is," confirming that only one patent (i.e., the '728 Patent) is incorporated by reference, as opposed to incorporating multiple patents. Third, "[a]s a matter of law, the mere notation of prior applications is not sufficient to incorporate by reference any contents of those prior applications;" instead, an express

statement of incorporation is required. *Ledergerber*, 736 F. Supp. 2d at 1180. Thus, the '410 Application's mere identification of the '724 Patent is insufficient to incorporate it by reference.

Given these same facts and law, the PTO explicitly found in three IPR proceedings and implicitly found in four others that the '410 Application fails to incorporate by reference the '724 Patent. In *inter partes* review (IPR) proceedings concerning the '251, '838, and '055 Patents, the PTO concluded that the '410 Application does not incorporate by reference the '724 Patent. Specifically, the PTO found that the '724 Patent's sole incorporation statement used the phrase "incorporated by reference" to refer only to '728 Patent. Ex. 11 ('251 IPR decision) at 18-20; Ex. 13 ('838 IPR decision) at 15-17; Ex. 10 ('055 IPR decision) at 15-17. The PTO found that those three patents could therefore only claim a priority date of October 31, 2014.

In an IPR proceeding for the '829 Patent and three reexamination proceedings for the '251, '838, and '055 Patents, the PTO did not explicitly address the incorporation by reference issue. But the PTO implicitly found a failure to incorporate the '724 Patent when it concluded that those patents could only claim a priority date of October 31, 2014, either because the '410 Application failed to provide written description support for the claims or because AGIS did not dispute that the priority date was October 31, 2014. Ex. 12 (first '829 IPR decision) at 14; Ex. 16 ('838 reexam grant) at 2-3; Ex. 14 ('055 reexam grant) at 3-4; Ex. 15 ('251 reexam grant) at 2-3. The PTO has never reached the contrary conclusion that either the '410 Application incorporated by reference the '724 Patent or that the priority date of any of the '838, '251, '055, '829, and '123 Patents should be earlier than October 31, 2014.[1]

---

[1] On November 25, 2020, the PTO denied institution of four IPRs challenging the '829 and '123 Patents' validity. Exs. 17-18. But the denials were based on the discretionary *Fintiv/NHK* factors and not the merits of the IPR petitions. *Id*. In fact, the Board stated that the IPR petitions, which presented the same priority date arguments as this motion, showed a "reasonable likelihood that

7

AGIS offers opinions from its experts, Mr. McAlexander and Dr. Kia, that the '410 Application incorporates the '724 Patent. Ex. 21; Ex. 22. But this is not a fact issue for expert opinion. Incorporation by reference is instead a legal question. *Hollmer*, 681 F.3d at 1355. Further, an "ambiguity in incorporation does not suffice" for incorporation by reference. *Id*. at 1358. So even if the Court finds ambiguity in the incorporation statement, such ambiguity should be resolved against the patentee, AGIS. The Court should therefore find, as the PTO has repeatedly found, that the '724 Patent was not incorporated into the '410 Application.

### B. The Ad Hoc Patents Cannot Claim The Benefit Of The '724 Patent's April 17, 2006 Filing Date Or The Filing Dates Of Any Intervening Applications

Because the '410 Application does not incorporate the '724 Patent and the Intervening Applications, none of the Ad Hoc Patents can claim priority to the filing dates of the '724 Patent (of April 17, 2006) or the Intervening Applications. "[T]o gain the benefit of the filing date of an earlier application under 35 U.S.C. § 120, each application in the chain leading back to the earlier application must comply with the written description requirement of 35 U.S.C. § 112." *Zenon*, 506 F.3d at 1378. In other words, "there has to be a continuous chain of copending applications each of which satisfies the requirements of § 112 with respect to the subject matter presently claimed." *In re Hogan*, 559 F.2d 595, 609 (C.C.P.A. 1977) (citations and quotations omitted; alteration in original). As the court in *Ledergerber* stated, "[i]n plain terms, in order for the last patent application in a series of any length to be entitled to the priority date of the parent application, continuity of disclosure of the claimed invention must be maintained through the chain of patents." 736 F. Supp. 2d at 1178. In *Zenon*, for example, the Federal Circuit found on comparable facts that an asserted "'319 patent is not entitled to the filing date of the [parent] '373

---

Petitioner would prevail with respect to at least 1 of the claims challenged in the Petition." *E.g.*, Ex. 17 (second '829 IPR decision) at 17; Ex. 18 ('123 IPR decision) at 15.

8

patent" "because the [intervening parent] '250 patent fails to incorporate by reference . . . the '373 patent, and thus a lack of continuity of disclosure exists in the family chain." 506 F.3d at 1382.

The '410 Application's failure to incorporate the '724 Patent breaks the priority chain between all later-filed continuations of the '410 Application—which include the five Ad Hoc Patents—and the earlier-filed '724 Patent. And under *Zenon*, this break in priority cannot be repaired by the later-filed Ad Hoc Patents themselves incorporating the '724 Patent. *See* 506 F.3d at 1383 (finding break in priority chain even though the later-filed and asserted '319 patent incorporated all earlier applications). Similarly, the '410 Application's failure to incorporate any of the Intervening Applications precludes the later-filed Ad Hoc Patents from being able to claim priority to the filing dates of those applications.

        **C.    The Priority Date Of The '838, '251, '829, And '123 Patents' Asserted Claims Is No Earlier Than October 31, 2014**

AGIS's experts contend four of the Ad Hoc Patents—the '838, '251, '829, and '123 Patents—claim priority to the '724 Patent's filing date of April 17, 2006 and cite exclusively to disclosures from the '724 Patent or the Intervening Applications filed after the '724 Patent as providing written description support for the '838, '251, '829, and '123 Patents' asserted claims. Ex. 19 at ¶11; Ex. 20 at ¶9; Ex. 21; Ex. 22.[2] AGIS's experts' reliance on the '724 Patent and Intervening Applications for written description is misplaced because, as discussed in Section IV.C, the '410 Application failed to incorporate by reference any of those patents and applications. The ability of the '838, '251, '829, and '123 Patents to rely on the '724 Patent and Intervening

---

[2] AGIS contends that the '055 Patent's claims can claim priority to the '728 Patent, rather than the '724 Patent. Defendants dispute AGIS's contention because the '728 Patent fails to provide written description support for the '055 Patent's claims, and the PTO has twice sided with Defendants. Ex. 10 ('055 IPR) at 23; Ex. 14 ('055 Reexam) at 3-4. Defendants do not seek a ruling regarding the '055 Patent's priority claim to the '728 Patent in this motion, but they reserve the right to challenge that issue at trial.

Applications for written description support for priority was lost once the '410 Application failed to incorporate those patents and applications by reference, thereby breaking the priority chain. *See Zenon*, 506 F.3d at 1378 ("In order to gain the benefit of the filing date of an earlier application under 35 U.S.C. § 120, ***each application in the chain*** leading back to the earlier application must comply with the written description requirement of 35 U.S.C. § 112."). As a result, none of the child patents filed after the '410 Application in the priority chain—including the asserted '838, '251, '829, and '123 Patents—can rely on the '724 Patent or the Intervening Applications for written description to support priority.

AGIS did not begin to incorporate by reference the '724 Patent until October 31, 2014, when AGIS filed the application for the '838 Patent. Thus, for the '838 Patent, the earliest supportable priority date is October 31, 2014. Ex. 1 ('838) at 1:23-25. Because the '251, '829, and '123 Patents are continuations of the '838 Patent, their earliest supportable priority date is also October 31, 2014.

## V.  CONCLUSION

Defendants respectfully request that the Court grant summary judgment that: (1) the '410 Application does not incorporate by reference the '724 Patent or any of the Intervening Applications; (2) the '838, '055, '251, '829, and '123 Patents cannot claim priority to the April 17, 2006 filing date of the '724 Patent or the filing date of any of the Intervening Applications; and (3) the '838, '251, '829, and '123 Patents' asserted claims are entitled to a priority date of no earlier than October 31, 2014. Summary judgment should be granted on these specific legal issues concerning the priority dates of the Ad Hoc Patents.

December 23, 2020                                  Respectfully submitted,


    */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
Email: Mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
Email: Blake@themannfirm.com
**MANN TINDEL THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*ATTORNEYS FOR DEFENDANTS GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND WAZE MOBILE LIMITED*

Neil P. Sirota
neil.sirota@bakerbotts.com
Timothy S. Durst
tim.durst@bakerbotts.com
Katharine Burke
katharine.burke@bakerbotts.com
Margaret M. Welsh
margaret.welsh@bakerbotts.com

11

**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 408-2500
Fax: (212 408-2501

***ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.
AND SAMSUNG ELECTRONICS
AMERICA, INC.***

12

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on December 23, 2020.

*/s/ J. Mark Mann*
J. Mark Mann
