# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | § § § § § § § § § § § | Case No. 2:19-cv-00361-JRG <br> (LEAD CASE) <br><br> **JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> WAZE MOBILE LIMITED, <br><br> Defendant. | § § § § § § § § § § § | Case No. 2:19-cv-00359-JRG <br> (CONSOLIDATED CASE) <br><br> **JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § | Case No. 2:19-cv-00362-JRG <br> (CONSOLIDATED CASE) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT GOOGLE LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF U.S. PATENT NOS. 9,408,055 ("'055 Patent") AND 8,213,970 ("'970 Patent") UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL**

**TABLE OF CONTENTS**

Page

I. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1

II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED ............................................ 3

III. LEGAL STANDARD ........................................................................................................ 4

IV. ARGUMENT ..................................................................................................................... 4

    A. PTAB Decisions Have Collateral Estoppel Effect And Invalidate Materially Identical Claims................................................................................. 4

    B. The '055 Patent's Asserted Claims Are Not Materially Different From The '055 Patent's Invalidated Claims ............................................................. 6

    C. The '970 Patent's Asserted Claims Are Materially Identical To The '970 Patent's Invalidated Claims ....................................................................... 9

V. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................................ 4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................................ 4

*Intellectual Ventures I, LLC v. Lenovo Group Ltd.*,
   370 F. Supp. 3d 251 (D. Mass. 2019) ..................................................................................... 7

*MaxLinear, Inc. v. CF CRESPE LLC*,
   880 F.3d 1373 (Fed. Cir. 2018) ............................................................................................... 5

*Ohio Willow Wood Co. v. Alps S., LLC*,
   735 F.3d 1333 (Fed. Cir. 2013) ............................................................................................... 6

*SkyHawke Technologies, LLC v. Deca International Corp.*,
   828 F.3d 1373 (Fed. Cir. 2016) ............................................................................................... 5

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
   778 F.3d 1311 (Fed. Cir. 2015) ....................................................................................... 4, 6, 7

*State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC*,
   751 F.3d 684 (5th Cir. 2014) .................................................................................................. 4

*Think Prod., Inc. v. ACCO Brands Corp.*,
   419 F. Supp. 3d 1078 (N.D. Ill. 2019) ................................................................................. 5, 6

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 4

The Court should grant summary judgment of invalidity based on collateral estoppel for each of the claims asserted by Plaintiff AGIS Software Development LLC ("AGIS") from U.S. Patent Nos. 9,408,055 ("'055 Patent") and 8,213,970 ("'970 Patent"). In 2018 final written decisions ("FWD"), the U.S. Patent Trial and Appeal Board ("PTAB") resolved *inter partes* review ("IPR") proceedings filed by Defendant Google LLC ("Google") by finding all 36 claims of the '055 and '970 Patents that were challenged in Google's IPRs. In an attempt to evade the PTAB, AGIS began this case by asserting every claim of '055 and '970 Patents that was not challenged and found invalid as part of Google's IPRs. Following claim reductions, AGIS continues to assert nine claims from those two patents.

The Court should grant summary judgment of invalidity as to those remaining nine asserted claims of the '970 and '055 Patents because they are not materially different from the claims that the PTAB found invalid in its FWD. Courts have routinely applied collateral estoppel to invalidate claims that are not materially different from claims found invalid in IPRs and other prior proceedings. Several of the nine remaining claims are even verbatim identical to those that the PTAB invalidated. Given the undeniable similarly between AGIS's asserted claims of the '055 and '970 Patents in this action and those that were previously invalidated, summary judgement of invalidity should be granted as to those asserted claims.

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On November 19, 2019, the PTAB concluded an IPR proceeding filed by Google for the '970 Patent by issuing a FWD finding all challenged claims (Claims 1 and 3-9) invalid in view of the combination of prior art references U.S. Patent Publication 2006/0218232 ("Kubala"); U.S. Patent No. 6,854,007 ("Hammond").

2. On December 2, 2019, the PTAB concluded an IPR proceeding filed by Google for the '055 Patent by issuing a FWD for the '055 Patent finding all challenged claims (Claims 1, 2,

1

5-7, 14, 15, 17, 21-25, 27, 28, 30, 32-34, 36, 37, 40-43, 45, 49, and 54) invalid in view of the combination of prior art references: U.S. Patent No. 6,366,782 ("Fumarolo"); U.S. App. Pub. No. 2004/0054428 ("Sheha") (attached as Ex. 9); and U.S. App. Pub. No. 2004/0157590 ("Lazaridis"). The PTAB also found Claims 27 and 37 invalid based on the same combination, plus either of the U.S. App. Pub. No. 2005/0221876 ("Van Bosch") or U.S. App. Pub. No. 2002/0027901 ("Liu").

3. On November 4, 2019, AGIS filed its Complaint initiating this action and asserting the '055 and '970 Patents. Dkt. 1. On March 10, 2020, AGIS served its amended initial election of asserted claims, which asserted every claim of the '055 and '970 Patents that the PTAB had not found invalid in FWDs a few months earlier. Ex. 11.

4. After reducing its asserted claims during discovery, AGIS is presently asserting the following nine claims of the '055 and '970 Patents.

| | |
|---|---|
| '055 (Ex. 2) | **Claims 8, 9, 20, 29** (Ex. 2 at 15:57-65, 16:49-56, 18:8-16); See also Appendix A excerpting claims<br>• All four claims are dependent claims<br>• Claims 8, 9, and 20 depend from Claim 1, which the PTAB found invalid<br>• Claim 29 depends from Claim 28, which the PTAB found invalid |
| '970 (Ex. 1) | **Claims 2, 10-13** (Ex. 1 at 9:40-63, 10:55-12:19); See also Appendix B excerpting claims<br>• Only Claim 10 is an independent claim<br>• Claim 2 depends from Claim 1, which the PTAB found invalid<br>• Claims 11-13 depend from Claim 10 |

5. On November 3, 2020, AGIS served its Second Supplemental Infringement Contentions that included claim charts for the '055 and '970 Patents. Ex. 3; Ex. 4. As summarized in the table below, AGIS's contentions for the '055 and '970 Patents' asserted claims simply cross-reference its contentions for other claims that the PTAB has found invalid and that are base claims from which the asserted claims depend.

| Patent | Claim and Citation | AGIS's Contention |
|---|---|---|
| '055 | Claim 8. Ex. 4 at B-467 | Cross references contentions for Claim 1 |
| | Claim 9. Ex. 4 at B-467-69 | Cross references contentions for Claims 1, 6-7 |

2

|  | Claim 20. Ex. 4 at B-475-79 | Cross references contentions for Claims 2, 14-15 |
|---|---|---|
|  | Claim 29. Ex. 4 at B-699-700 | Cross references contentions for Claims 2, 28 |
| '970 | Claim 2. Ex. 3 at A-141-44 | Cross references contentions for elements of Claim 1 |
|  | Claim 10. Ex. 3 at A-144-49 | Cross references contentions for elements of Claim 1 |
|  | Claim 11. Ex. 3 at A-149 | Cross references contentions for elements "1[A]-[C]" of Claim 1 |
|  | Claim 12. Ex. 3 at A-150 | Cross references contentions for element "1[D]" of Claim 1 |
|  | Claim 13. Ex. 3 at A-150 | Cross references contentions for element "1[D]" of Claim 1 |

6.    On November 10, 2020, AGIS served the opening expert report of its technical expert, Joseph McAlexander, which included infringement claim charts for the '055 and '970 Patents. Exs. 5-6. As summarized in the table below, in his claim charts for the remaining asserted claims of the '055 and '970 Patents, Mr. McAlexander's infringement opinions largely cross-reference his opinions for other claims that the PTAB has found invalid and that are base claims from which the asserted claims depend.

| Patent | Claim and Citation | Mr. McAlexander's Opinion |
|---|---|---|
| '055 | Claim 8. Ex. 6 at Ba-423 | Cross references opinions for Claim 1 |
|  | Claim 9. Ex. 6 at Ba-424 | Cross references opinions for Claims 1, 6-7 |
|  | Claim 20. Ex. 6 at Ba-431-34 | No cross reference |
|  | Claim 29. Ex. 6 at Ba-440 | Cross references opinions for Claim 28 |
| '970 | Claim 2. Ex. 5 at Aa-155-59 | Cross references opinions for elements of Claim 1 |
|  | Claim 10. Ex. 5 at Aa-160-64 | Cross references opinions for elements of Claim 1 |
|  | Claim 11. Ex. 5 at Aa-165 | No cross reference |
|  | Claim 12. Ex. 5 at Aa-166 | Cross references contentions for element "1[D]" of Claim 1 |
|  | Claim 13. Ex. 5 at Aa-167 | Cross references contentions for element "1[D]" of Claim 1 |

## II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED

1.    Whether Claims 8, 9, 20, 29 of the '055 Patent should be found invalid under the doctrine of collateral estoppel based on the PTAB's FWD for that patent.

3

2.      Whether Claims 2, 10, 11, 12, and 13 of the '970 Patent should be found invalid under the doctrine of collateral estoppel based on the PTAB's FWD for that patent.

## III. LEGAL STANDARD

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of fact is "genuine" only if evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV. ARGUMENT

### A. PTAB Decisions Have Collateral Estoppel Effect And Invalidate Materially Identical Claims

The nine asserted claims of the '055 and '970 Patents should be found invalid under the doctrine of collateral estoppel in view of the PTAB's prior FWDs invalidating materially identical claims of those patents. The Fifth Circuit applies issue preclusion when four conditions are met:

> First, the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action. Second, the issue must have been fully and vigorously litigated in the prior action. Third, the issue must have been necessary to support the judgment in the prior case. Fourth, there must be no special circumstance that would render preclusion inappropriate or unfair.

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015) (citing Fifth Circuit law); *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC*, 751 F.3d 684, 689 (5th Cir. 2014).

The second, third, and fourth factors are met based on the prior IPR proceedings and FWDs. Under the second factor, as part of the IPR proceedings, Google and AGIS fully and vigorously litigated the issues of the invalidity of the '055 and '970 Patents' challenged claims in view of prior art grounds presented in Google's IPR petitions. *Think Prod., Inc. v. ACCO Brands Corp.*,

4

419 F. Supp. 3d 1078, 1084-85 (N.D. Ill. 2019) (finding patentee-plaintiff was bound by collateral estoppel when it had a full and fair opportunity to litigate in a prior IPR proceeding).

Under the third factor, the PTAB's findings of invalidity of all challenged claims in the '055 and '970 Patents supported its FWDs. The Federal Circuit has consistently held that the PTAB's decisions are final judgments entitled to collateral estoppel effect in district courts. For example, in *MaxLinear, Inc. v. CF CRESPE LLC*, the Federal Circuit gave collateral estoppel effect to a final IPR decision, reasoning that:

> It is well established that collateral estoppel, also known as issue preclusion, applies in the administrative context. . . .
>
> [It is] clear that issue preclusion is not limited to those situations in which the same issue is before two *courts*. Rather, where a single issue is before a court and an administrative agency, preclusion also often applies. Indeed, this Court has explained that because the principle of issue preclusion was so "well established" at common law, in those situations in which Congress has authorized agencies to resolve disputes "courts may take it as given that Congress has legislated with the expectation that the principle [of issue preclusion] will apply except when a statutory purpose to the contrary is evident."
>
> . . .
>
> Indeed, in *SkyHawke Technologies, LLC v. Deca International Corp.*, 828 F.3d 1373, 1376 (Fed. Cir. 2016), we reiterated that "administrative decisions by the U.S. Patent and Trademark Office can ground issue preclusion...."

880 F.3d 1373, 1376 (Fed. Cir. 2018) (emphasis original; quotations and citations omitted).

Under the fourth factor, there is no special circumstance that would render preclusion inappropriate or unfair given that AGIS, represented by its same counsel in this action as in the IPRs, vigorously litigated the validity of the '055 and '970 Patent before the PTAB in the prior IPR proceedings. *See Think Prod.*, 419 F. Supp. 3d at 1084-85 (N.D. Ill. 2019) (finding plaintiff had full and fair opportunity to litigate when it participated in the prior IPR proceeding).

Thus, the application of collateral estoppel for purposes of this motion turns on the first factor: whether the issue under consideration in this case is identical to the issue decided in the

prior IPRs. Here, although AGIS is asserting different claims of the '055 and '970 Patents that were not challenged and resolved in the prior IPRs, courts have held that "[c]omplete identity of [patent] claims is not required to satisfy the identity-of-issues requirement." *Soverain*, 778 F.3d at 1319 (citation omitted). Instead, the applicable test is that "[i]f the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). In *Ohio Willow Wood*, for example, the Federal Circuit affirmed an on-point district court's summary judgment ruling, applying collateral estoppel to invalidate a claim that "use[d] slightly different language to describe substantially the same invention" as claims that the U.S. Patent Office had previously found invalid. *Id*. Likewise, another court granted summary judgment, applying collateral estoppel to invalidate claims that only slightly modified the language of other claims of related patents the PTAB found obvious. *Think Prod., Inc. v. ACCO Brands Corp.*, 419 F. Supp. 3d 1078, 1084-85 (N.D. Ill. 2019).

As detailed below, the newly asserted claims of the '055 and '970 Patents are not materially different from those that the PTAB invalidated. Indeed, several claims are verbatim identical, while others are dependent claims that recite immaterial changes to a base independent claim that the PTAB found invalid.

### B. The '055 Patent's Asserted Claims Are Not Materially Different From The '055 Patent's Invalidated Claims

Under this standard, Claim 8 of the '055 Patent is invalid. Claim 8 depends from independent Claim 1 that the PTAB found invalid and simply adds the limitation "wherein the first device is a cellular phone or a personal digital assistant (PDA)." Ex. 2 at 15:57-58. Where, as here, a dependent claim differs from an invalid independent claim only by adding routine technologies, collateral estoppel applies to invalidate the dependent claim. In *Soverain*, for

example, the Federal Circuit applied collateral estoppel to invalidate a dependent claim because its "additional limitation here—transmitting a hypertext statement over the Internet, rather than over a generic network—does not materially alter the question of the validity." 778 F.3d at 1319. Similarly, in *Intellectual Ventures I, LLC v. Lenovo Group Ltd.*, a court concluded that a dependent claim's addition of microprocessors and a memory device to independent claims did "not materially alter the invalidity analysis," rendering the dependent claim "invalid on the basis of collateral estoppel." 370 F. Supp. 3d 251, 258 (D. Mass. 2019). Likewise here, Claim 8's addition of a generic cell phone or PDA does not materially change the scope of invalid Claim 1, given that generic PDAs and cell phones were well known by the '055 Patent's claimed priority date in 2004 and not invented by AGIS. Ex. 10 (Beyer 2018 Dep.) at 21:20-22:1. AGIS and Mr. McAlexander acknowledge as much because their infringement charts for Claim 8 just cross-reference their discussion for Claim 1. Ex. 4 at B-467; Ex. 6 at B-a423. Nor does Claim 8's addition of a cell phone or PDA materially change the outcome of the invalidity analysis given that a primary reference applied against Claim 1 in Google's IPR, Sheha, discloses a system with "[m]obile stations, such as mobile telephones, mobile email devices, and other mobile communication devices, which communicate via a wireless network." Ex. 9 at ¶[0004].

The same fate befalls Claim 9. Claim 9 also depends from invalid independent Claim 1 and adds "identifying second user interaction with the interactive display selecting at least one of the user-selectable symbols corresponding to at least one of the second devices and user interaction with the display specifying an action and, based thereon, initiating a phone call or phone conference with the at least one second device." Ex. 2 at 15:59-65. Claim 9 is verbatim identical to Claims 36 and 49, both of which the PTAB found invalid. *Id.* at 18:53-59, 20:27-33. Further,

7

AGIS's and Mr. McAlexander's charts for Claim 9 just cross-reference their discussion for Claims 1 and 6-7, all of which the PTAB found invalid. Ex. 4 at B-467-69; Ex. 6 at B-a424.

Claim 20 fares no better. That claim depends from invalid independent Claim 1 and dependent Claim 19 and adds "identifying user interaction with the interactive display selecting the second user-specified symbol corresponding to the second entity and, based, thereon, displaying the information associated with the second entity." Ex. 2 at 16:49-56. Claim 20's recitation is nearly and substantively identical to invalid Claim 15, which recites "identifying user interaction with the interactive display selecting the symbol corresponding to the entity and, based, thereon, displaying the information associated with the entity." *Id*. at 16:23-28. Confirming this reading of the claim, AGIS's infringement chart for Claim 20 just cross-references its discussion for Claims 2 and 14-15, all of which the PTAB found invalid. Ex. 4 at B-475-79.

Finally, Claim 29 should also be found invalid. Claim 29 depends from invalid independent Claim 28 and adds "presenting another symbol on the interactive map corresponding to a fixed location and associated with a telephone number; and receiving user selection of the other symbol and, based thereon, initiating a telephone call to the telephone number associated with the symbol." Ex. 2 at 18:8-16. Claim 29's limitation is verbatim identical to Claims 2 and 42, both of which the PTAB found invalid. *Id*. at 15:17-24, 19:51-58. And AGIS's and Mr. McAlexander's infringement charts for Claim 29 just cross-reference their discussion for Claims 2 and 28, both of which the PTAB found invalid. Ex. 4 at B-699-700; Ex. 6 at B-a440. The Court should therefore find Claims 8, 9, 20, and 29 of the '055 Patent invalid under collateral estoppel.

### C. The '970 Patent's Asserted Claims Are Materially Identical To The '970 Patent's Invalidated Claims

Each of Claims 11, 12, and 13 is verbatim identical to a claim that the PTAB found invalid: Claim 11 is verbatim identical to invalid Claim 7; Claim 12 is verbatim identical to invalid Claim 8; and Claim 13 is verbatim identical to invalid Claim 9. Ex. 1 at 10:42-54 (Claims 7-9), 12:7-19 (Claims 11-13). In addition, AGIS's and Mr. McAlexander's infringement charts for Claims 11-13 just cross-reference their discussion for specific elements "1[D]" or "1[A]-[C]" of invalid Claim 1. Ex. 3 at A-149-150; Ex. 5 at Aa-165-167. Thus, Claims 11-13 should be found invalid.

For Claims 2 and 10, AGIS's and Mr. McAlexander's own infringement charts confirm the material identity between those two claims and invalid Claim 1. AGIS and Mr. McAlexander divide Claim 2 into four elements, 2A to 2D, and divide Claim 10 into five elements, 10A to 10E. Ex. 3; Ex. 5. As summarized in the table below, for each element of Claims 2 and 10, AGIS and Mr. McAlexander's infringement claim charts merely cross-reference their claim charts for the element(s) of invalid base Claim 1 and also explain that the cross-referenced element(s) of Claim 1 is similar to the corresponding element of Claims 2 and 10.

| Element Of Claims 2 And 10 and Citation | Cross-Referenced Claim 1 Element | Mr. McAlexander's And AGIS's Reason For Cross-Referencing |
|---|---|---|
| 2A<br>Ex. 3 at A-142<br>Ex. 5 at A-a155 | 1E | Both 2A and 1E relate to "automatic acknowledgement displayed by a sender cell phone." |
| 2B<br>Ex. 3 at A-142-143<br>Ex. 5 at Aa-157 | 1D | Both 2B and 1D relate to "forced text alerts (*e.g.* a text message transmitted to, and displayed on the screen of, a locked Phone…)." |
| 2C<br>Ex. 3 at A-143-144<br>Ex. 5 at Aa-158 | 1D-1F | Both 2C and 1D-F relate to "selection of responses from a response list and transmission of the response to the sender device." |
| 2D<br>Ex. 3 at A-144<br>Ex. 5 at Aa-159 | 1D-G | Both 2D and 1D-G relate to "clearing of a message and response list and/or stopping the repeating voice message (e.g. ringing) and clearing the response list, such as after selecting a response." |

9

| | | |
|---|---|---|
| 10P (limiting) Ex. 3 at A-144-145 Ex. 5 at Aa-160 | Claim 1 generally | Both 10P and Claim 1 relate to "sending and receiving forced messages; acknowledging and responding to forced messages, and the forced message alert software application." |
| 10A Ex. 3 at A-145-146 Ex. 5 at Aa-161 | 1B-C, 1D-E | Both 10A and 1B-C relate to "electronic transmission of messages." Both 10A and 1D-E relate to "identification and transmission of a forced message alert wherein the forced message alert comprises a voice or text message (*e.g.* a ringing)" and "activation of the forced message alert program activation by a forced message alert application software packet." |
| 10B Ex. 3 at A-146-147 Ex. 5 at Aa-162 | 1F, 1G-H | Both 10B and 1F relate to "a required response list." Both 10B and 1G-H relate to "automatically acknowledging receipt of the forced message alert." |
| 10C Ex. 3 at A-147-148 Ex. 5 at Aa-162-163 | 1A-C, 1I, 1D-G | 10C, 1A-C, and 1I relate to "transmission of a selected response between participants (*e.g.* senders and recipients) in a network." Both 10C and 1D-G relate to "clear of a message and response list and/or stopping the repeating voice message (e.g. ringing) and clearing the response list, such as after selecting a response." |
| 10D and 10E Ex. 3 at A-148-149 Ex. 5 at Aa-163-164 | 1I | 10D, 10E, and 1I all relate to "display of responses received from receiving devices, including notifications regarding the responses." |

Claims 2 and 10-13 of the '970 Patent are therefore invalid under collateral estoppel.

## V. CONCLUSION

Because asserted Claims 8, 9, 20, and 29 of the '055 Patent and Claims 2 and 10-13 of the '970 Patent do not materially differ, as a matter of law, from the claims of those same patents that the PTAB found invalid, summary judgment of invalidity should be granted as to each of those asserted claims based on collateral estoppel.

10

December 23, 2020								Respectfully submitted,


  */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
Email: Mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
Email: Blake@themannfirm.com
**MANN TINDEL THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

***ATTORNEYS FOR DEFENDANT GOOGLE LLC***

███████████████████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on December 23, 2020.

 /s/ J. Mark Mann
J. Mark Mann

## CERTIFICATE OF AUTHORIZATION TO ███████████

I hereby certify that this document is being ███████████ pursuant to the terms of the Protective Order entered in this case because it contains material designated by one of the parties as highly confidential.

 /s/ J. Mark Mann
J. Mark Mann
