RESTRICTED – ATTORNEYS' EYES ONLY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br>  Plaintiff,<br>v.<br>GOOGLE LLC,<br>  Defendant. | § § § § § § § § § § | Case No. 2:19-cv-00361-JRG<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC,<br>  Plaintiff,<br>v.<br>WAZE MOBILE LIMITED,<br>  Defendant. | § § § § § § § § § § § | Case No. 2:19-cv-00359-JRG<br>(CONSOLIDATED CASE)<br><br>**JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC,<br>  Plaintiff,<br>v.<br>SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br>  Defendants. | § § § § § § § § § § § § § § | Case No. 2:19-cv-00362-JRG<br>(CONSOLIDATED CASE)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT FOR LICENSED PRODUCTS AND USERS**

## **TABLE OF CONTENTS**

Page

I. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1
    A. AGIS's Prior Lawsuits And Settlements ................................................................ 1
    B. AGIS's Damages Theories Include Users Of Licensed Devices ........................... 5
II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED ............................................ 6
III. LEGAL STANDARD ........................................................................................................ 6
IV. ARGUMENT ..................................................................................................................... 7
    A. AGIS's Infringement Allegations Against AGIS Licensees' Devices And Users Are Precluded By AGIS's Licenses .............................................................. 7
    B. AGIS's Infringement Allegations Against Apple, HTC, LG, Huawei, and ZTE Devices And Users Are Precluded By Patent Exhaustion ............................. 9
V. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................................. 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................................. 6

*Cyrix Corp. v. Intel Corp.*,
   879 F. Supp. 666 (E.D. Tex. 1995) .......................................................................................... 6

*FireBlok IP Holdings, LLC v. Hilti, Inc.*,
   No. 2:19-cv-23-RWS-RSP, 2020 WL 1899620 (E.D. Tex. Jan. 20, 2020) .............................. 6

*GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*,
   36 A.3d 776 (Del. 2012) .......................................................................................................... 6

*Keurig, Inc. v. Sturm Foods, Inc.*,
   732 F.3d 1370 (Fed. Cir. 2013) ............................................................................................... 9

*North Shore Energy, LLC v. Hawkins*,
   501 S.W. 598 (Tex. 2016) ........................................................................................................ 7

*Oyster Optics, LLC v. Infinera Corp.*,
   No. 2:18-CV-00206-JRG, 2019 WL 2603173 (E.D. Tex. Jun. 25, 2019) ............................... 7

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
   553 U.S. 617 (2008) ................................................................................................................. 9

*TransCore, LP v. Electronic Transaction Consultants Corp.*,
   563 F.3d 1271 (Fed. Cir. 2009) ............................................................................................... 9

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
   103 F.3d 1571 (Fed. Cir. 1997). .............................................................................................. 6

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 6

Defendants Google LLC ("Google") and Waze Mobile Limited ("Waze") move for partial summary judgment of non-infringement for products and users licensed under prior settlement agreements entered into by Plaintiff AGIS Software Development LLC ("AGIS"). In 2019, AGIS settled five patent lawsuits against Apple, HTC, Huawei, ZTE, and LG (collectively, "AGIS Licensees"). ██████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████ But Mr. Ratliff's assertion, even if true, is improper because licensed devices and users cannot infringe (and therefore cannot add to a royalty base) under the unambiguous scope of the settlement agreements and the doctrine of patent exhaustion. Accordingly, the Court should grant partial summary judgment of non-infringement for licensed devices of AGIS Licensees and end users of those devices, and the Court should order that they be excluded from AGIS's damages base.

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. AGIS's Prior Lawsuits And Settlements

1. On June 21, 2017, AGIS filed lawsuits in this Court against the AGIS Licensees (Apple, HTC, LG, Huawei, and ZTE) alleging infringement of AGIS's patents based on the AGIS Licensees' mobile devices running certain software. Exs. 8-12 (Complaints). For HTC, LG,

Huawei, and ZTE, AGIS alleged infringement based on their devices running software supplied to them by Google, including Google Maps and Find My Device.  Exs. 9-12.

- ███████████████████████████████████████
███████████████████████████████

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████████████████

2





█████████████████████████████████████████████████████████████████████

████████████████████████████████

### B. AGIS's Damages Theories Include Users Of Licensed Devices

14. On November 10, AGIS submitted a report from its damages expert, Mr. Ratliff, against each of Google and Waze. Ex. 1 (Ratliff Google Report); Ex. 2 (Ratliff Waze Report).

█ ██████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

████████████████████████████████████

█ ██████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

████████████████████████████████████

5

## II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED

1. Whether devices of Apple, ZTE, Huawei, HTC, and LG, and end users of those devices should be found not infringing and therefore excluded from AGIS's claimed reasonable royalty based on AGIS's prior settlement agreements.

2. Whether devices of Apple, ZTE, Huawei, HTC, and LG, and end users of those devices should be found not infringing and therefore excluded from AGIS's claimed reasonable royalty based on the doctrine of patent exhaustion.

## III. LEGAL STANDARD

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of fact is "genuine" only if evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A patentee is barred from seeking damages for a party's use or sale of a product that the patentee has already licensed. *FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-cv-23-RWS-RSP, 2020 WL 1899620, at *3 (E.D. Tex. Jan. 20, 2020). A defendant must prove a license defense by a preponderance of the evidence. *See Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1576 (Fed. Cir. 1997). Once the defendant has met its burden, summary judgment is appropriate if the patentee is unable to set forth specific facts as to why the license should not apply. *Cyrix Corp. v. Intel Corp.*, 879 F. Supp. 666, 668 (E.D. Tex. 1995) (citations omitted).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Delaware law requires courts to interpret clear and unambiguous terms according to their ordinary meanings. *GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 780 (Del. 2012). ▮▮▮▮

██████████████████████ Under Texas law, a court should "determin[e] the true intent of the parties as expressed by the plain language of the agreement."  *North Shore Energy, LLC v. Hawkins*, 501 S.W. 598, 601 (Tex. 2016).

## IV. ARGUMENT

### A. AGIS's Infringement Allegations Against AGIS Licensees' Devices And Users Are Precluded By AGIS's Licenses

Devices of the AGIS Licensees (Apple, HTC, LG, Huawei, and ZTE) and end users of those devices do not infringe AGIS's patents and should be excluded from any damages because they are licensed under AGIS's settlements.  On similar facts in *Oyster Optics, LLC v. Infinera Corp.*, this Court granted summary judgment as to a defendant's license defense, where "[c]onsidering the [license] contract as a whole and the plain meaning of each term, the Court finds no ambiguity in the Agreement" and that the license covered the plaintiff's patents and defendant's accused products.  No. 2:18-CV-00206-JRG, 2019 WL 2603173, at *6 (E.D. Tex. Jun. 25, 2019).

[redacted]

RESTRICTED – ATTORNEYS' EYES ONLY

Whether Google and Waze benefit from the licenses granted to AGIS Licensees is legally irrelevant in this case. Any such benefit does not change the clear contractual provisions of AGIS's settlements, and, thus, the licensed devices and users cannot infringe. ▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Accordingly, in light of the unambiguous scope of AGIS's settlements and the protections that those settlements provide for devices running third party software, AGIS cannot maintain its allegations against devices of the AGIS Licensees and end users of those devices.

### B. AGIS's Infringement Allegations Against Apple, HTC, LG, Huawei, and ZTE Devices And Users Are Precluded By Patent Exhaustion

Patent exhaustion provides an independent basis to preclude AGIS's allegations against the licensed users of the AGIS Licensees' mobile devices. "[P]atent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). "[W]here a person ha[s] purchased a patented machine of the patentee or his assignee, this purchase carrie[s] with it the right to the use of the machine so long as it [is] capable of use." *Keurig, Inc. v. Sturm Foods, Inc.*, 732 F.3d 1370, 1374 (Fed. Cir. 2013) (citing *Quanta*). In *TransCore, LP v. Electronic Transaction Consultants Corp.*, the Federal Circuit affirmed a Texas court's grant of summary judgment based on patent exhaustion, finding that the relevant settlements included a covenant not to sue provision that authorized sales of the accused products and protected downstream customers of those products. 563 F.3d 1271, 1276-77 (Fed. Cir. 2009). ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆ Thus, AGIS cannot maintain its patent rights and allegations against those devices and include downstream end users who purchased those devices in the damages base.

RESTRICTED – ATTORNEYS' EYES ONLY

## V.  CONCLUSION

Because of AGIS's settlement agreements with Apple, HTC, LG, Huawei, and ZTE, summary judgment of non-infringement should be granted as to all devices and users licensed under those agreements, and those devices and users should be excluded from the damages base.

December 23, 2020                                                      Respectfully submitted,

 /s/ J. Mark Mann
J. Mark Mann
State Bar No. 12926150
Email: Mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
Email: Blake@themannfirm.com
**MANN TINDEL THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

***ATTORNEYS FOR DEFENDANTS GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND WAZE MOBILE LIMITED***

RESTRICTED – ATTORNEYS' EYES ONLY

                              Neil P. Sirota
                              neil.sirota@bakerbotts.com
                              Timothy S. Durst
                              tim.durst@bakerbotts.com
                              Katharine Burke
                              katharine.burke@bakerbotts.com
                              Margaret M. Welsh
                              margaret.welsh@bakerbotts.com
                              **BAKER BOTTS LLP**
                              30 Rockefeller Plaza
                              New York, New York 10112
                              Tel: (212) 408-2500
                              Fax: (212 408-2501

                              ***ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on December 23, 2020.

                                               */s/ J. Mark Mann*
                                               J. Mark Mann

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the terms of the Protective Order entered in this case because it contains material designated by one of the parties as highly confidential.

                                               */s/ J. Mark Mann*
                                               J. Mark Mann