███████████████

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | Case No. 2:19-cv-00361-JRG (LEAD CASE) |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | § § | ████████████ |
| Defendant. | § § § | |
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | Case No. 2:19-cv-00359-JRG (CONSOLIDATED CASE) |
| Plaintiff, | § § | |
| v. | § § § | **JURY TRIAL DEMANDED** |
| WAZE MOBILE LIMITED, | § § | |
| Defendant. | § § § | |
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § § | Case No. 2:19-cv-00362-JRG (CONSOLIDATED CASE) |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| Defendants. | § § § | |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES, NO WILLFUL INFRINGEMENT, AND NO INDIRECT INFRINGEMENT

## TABLE OF CONTENTS

**Page**

I. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 2

    A. AGIS's Allegations Against The Defendants ......................................... 2

    B. AGIS's Pre-Suit Contacts With Defendants ......................................... 3

    C. AGIS's Failure To Comply With The Marking Requirement ............................ 4

    D. AGIS's Lack Of Evidence Of Acts Of Inducement .................................. 5

    E. AGIS's Lack Of Evidence Of No Substantial Non-Infringing Uses ................... 6

II. STATEMENT OF DISPUTED ISSUES TO BE DECIDED ........................................ 6

III. LEGAL STANDARD ......................................................................... 7

IV. ARGUMENT ............................................................................... 8

    A. AGIS Is Not Entitled To Pre-Suit Damages ......................................... 8

    B. AGIS Is Not Entitled To A Finding Of Willful Infringement ........................ 11

    C. AGIS Cannot Prove Indirect Infringement ......................................... 12

        1. AGIS Cannot Identify Acts Inducing Infringement ............................ 13

        2. AGIS Cannot Show No Substantial Non-Infringing Uses To Support Contributory Infringement ......................................... 13

V. CONCLUSION ............................................................................. 14

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ................................................................. 8, 11

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)................................................................................ 7

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ........................................................... 8, 10

*Barry v. Medtronic, Inc.*,
  914 F.3d 1310 (Fed. Cir. 2019) ............................................................. 13

*Byers v. Dallas Morning News, Inc.*,
  209 F.3d 419 (5th Cir. 2000) ................................................................. 7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)................................................................................ 7

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)........................................................................... 12

*Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*,
  424 F.3d 1293 (Fed. Cir. 2005) ............................................................. 13

*Devices for Medicine, Inc. v. Boehl*,
  822 F.2d 1062 (Fed. Cir. 1987) ............................................................. 9

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
  No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019) ....... 11

*Little v. Liquid Air Corp.*,
  37 F.3d 1069 (5th Cir. 1994) ................................................................. 7

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ............................................................. 12

*Maxwell v. J. Baker, Inc.*,
  86 F.3d 1098 (Fed. Cir. 1996) ............................................................... 8

*Moayedi v. Compaq Computer Corp.*,
  98 F. Appx. 335 (5th Cir. 2004) ............................................................ 7

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
  No. 2:16-CV-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) .............. 11

**████████████████**

**cont.**

**Page**

*Semcon IP Inc. v. Huawei Device USA Inc.*,
   No. 2:16-cv-00437-JRG-RSP, 2017 WL 6343771 (E.D. Tex. Dec. 12, 2017) ....................... 10

*Soverain Software LLC v. Amazon.com, Inc.*,
   383 F. Supp. 2d 904 (E.D. Tex. 2005) ................................................................................ 8, 11

*U.S. v. Lawrence*,
   276 F.3d 193 (5th Cir. 2001) ............................................................................................... 8, 12

*Weatherford Technology Holdings, LLC v. Tesco Corp.*,
   2:17-CV-456-JRG, 2018 WL 6787356 (E.D. Tex. Nov. 14, 2018) .......................................... 8

**Rules**

Fed. R. Civ. P. 56(a) ...................................................................................................................... 7

███████████████████████

Defendants Google LLC ("Google"), Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. ("Samsung"), and Waze Mobile Ltd. ("Waze") move for partial summary judgment of Plaintiff AGIS Software Development LLC's ("AGIS") claims for pre-suit damages, willful infringement, and indirect infringement.

To recover pre-suit damages under 35 U.S.C. § 287, a plaintiff bears the burden of demonstrating its compliance with the statute's marking requirement or that it provided pre-suit notice of infringement of the asserted patents to the Defendants.  Here, AGIS contends that its own LifeRing product practices at least one claim of each asserted patents, subjecting LifeRing to § 287's marking requirement.   But AGIS produced no evidence during fact discovery to demonstrate that it marked LifeRing before filing the present lawsuits in November 2019.  ████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████

AGIS did not otherwise comply with § 287 by providing pre-suit notice of the infringement to the Defendants.  ████████████████████████████████████████

████████████████████████████████   For Google, AGIS contends only that Google had pre-suit knowledge of *some* of the asserted patents based on Google's receipt of subpoenas and filing of IPRs in connection with lawsuits that AGIS filed against *other* parties. There is no evidence, and AGIS has produced none, that AGIS gave pre-suit notice of infringement to Google or that Google formed a belief as to whether it infringed AGIS's patents.

AGIS's failure to provide pre-suit notice of infringement also dooms its claims of willful, induced, and contributory infringement.  All those claims have a similar knowledge requirement,

1

under which a defendant must know of the asserted patent and, further, that its actions would result in infringement.  And the absence of any notice necessarily precludes the required knowledge. Additionally, AGIS has produced no evidence to satisfy the other elements of induced and contributory infringement.  For inducement, neither AGIS nor its expert have produced any evidence of specific acts by any Defendant to encourage users of the accused products to directly infringe AGIS's patents.  And for contributory infringement, as AGIS's experts concede, the accused products have dozens of non-infringing features and uses.

I.    STATEMENT OF UNDISPUTED MATERIAL FACTS

    A.    AGIS's Allegations Against The Defendants

    1.    AGIS filed the present actions against the Defendants on November 4, 2019.

    2.    In the case against Google, AGIS asserts six patents (hereinafter "Patents-in-Suit"), summarized in the table below.  Dkt. 1 (Google Case) at ¶1.  AGIS alleges that Google infringes based on its software products Google Maps and Find My Device and on its mobile devices that run those software products.  *Id*. at ¶86-87.

| Patent | Filing Date | Issue Date |
|---|---|---|
| U.S. 8,213,970 ("'970 Patent") | November 26, 2008 | July 3, 2012 |
| U.S. 9,467,838 ("'838 Patent") | October 31, 2014 | October 11, 2016 |
| U.S. 9,408,055 ("'055 Patent") | April 24, 2015 | August 2, 2016 |
| U.S. 9,445,251 ("'251 Patent") | February 27, 2015 | September 13, 2016 |
| U.S. 9,749,829 ("'829 Patent") | February 27, 2015 | August 29, 2017 |
| U.S. 9,820,123 ("'123 Patent") | September 1, 2016 | November 14, 2017 |

    3.    In the case against Samsung, AGIS asserts two patents, the '829 and '123 Patents. Dkt. 1 (Samsung Case) at ¶1.  AGIS alleges that Samsung infringes because its mobile devices run Google Maps, Find My Device, and a Samsung application called Find My Mobile.  *Id*. at ¶15-16.

    4.    In the case against Waze, AGIS asserts the '829 and '123 Patents based on Waze's software product, also called Waze.  Dkt. 1 (Waze Case) at ¶1, 13.

5.     At the outset of the case, AGIS asserted at least one apparatus claim of each Patent-in-Suit against each Defendant.  Ex. 1 at 2; Ex. 2 at 2; Ex. 3 at 2.  AGIS has since reduced its asserted claims, but it continues to assert at least one apparatus claim of each patent against each Defendant, except for the '838 Patent, where only method claims are now asserted.  Exs. 4-6.

**B.     AGIS's Pre-Suit Contacts With Defendants**

11.     On June 21, 2017, AGIS filed lawsuits against other parties, Apple, HTC, LG, Huawei, and ZTE in this District, asserting the same Patents-in-Suit as in this action, except for the '123 Patent, and its allegations implicated the same Google software at issue in this case,

Google Maps and Find My Device.  *See* Case Nos. 2:17-CV-513, -514, -515, -516, -517 (E.D. Tex.); *e.g.*, Ex. 26 (LG Complaint).

12.    As part of the prior lawsuits, AGIS served subpoenas on Google on August 23, 2018.  *E.g.*, Ex. 17.

13.    Starting on May 15, 2018, Google filed petitions for *inter partes* review (IPR) against the '970, '055, '251, and '838 Patents asserted against LG, Huawei, HTC, and ZTE.  *See* IPR2018-1079 to 1088, IPR2019-403.

### C.    AGIS's Failure To Comply With The Marking Requirement



16.    Since receiving licenses from AGIS, the licensees continue to sell the products that AGIS accused of infringement.  For example, Apple continues to sell iPhones running the Apple Maps and Find My iPhone/Friends software that AGIS accused of infringement.  Exs. 20-21; Ex.

25 (Apple Complaint).[1]  LG continues to sell the accused V40 and V50 smartphones with the Google software that AGIS accused of infringing; Exs. 22-23; Ex. 26 (LG Complaint).

17.     AGIS asserts that it developed a product called LifeRing that practices at least one claim of each Patent-in-Suit.  Ex. 1 at 7.  AGIS has been selling versions of LifeRing continuously since 2004 through to the present day.  Ex. 12 at 9-17.

18.     AGIS contends that it complied with the marking requirement for LifeRing by identifying patents covering LifeRing on a webpage, https://www.agisinc.com/about/patents/.  Ex. 12 at 38-39.  But AGIS has not identified when that webpage started, including in the testimony of its corporate witness on marking topics.  Ex. 27 at 9-10; Ex. 19 at 282:13-19, 283:17-284:1.

### D.     AGIS's Lack Of Evidence Of Acts Of Inducement

19.     AGIS has not identified any acts by Defendants to induce or encourage end users of the products to directly infringe any asserted claims.  Ex. 12 (Google) at 18-21; Ex. 13 (Samsung) at 18-19; Ex. 14 (Waze) at 18-19.

20.     In opining on induced infringement in their expert reports, AGIS's technical experts, Mr. Joseph McAlexander and Dr. Omid Kia, provide only vague, citation-less references to each Defendant providing "marketing and promotional materials" through websites, "User Manuals and help pages," or "tutorials" and "YouTube videos" relating to the accused software products.  *E.g.*, Ex. 28 (Google for '123 Patent) at ¶15; Ex. 29 (Samsung for '123 Patent) at ¶15; Ex. 30 (Waze for '123 Patent) at ¶9.  AGIS's experts, however, do not identify documents, testimony, or other evidence to support their assertions, nor do they identify a single instance of a Defendant actually encouraging a user to use the accused products in an infringing manner.  *Id.*

---

[1] In June 2019, Apple released a new application, "Find My," that merged the features of the "Find My iPhone" and "Find My Friends" applications together into a single application.  Ex. 24.

### E.     AGIS's Lack Of Evidence Of No Substantial Non-Infringing Uses

21.     In opining on contributory infringement in their expert reports, Mr. McAlexander and Dr. Kia each provided only a one, citation-less sentence assertion that the accused products have "no substantial non-infringing use."  *E.g.*, Ex. 28 (Google for '123 Patent) at ¶16; Ex. 29 (Samsung for '123 Patent) at ¶16; Ex. 30 (Waze for '123 Patent) at ¶10.

22.     At their depositions, Mr. McAlexander and Dr. Kia agreed with Defendants' expert Dr. Andrew Wolfe's opinions that the accused software applications, Google Maps, Find My Device, Find My Mobile, and Waze, have many features and uses beyond what AGIS has accused of infringement.  Ex. 31 at ¶807, 812, 824, 828; Ex. 32 at 164:13-165:10; Ex. 33 at 128:20-130:23, 135:2-138:6, 138:8-142:7.  For example, while both of AGIS's experts contend that the location sharing features of Google Maps and Waze infringe, both experts also agreed with Dr. Wolfe that Google Maps and Waze each has over a dozen other features and uses.  Ex. 32 at 164:13-165:10; Ex. 33 at 135:2-138:6, 138:8-142:7.

## II.     STATEMENT OF DISPUTED ISSUES TO BE DECIDED

1.     Whether AGIS has failed to meet its burden of showing its compliance with the marking and notice requirements of § 287 and therefore cannot claim pre-suit damages.

2.     Whether AGIS is entitled to claim against Google:

      a.   Willful infringement and indirect infringement of any of the Patents-in-Suit, when Google had no pre-suit knowledge of infringement of the Patents-in-Suit;

      b.   Willful infringement and indirect infringement of the '829 and '123 Patents when Google had no pre-suit knowledge of those patents;

3.     Whether AGIS is entitled to claim against Samsung willful and indirect infringement of the '829 and '123 Patents when Samsung had no pre-suit knowledge of those patents;

4.      Whether AGIS is entitled to claim against Waze willful and indirect infringement of the '829 and '123 Patents when Waze had no pre-suit knowledge of those patents;

5.      Whether AGIS can claim induced infringement when there is no evidence that any Defendant has committed acts inducing end users of the accused products to directly infringe.

6.      Whether AGIS can claim contributory infringement when Defendants' accused products have substantial non-infringing uses.

## III.     LEGAL STANDARD

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of fact is "genuine" only if evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Where the nonmovant bears the burden of proof, the movant may discharge its burden on summary judgment by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424. The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. Appx. 335, 338 (5th Cir. 2004). Rather, the court requires "significant

probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant.  *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

## IV.    ARGUMENT

### A.    AGIS Is Not Entitled To Pre-Suit Damages

A party "is entitled to damages from the time when it either began marking its products in compliance with section 287(a) or when it actually notified [the infringer] of its infringement, whichever is earlier."  *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993).  AGIS is not entitled to claim pre-suit damages against any Defendant because it has not satisfied either of § 287's conditions of complying with the statute's marking requirement or providing pre-suit notice of infringement to any Defendant.

The marking requirement applies to the patentee's own products that practice an asserted patent as well as to products of licensees made or sold under a license to the asserted patent. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996); *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 908-09 (E.D. Tex. 2005).  The requirement applies to any patent for which the patentee has asserted or is asserting at least one apparatus claim.  *Am. Med.*, 6 F.3d at 1438-39; *Weatherford Technology Holdings, LLC v. Tesco Corp.*, 2:17-CV-456-JRG, 2018 WL 6787356, at *1 (E.D. Tex. Nov. 14, 2018) (granting summary judgment as to marking and holding that "once apparatus and method claims are asserted, as is the case here, the requirements of the marking statute are triggered . . . even where, as here, the apparatus claims are later dropped"). The patentee bears the burden of proving its compliance with the marking requirement.  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

The marking obligation applies in this case because AGIS has asserted or is asserting at least one apparatus claim of each Patent-in-Suit, and there are two groups of products that AGIS itself has identified as practicing claims of the Patents-in-Suit:  (1) AGIS's own LifeRing product

8

███████████████████████

that AGIS has been offering for sale from 2004 to the present day (Ex. 1 at 7; Ex. 12 at 9-17; and

(2) products of AGIS's five licensees (Apple, HTC, Huawei, LG, ZTE) that AGIS had accused of

infringement before entering into settlement licenses ███████████████  AGIS has not and

cannot meet its burden of showing compliance with § 287 for either group of products.

AGIS's only evidence of marking LifeRing is a webpage, https://www.agisinc.com/about/

patents/.  But AGIS has refused to disclose the date when that webpage was created, despite

repeated requests from Defendants in interrogatories and correspondences specifically asking for

that date.  Ex. 27 at 9-10 (Interrogatory No. 16 and responses thereto); Exs. 15-16.  And AGIS's

corporate witness on marking topics, Mr. Beyer, did not know when the webpage started.  Ex. 19

at 282:13-19, 283:17-284:1.  AGIS has thus failed to meet its burden of showing that it began

marking its webpage before it filed the Complaint on November 4, 2019.

Nor can AGIS meet its burden of showing its compliance with § 287 for the second group

of products.  For a patentee to comply with the marking statute with respect to licensee's products,

a patentee must include provisions in the relevant license agreement requiring the licensee to mark

its products that practice the licensed patents.  *E.g., Devices for Medicine, Inc. v. Boehl*, 822 F.2d

1062, 1066 (Fed. Cir. 1987). ████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████

In its discovery responses, AGIS has suggested that the licensed products are not subject

to the marking requirement because its licensees denied that their products practiced the patents in

their prior litigations against AGIS.  Ex. 12 at 38-42.  But that misapprehends the law and burdens

of proof.  The Federal Circuit in *Arctic Cat* established that a defendant need only meet an initial

██████████████████████

burden of production of identifying products subject to the marking requirement.  876 F.3d at 1368-69.  If the defendant meets this initial "low" bar, it is then patentee's burden to prove that the identified products were either marked or ***do not*** practice the patented invention.  *Id.*  Following *Arctic Cat*, this District found a defendant met their burden of production as to marking by identifying products that the plaintiff had previously accused and then licensed.  *E.g.*, *Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-00437-JRG-RSP, 2017 WL 6343771, at *3 (E.D. Tex. Dec. 12, 2017).  Thus, the mere fact that the licensees denied that their products infringed does not remove those products from the marking requirement.  Instead, to remove those products from the marking requirement, AGIS would have to prove that the licensed products it once accused of infringing "do not fall within the patent claims."  *Arctic Cat*, 876 F.3d at 1369.  AGIS has not made that showing.  None of its experts provided any opinions suggesting that the licensed products do not practice the Patents-in-Suit.  To the contrary, Mr. Beyer, AGIS corporate witness on marking, reiterated AGIS's position that the once-accused and now-licensed products of Apple, HTC, ZTE, Huawei, and LG still infringe.  Ex. 19 at 242:17-20, 244:5-16.  Notably, AGIS's allegations against HTC, ZTE, Huawei, and LG were premised on the same Google software accused in the present cases against Google and Samsung.  *E.g.*, Ex. 26 (LG Complaint).

AGIS also cannot satisfy § 287's other prong for recovering pre-suit damages:  providing "proof that the infringer was notified of the infringement." ████████████████

████████████████████████████████

████████████████████████████████

██████████████████

████████████████████████

████████████████████████████████

█████████████████████████

████████████████████████████   The Federal Circuit and

this District have held that "informational" letters that merely communicate "notice of the patent's

existence" without more, do not satisfy § 287's requirement of providing notice of infringement.

*E.g.*, *Amsted Indus. Inc. v. Buckeye Steel Casting Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994); *Maxell,

Ltd v. Apple Inc.*, No. 5:19-cv-36-RWS, Dkt. 594 at 24-27 (E.D. Tex. Dec. 2, 2020).  Here, AGIS's

two communications fall short of even providing notice of the patents.

AGIS also identified lawsuits that it filed in June 2017 against *other* parties (Apple, HTC,

ZTE, Huawei, and LG), and IPRs that Google filed against the '251, '838, '055, and '970 Patents,

or subpoenas that Google received in 2018 in connection with those lawsuits.  But § 287 requires

that "the patentee affirmatively communicate[] to the alleged infringer a specific charge of

infringement by a specific accused product or device[;] . . . [t]he notice must be of the alleged

infringement, not merely notice of the patent's ownership or existence." *Soverain*, 383 F. Supp.

2d at 908.  The "notice of infringement must . . . come from the patentee," not another party.  *Am.

Med.*, 6 F.3d at 1537 n. 18.  None of the activities AGIS identifies from 2017-18 constitutes a

charge of infringement communicated from AGIS to Google.  Accordingly, there is no evidence

to support AGIS's compliance with § 287 and AGIS is not entitled to claim any pre-suit damages.

## B.       AGIS Is Not Entitled To A Finding Of Willful Infringement

The lack of pre-suit notice or knowledge of infringement for pre-suit damages also

precludes AGIS's willful infringement claim.  Willful infringement requires that a defendant's

infringement be "intentional or knowing." *Plano Encryption Techs., LLC v. Alkami Tech., Inc*.,

No. 2:16-CV-1032-JRG, 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017).  At a minimum,

"[t]o have a finding of willful infringement, a patent must exist, and the infringing party must have

knowledge of the patent." *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-

00662-JRG-RSP, 2019 WL 1987172, at *1 (E.D. Tex. Apr. 12, 2019) (citing cases).

11

██████████████████████

Here, AGIS is not entitled to a finding of willful infringement against Samsung and Waze

████████████████████████████████████████

█████████████████████████████ For Google, as discussed,

AGIS never communicated any charge of infringement before it filed its Complaint on November

4, 2019.  And AGIS has not disclosed or produced in discovery any evidence to suggest that

Google actually acquired the knowledge necessary to support a willful infringement claim.  *See*

*Lawrence*, 276 F.3d at 197 (a nonmovant must produce "significant probative evidence" to dismiss

a request for summary judgment supported by the movant).

### C.    AGIS Cannot Prove Indirect Infringement

The lack of pre-suit notice or knowledge of infringement also supports summary judgment

of no induced or contributory infringement.   Both forms of indirect infringement include a

knowledge element similar to willfulness.  "[L]iability for induced infringement can only attach if

the defendant knew of the patent and knew as well that 'the induced acts constitute patent

infringement.'"  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quotations

omitted).  Contributory infringement requires the defendant to have knowledge that its product or

component is "especially made or especially adapted for use in an infringement" of an asserted

patent.  *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).

As discussed, ████████████████████████████████████

████████████████████████████████████████

For Google, AGIS never provided notice of any charge of infringement before it filed its Complaint

on November 4, 2019.  And AGIS has produced no evidence through discovery to suggest that

Google knew that its actions or products would cause infringement.  *See Lawrence*, 276 F.3d at

197 (a nonmovant must produce "significant probative evidence" to dismiss a request for summary

judgment supported by the movant).

Further, as detailed below, AGIS's indirect infringement claims fail for the independent reason that AGIS has not identified any evidence to support the other elements of those claims.

### 1.    AGIS Cannot Identify Acts Inducing Infringement

A finding of induced infringement requires "[e]vidence of active steps taken [by the defendant] to encourage direct infringement" by others, such as "advertising an infringing use," "instructing how to engage in an infringing use," and assisting in performing an infringing use. *Barry v. Medtronic, Inc*., 914 F.3d 1310, 1334 (Fed. Cir. 2019) (citations and quotations omitted). AGIS has proffered no evidence to satisfy these required elements.  In response to Defendants' interrogatory seeking the basis for AGIS's inducement claims, AGIS did not identify any acts of inducement.  Ex. 12 (Google) at 18-21; Ex. 13 (Samsung) at 18-19; Ex. 14 (Waze) at 18-19.  Its expert reports on infringement, meanwhile, offer nothing more than vague, citation-less references to "marketing and promotional materials" through websites, "User Manuals and help pages," or "tutorials" and "YouTube videos" relating to the accused software products. *E.g.*, Ex. 28 (Google for '123 Patent) at ¶15; Ex. 29 (Samsung for '123 Patent) at ¶15; Ex. 30 (Waze for '123 Patent) at ¶9.  But AGIS's experts do not identify any examples of such documents, webpages, or videos to support their threadbare assertions.  The experts in their depositions also could not identify any specific documents from Defendants instructing or encouraging users on how to employ the accused products in an infringing manner.  Ex. 32 at 124:7-127:5, 296:12-302:7; Ex. 33 at 178:12-180:16.  In light of AGIS's complete lack of evidence to support its inducement claim, summary judgment should be granted as to that claim for each Defendant.

### 2.    AGIS Cannot Show No Substantial Non-Infringing Uses To Support Contributory Infringement

To prevail on a claim of contributory infringement, a plaintiff must prove that the accused products or components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v.*

*Medtronic Sofamore Danek, Inc*., 424 F.3d 1293, 1312 (Fed. Cir. 2005).  AGIS has not put forward any evidence to show "no substantial non-infringing uses."  In response to an interrogatory seeking the basis for AGIS's contributory infringement claims, AGIS did not address substantial non-infringing uses.  Ex. 12 (Google) at 18-21; Ex. 13 (Samsung) at 18-19; Ex. 14 (Waze) at 18-19. Its expert reports on infringement provide only a conclusory, one-sentence assertion that the accused products collectively have "no substantial non-infringing uses," with no citation to any supporting evidence or any opinion specific to any product.  *E.g.*, Ex. 28 (Google for '123 Patent) at ¶16; Ex. 29 (Samsung for '123 Patent) at ¶16; Ex. 30 (Waze for '123 Patent) at ¶10.

Again, the vague statements in AGIS's expert reports attempted to conceal contrary evidence that was revealed during their depositions.  Defendants' expert Dr. Wolfe opined that each of the accused software products — Google Maps, Find My Device, Find My Mobile, and Waze — has many uses beyond those accused of infringing.  Ex. 31 at ¶807, 812, 824, 828.  For example, beyond the accused location sharing feature for Google Maps, Google Maps has over twenty other features and uses.  *Id.* at ¶812.  Similarly, Waze has about a dozen other features and uses beyond the accused location sharing feature.  *Id*. at ¶828.  In their depositions, AGIS's experts Mr. McAlexander and Dr. Kia agreed with Dr. Wolfe's opinions that the accused software products have many non-infringing features and uses.  Ex. 32 at 164:13-165:10; Ex. 33 at 128:20-130:23, 135:2-138:6, 138:8-142:7.  Summary judgment should thus be granted as to AGIS's contributory infringement claim for each Defendant.

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment that:

1) AGIS has failed to meet its burden of showing its compliance with the marking and notice requirements of § 287 and therefore cannot claim pre-suit damages.

2) As to Google, AGIS cannot claim:  (a) willful infringement of any of the Patents-in-Suit, when Google had no pre-suit knowledge of infringement, or alternatively, willful infringement of the '829 and '123 Patents of which Google had no pre-suit knowledge; (b) induced or contributory infringement of any of the Patents-in-Suit, when Google had no pre-suit knowledge of infringement, or alternatively, no induced or contributory infringement of the '829 and '123 Patents of which Google had no pre-suit knowledge.

3) As to Samsung, AGIS cannot claim willful, induced, or contributory infringement of the '829 and '123 Patents because Samsung had no pre-suit knowledge of those patents.

4) As to Waze, AGIS cannot claim willful, induced, or contributory infringement of the '829 and '123 Patents because Samsung had no pre-suit knowledge of those patents.

5) AGIS cannot claim induced infringement because there is no evidence that any Defendant has committed acts inducing end users of the accused products to directly infringe.

6) AGIS cannot claim contributory infringement because Defendants' accused products have substantial non-infringing uses.

December 23, 2020                                  Respectfully submitted,


                                                   */s/ J. Mark Mann*
                                                   J. Mark Mann
                                                   State Bar No. 12926150
                                                   Email: Mark@themannfirm.com
                                                   G. Blake Thompson
                                                   State Bar No. 24042033
                                                   Email: Blake@themannfirm.com
                                                   **MANN TINDEL THOMPSON**
                                                   300 West Main Street
                                                   Henderson, Texas 75652
                                                   Telephone: (903) 657-8540
                                                   Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

***ATTORNEYS FOR DEFENDANTS
GOOGLE LLC, SAMSUNG
ELECTRONICS CO., LTD., SAMSUNG
ELECTRONICS AMERICA, INC., AND
WAZE MOBILE LIMITED***

Neil P. Sirota
neil.sirota@bakerbotts.com
Timothy S. Durst
tim.durst@bakerbotts.com
Katharine Burke
katharine.burke@bakerbotts.com
Margaret M. Welsh
margaret.welsh@bakerbotts.com
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 408-2500
Fax: (212 408-2501

***ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.
AND SAMSUNG ELECTRONICS
AMERICA, INC.***

███████████████████████

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who

have consented to electronic service on December 23, 2020.

> */s/ J. Mark Mann*
> J. Mark Mann


## <u>CERTIFICATE OF AUTHORIZATION TO</u> ███████████████

I hereby certify that this document is being ████████████ pursuant to the terms of the

Protective Order entered in this case because it contains material designated by one of the parties

as highly confidential.

> */s/ J. Mark Mann*
> J. Mark Mann

17