# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>   Defendant. | § § § § § § § § § § | Case No. 2:19-cv-00361-JRG<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>WAZE MOBILE LIMITED,<br><br>   Defendant. | § § § § § § § § § § § | Case No. 2:19-cv-00359-JRG<br>(CONSOLIDATED CASE)<br><br>**JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>   Defendants. | § § § § § § § § § § § § § § | Case No. 2:19-cv-00362-JRG<br>(CONSOLIDATED CASE)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
NO DIRECT INFRINGEMENT BY DEFENDANTS**

## TABLE OF CONTENTS

    **Page**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .................................. 2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 2

    A. AGIS's Only Theory Of Direct Infringement For Method Claims Is Testing................................................................................................................... 3

    B. Find My Device Is Not Preinstalled ▮▮▮▮▮▮▮▮▮▮ ......................... 5

    C. Waze Does Not Make Or Sell Any Mobile Devices ............................................ 6

    D. The Accused Software Products ▮▮▮▮▮▮▮▮▮▮ ........................... 6

IV. LEGAL STANDARDS .................................................................................................... 7

V. ARGUMENT .................................................................................................................... 7

    A. The Defendants Do Not Directly Infringe Any Asserted Method Claims.............. 7

        1. Google Does Not Directly Infringe By Testing.......................................... 8

        2. Samsung Does Not Directly Infringe By Testing ...................................... 9

        3. Waze Does Not Directly Infringe By Testing............................................ 9

    B. No Direct Infringement Of The '970, '055, '251, And '123 Patent Apparatus Claims By Find My Device ................................................................... 9

    C. Waze Does Not Directly Infringe Any Apparatus Claims.................................. 12

    D. Samsung Does Not Directly Infringe Claim 34 Of The '829 Patent .................... 12

VI. CONCLUSION................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*,
   555 F.3d 984 (Fed. Cir. 2009) ............................................................................................... 11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................................ 7

*Centillion Data Sys. LLC v. Qwest Commc'ns Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011) ................................................................................... 11, 12, 13

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014) ................................................................................................................ 7

*Mirror Worlds, LLC v. Apple, Inc.*,
   784 F. Supp. 2d 703 (E.D. Tex. 2011), *aff'd*, 692 F.3d 1351 (Fed. Cir. 2012) ........................ 8

*Nazomi Commc'ns, Inc. v. Nokia Corp.*,
   739 F.3d 1339 (Fed. Cir. 2014) ..................................................................................... 9, 10, 11

*Vocalife LLC v. Amazon.com, Inc.*,
   No. 2:19-CV-00123-JRG, 2020 WL 5815950 (E.D. Tex. Sept. 30, 2020) .............................. 7

**RULES**

Fed. R. Civ. P. 56(a) ........................................................................................................................ 7

I.      **INTRODUCTION**

AGIS asserts a scattershot array of direct and indirect infringement theories against Defendant Google LLC ("Google"), Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), and Defendant Waze Mobile Limited ("Waze") (collectively, "Defendants").[1]  In an effort to narrow the case for the trial, Defendants move for summary judgment on four of AGIS's direct infringement theories.

First, AGIS contends that the asserted method claims are directly infringed in two ways—testing by the Defendants and use by end users.  But AGIS provides no evidence of the first way.  Instead, AGIS rests on boilerplate assertions and does not even attempt to map evidence of alleged testing to any claim.  Defendants therefore respectfully request a finding that they do not directly infringe the asserted method claims by performing internal testing.

Second, AGIS asserts infringement of apparatus claims against Google and Samsung, alleging that the Find My Device application infringes.  But the Accused Google and Samsung Devices are not made or sold with the accused Find My Device application.  Instead, the Find My Device application is installed by a user, if they choose to do so, after purchasing an Accused Device.  Thus, the Accused Devices do not have the accused functionality until users decide to modify them by downloading the Find My Device application.  For this reason, the manufacture and/or sale of Accused Devices does not directly infringe the asserted apparatus claims.

Third, AGIS asserts apparatus claims, which recite "device[s]," against Waze despite the fact that Waze does not make or use any accused devices.  Waze respectfully requests summary judgment of no infringement of the asserted apparatus claims.

---

[1] The Asserted Patents are U.S. Patent Nos. 8,213,970 ("'970 Patent"), 9,408,055 ("'055 Patent"), 9,445,251 ("'251 Patent"), 9,467,838 ("'838 Patent"), 9,749,829 ("'829 Patent"), and 9,820,123 ("'123 Patent").

Fourth, AGIS asserts that Samsung infringes Claim 34 of the '829 Patent—the only asserted independent apparatus claim of that patent—which recites a "server device[]." ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. AGIS's claim of direct infringement by Samsung of this server claim thus fails, and Samsung respectfully requests summary judgment.

## II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether Defendants are entitled to summary judgment that they do not directly infringe any asserted method claims because AGIS has no evidence of its theory that Defendants directly infringe by testing.

2. Whether Google and Samsung are entitled to summary judgment of no direct infringement of the apparatus claims of the '970, '251, '829, '055, and '123 Patents by Find My Device because it is not preinstalled on any of the accused devices.

3. Whether Waze is entitled to summary judgment of no direct infringement of apparatus claims because it does not make, sell, or use any device.

4. Whether Samsung is entitled to summary judgment of no direct infringement of Claim 34 of the '829 Patent ████████████████████████████████████████████████████████████████████████████████████████.

## III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. AGIS asserts claims against the Defendants and products as shown below:[2]

|  | Accused Software Applications | Asserted Method Claims | Asserted Apparatus Claims |
|---|---|---|---|
|  | Find My Device | '970 cls. 10, 11, 12, 13<br>'055 cls. 8, 9, 20 | '970 cl. 2<br>'055 cl. 29 |

---

[2] This shows only the claims and products that AGIS mapped in its infringement expert reports.

| Accused Google Products | | '838 cls. 1, 5, 10, 19, 27, 38, 40<br>'829 cls. 8, 20, 27, 41, 60 | '251 cls. 24, 29, 35<br>'829 cl. 34 |
|---|---|---|---|
| | Google Maps | '055 cls. 8, 9, 20<br>'838 cls. 1, 5, 10, 19, 27, 38, 40<br>'829 cls. 8, 20, 27, 41, 60<br>'123 cls. 16, 17, 22 | '055 cl. 29<br>'251 cls. 24, 29, 35<br>'829 cl. 34<br>'123 cls. 37, 41 |
| Accused Waze Products | Waze, Waze Carpool | '829 cls. 1, 4, 16, 20, 24, 27, 32, 38, 41, 45, 50, 60, 67<br>'123 cls. 1, 7, 10, 12, 15, 16, 17, 18, 46, 48 | '829 cl. 34<br>'123 cls. 34, 36, 37, 41 |
| Accused Samsung Products | Find My Device | '829 cls. 1, 8, 14, 16, 20, 24, 27, 32, 41, 45, 50, 60, 67 | '829 cl. 34 |
| | Google Maps | '829 cls. 1, 8, 14, 16, 20, 24, 27, 32, 41, 45, 50, 60, 67<br>'123 cls. 1, 7, 8, 10, 15, 16, 17, 18, 21, 45, 48 | '829 cl. 34<br>'123 cls. 36, 37, 41 |
| | Find My Mobile | '829 cls. 1, 8, 14, 16, 20, 24, 27, 32, 41, 45, 50, 60, 67 | '829 cl. 34 |

A. **AGIS's Only Theory Of Direct Infringement For Method Claims Is Testing**

2. For the asserted method claims, AGIS and Mr. McAlexander rely on use of the accused products to claim infringement.

3. Mr. McAlexander opines that "for the method claims, Google imports, makes, and/or sells products that, *when used in operation*, practice all of the elements of that claim." Ex. 1 ¶ 149 (emphasis added).

4. Specifically, to assert direct infringement by Google, Mr. McAlexander contends that "Google directly infringes by testing the Google Accused Products." *Id.*; *see also* Ex. 3 at B-a1, Ex. 7 at F-a1.

5. Mr. McAlexander does not cite evidence of any purported "testing" to meet every limitation of any claim. For example, for the method claims of the '838, '829, and '123 Patents, which all recite a "group," the parties agreed that this should be construed as "more than two participants associated together" and the Court adopted this construction. Dkt. No. 147 at 11. Mr. McAlexander contends that "direct infringement by Google (via testing) [] occurs when

3

three or more devices are associated." Ex. 1 ¶ 154.  But he cites no evidence of testing with three or more devices associated in any Google testing.  *Id.*

      6.    Mr. McAlexander's only identification of evidence allegedly related to testing is a footnote that states, "The following documents describe testing of the representative accused products" and lists a number of documents.  *See, e.g.*, Ex. 3 at B-4 n.2.  He does not contend that the alleged testing described in the documents actually practices any of the claims.  *Id.*  Nor does he map any of the evidence to any element of any asserted claim.  *See, e.g.*, Ex. 3 *generally*.

      7.    All of the claims asserted against Samsung recite a "group."  *See* '829 and '123 Patents; *see also* Ex. 8 ¶ 261.  AGIS's expert, Dr. Kia, contends that "for the method claims, direct infringement by Samsung (via testing) [] occurs when three or more devices are associated."  *Id.* ¶ 261.  He cites no evidence of testing of the accused functionality by Samsung with three or more devices associated.  *Id.*  Instead, Dr. Kia cites two documents he alleges "describe testing of the representative accused products."  Ex. 9 at A-7 n.2; Ex. 10 at B-7 n.2.  He does not contend that the alleged testing described in the documents actually practices any of the claims, or that the alleged testing occurred in the United States.  Nor does he map any of the evidence to any element of any asserted claim.  *See, e.g.*, Exs. 9, 10, *generally*.

      8.    All of the claims asserted against Waze recite a "group."  *See* '829 and '123 Patents; *see also* Ex. 11 ¶ 111.  To assert direct infringement of method claims by Waze, AGIS and AGIS's expert, Mr. McAlexander, contend that "for the method claims, direct infringement by Waze (via testing) and its end users (during operation) occurs when three or more devices are associated."  Ex. 11 ¶ 111.  Mr. McAlexander cites no evidence of testing with three or more devices associated.  *Id.*  And his report cites no evidence of testing by Waze.  *See* Exs. 12, 13 *generally*.

4

**B.**     **Find My Device Is Not Preinstalled And Is Provided By Google**

9. Find My Device is a software tool ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Brunsman Decl. ¶ 2.

10. The client-side of Find My Device is the application that a user interacts with to view an account-linked device's location and to select and create a remote instruction to be transmitted to that device. Brunsman Decl. ¶ 4.

11. To claim infringement, AGIS and its experts, Mr. McAlexander and Dr. Kia, rely on client-side functionality of the Find My Device application. *See, e.g.*, Ex. 16; Ex. 17; Ex. 10 at B-47. For instance, AGIS and Mr. McAlexander point to the Find My Device application user interface and user input options as shown in the screenshot below. *See, e.g.*, Ex. 2 at A-a89, Ex. 5 at D-a415 (below):



12. The Find My Device application is not pre-installed on any of the Google or Samsung devices accused of infringement in this case; instead, it is available for download by the user from the Google Play Store after the user purchases a Google or Samsung device. Brunsman Decl. ¶ 4; Ex. 18 at 33:6–11; Ex. 19 at 54:14–21. AGIS's expert admitted that Find My Device is not preinstalled on any phone. Ex. 29 at 113:14–114:16 ("I'm not aware of it being preinstalled

on any phone"). Google's and Samsung's technical expert, Dr. Andrew Wolfe, confirmed that the client-side Find My Device application is not pre-installed on the Accused Devices by purchasing new Google Pixel 3a, Samsung A10e, and Samsung J7 Crown devices and checking which applications were preloaded. Ex. 15 at 85–89. The parties agree that the Google Pixel 3a is representative of the Google Accused Devices and the Samsung A10e and J7 Crown are representative of the Samsung Accused Devices for the purposes of this case. *See* Ex. 2 at A-6, Ex. 9 at A-9.

### C. Waze Does Not Make Or Sell Any Mobile Devices

13. The apparatus claims asserted against Waze all recite at least one "device[]." *See* '123 Patent Cl. 23, '829 Patent Cl. 34. AGIS asserts infringement by Waze and Waze Carpool, which are software applications. Ex. 11 at 36. Waze does not make, sell, or offer for sale any device. Ex. 28 at 115:21–116:14; Ex. 11 at 36; Ex. 29 at 192:23–193:12. The accused Waze applications' processes ▮▮▮▮ Ex. 28 at 115:21-116:5; Ex. 11 ¶ 115.

### D. The Accused Software Products ▮▮▮▮

14. Claim 34 of the '829 Patent recites "A system comprising: one or more server devices programmed to perform operations comprising…." '829 Patent Cl. 34.

15. Find My Device ▮▮▮▮



Ex. 19 at 54:10–21, 56:8–10, 62:12–15, 72:4–10, 85:15–18, 87:10–21. ▮▮▮▮ ; *see also* Ex. 19 at 84:25-85:16, 89:3-12, 90:21-93:15.

16. ▮▮▮▮ Ex. 20 at 95:5-10, 116:24-117:3; *see also* Ex. 19 at 76:6-8, 77:13-15.

6

17. Samsung does not 

. Ex. 21 at 20:19-21:10; Ex. 22 at 026566, 026580; Ex. 26 280:24–281:11.

. Ex. 10 at B-40; Ex. 24.

18. AGIS claims damages for infringement by Find My Mobile based on user log ins (i.e., use), not any manufacture, sale or offer for sale of servers. Ex. 14 ¶ 54 ("The base to which this [royalty] rate is applied is limited to the actual monthly users (log ins) of FMM").

## IV. LEGAL STANDARDS

Summary judgment should be granted if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Summary judgment is proper if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## V. ARGUMENT

### A. The Defendants Do Not Directly Infringe Any Asserted Method Claims

To prove that the Defendants directly infringe method claims, AGIS must prove that the Defendants each performed every step of each method claim. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014). AGIS cannot rely on mere sales of the Accused Devices and applications because "as a matter of law, a method claim is 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV-00123-JRG, 2020 WL 5815950, at *2 (E.D. Tex. Sept. 30, 2020). AGIS contends that Defendants directly infringe method claims only by "testing." But as

7

detailed below for each Defendant, AGIS does not cite any evidence of any purported testing, nor does it identify any instance of testing that meets every limitation of any asserted claim.

### 1. Google Does Not Directly Infringe By Testing

AGIS contends that "Google directly infringes the Asserted Claims by [making], using, importing, testing, repairing, selling, and/or offering for sale Accused Products in violation of 35 U.S.C. § 271(a)." Ex. 2 at A-5. But making, importing, repairing, and selling devices with accused functionality does not prove direct infringement of method claims. *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 713 (E.D. Tex. 2011), *aff'd*, 692 F.3d 1351, 1361 (Fed. Cir. 2012) ("Mirror Worlds' reliance on Apple's sales of computers that contain the accused Mac OS X 10.4–6 software does not prove direct infringement [of method claims]."). Instead, "[a]ctual practice of the specific claim steps is required." *Id.* AGIS's direct infringement theories for method claims rely on (1) alleged testing of the accused products by Google and (2) use of the accused products by end users. Ex. 1 ¶¶ 149, 154. This section focuses on the first theory. To prove direct infringement by Google, AGIS must prove that Google performed testing that practiced every step of each asserted method claim. AGIS cannot carry this burden of proof.

The only evidence that Mr. McAlexander cites as allegedly relating to testing of any kind is listed in a boilerplate statement that simply says the documents "describe testing." *See, e.g.*, Ex. 3 at B-4 n.2. Mr. McAlexander does not map the evidence of alleged testing to any of the asserted claims. *See, e.g.*, Ex. 3 *generally*. And Mr. McAlexander admits that for any alleged testing to meet the "group" limitation of the '838, '829, and '123 Patents, there must be "three or more devices [] associated." Ex. 1 ¶ 154. Yet Mr. McAlexander does not cite a single instance of testing by Google wherein three or more devices were associated. *Id.*

### 2. **Samsung Does Not Directly Infringe By Testing**

Likewise, AGIS's only theory that Samsung directly infringes method claims relies on alleged "testing" by Samsung. AGIS's expert in the Samsung case, Dr. Kia, identifies two documents that allegedly "describe testing of the representative accused products." Ex. 9 at A-7 n.2; Ex. 10 at B-7 n.2. Dr. Kia, however, does not map the purported evidence of testing to any of the asserted claims. *See* Exs. 9, 10, *generally*. For example, any such testing would have to meet the requirement that there be a "group" of "more than two participants associated together." Ex. 8 ¶ 261. And such testing would also have to meet the requirement of occurring in the United States which Dr. Kia does not even allege. Dr. Kia's report is devoid of evidence of testing by Samsung that infringes either of the asserted patents, and summary judgment of no direct infringement of the asserted method claims is proper.

### 3. **Waze Does Not Directly Infringe By Testing**

AGIS's claim of direct infringement of method claims by Waze fails for the same reasons. AGIS asserts that Waze infringes method claims by performing "testing." Ex. 11 ¶ 111. As Mr. McAlexander admits, such testing would have to meet the "group" limitation. *Id*. But there is no evidence that Waze ever performed testing with "more than two participants associated together." *Id*. In the absence of any evidence of testing, AGIS's assertion that Waze directly infringes method claims fails, and summary judgment is proper.

### B. **No Direct Infringement Of The '970, '055, '251, And '123 Patent Apparatus Claims By Find My Device**

AGIS asserts that the Find My Device application infringes apparatus claims of the '970, '055, '251, and '123 Patents. Exs. 2, 3, 4, 7, 9. But the Accused Devices are not made, sold, offered for sale, or imported with Find My Device pre-installed. Because the Accused Devices need "the modification of installing the required software" to even satisfy AGIS's infringement

theory, they do not infringe. *See Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014). In *Nazomi*, the plaintiff asserted the same theory AGIS does here, arguing that apparatus claims were infringed by hardware that would meet the claims upon installation of a particular software program. *Id.* at 1345–46. There, like here, the installation of the accused software program added functionality that was not present on the devices as sold. *Id.* at 1346. The Federal Circuit affirmed summary judgment of no infringement because installation of the accused software "constitutes 'modification' of the accused products." *Id.* at 1345.

AGIS's infringement theory relies on functionality and user interface elements of the Find My Device application, which is not pre-installed, to meet the asserted apparatus claims. The asserted apparatus claims recite a client-side device, e.g., "sender PDA/cell phone," that can send a message or data to another device. '970 Patent Cl. 2; '251 Patent Cls. 24, 29, and 35, '055 Patent Cl. 29, '123 Patent Cls. 34, 36, 37, and 41. For this, AGIS's infringement theory relies on the client-side Find My Device application, as shown in the figure above in Section III.B. For the '123 Patent, AGIS did not map the claims to Find My Device. *See* Ex. 7.



AGIS relies on the client-side Find My Device application ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ user interface for these functions. Brunsman Decl. ¶ 4. Find My Device ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 3. The client-side Find My Device application is what shows a user their account-linked device's location and enables them to create remote instructions to be transmitted to the lost device, e.g., to lock, ring, or erase the lost device. *Id.* ¶ 4.

Neither Google nor Samsung makes, sells, offers for sale, or imports any device with the accused Find My Device application installed. *Id.* ¶ 4; Ex. 18 at 33:6–11 ("Find My Device is not preloaded on any Pixel phone"); Ex. 19 at 54:14–21 ("Find My Device is not preloaded"); Ex. 15 at 85–89 (showing screenshots of the applications on new Google and Samsung devices). Even AGIS's expert admits that Find My Device is not pre-installed. Ex. 29 at 113:14–114:16. Instead, a user who wants to use functionalities of the Find My Device application must download the application after purchasing the device. Brunsman Decl. ¶ 4; Ex. 15 at 90–96 (showing screenshots of the process to find and download the Find My Device application).

Because the Accused Devices require modification—a user downloading the Find My Device application—to satisfy AGIS's infringement theory, there is no direct infringement. *Nazomi*, 739 F.3d at 1346. Simply put, the accused system is not completed or used until the customer downloads the software. *Centillion Data Sys. LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287–88 (Fed. Cir. 2011) (finding no infringement because "the entire system is not used until a customer loads software on its personal computer and processes data").

AGIS also contends that the Accused Devices infringe because users can use a web browser on the device to access the Find My Device webpage. Ex. 2 at A-a165, Ex. 3 at B-a84, Ex. 4 at C-a6, Ex. 6 at A-16. But the accused Find My Device webpage functionality is never installed on the Accused Devices, so the devices never meet the asserted claim elements through this process either—they never have the "means for" or are "programmed to perform" the functions recited in the asserted claims. Brunsman Decl. ¶ 5; *see* '970 Patent Cl. 2 (reciting a "PDA/cell phone" with "means for" performing certain functions); '055 Patent Cl. 29, '251 Patent Cls. 24, 29, and 35, '123 Patent Cls. 34, 36, 37, 41 (reciting a device "programmed to perform" certain functions). Moreover, merely being "reasonably capable of being put into the

11

claimed configuration is insufficient for a finding of infringement." *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 555 F.3d 984, 995 (Fed. Cir. 2009). AGIS's theory violates this legal precept and would render any device with a web browser infringing.

### C. Waze Does Not Directly Infringe Any Apparatus Claims

Claim 1 of the '123 Patent recites a user "device." '123 Patent Cl. 23. Waze does not make, use, offer to sell, sell, or import any devices. Ex. 28 at 116:9–14. AGIS does not assert that Waze infringes by "Accused Devices" (as it does for Google and Samsung). Ex. 11 at 36; Ex. 12 at A-3; Ex. 13 at B-1; Ex. 29 at 192:23–193:12 (admitting that Waze does not make or sell smartphones or other devices). ▮▮▮▮▮▮▮▮ Ex. 28 at 115:21–116:5; Ex. 11 ¶ 115 ▮▮▮▮▮▮▮▮. Server processes for the Waze applications occur by "customer initiated demand for the service," and thus "the customers 'use' the system as a matter of law." *Centillion*, 631 F.3d at 1285. AGIS has no plausible claim, and Waze requests summary judgment that Waze does not directly infringe any apparatus claims.

### D. Samsung Does Not Directly Infringe Claim 34 Of The '829 Patent

Claim 34 of the '829 Patent is directed to "server devices" that receive and send messages from user devices. Samsung does not infringe ▮▮▮▮▮▮▮▮ *See* Ex. 20 at 95:5-10, 116:24-117:3; *see also* Ex. 19 at 76:6-8, 77:13-15. ▮▮▮▮▮▮▮▮ Ex. 21 at 20:19–21:10; Ex. 22 at 026566, 026580. ▮▮▮▮▮▮▮▮

██████████████████████████████████████████████ Ex. 10 at B-40; *see also* Ex. 26 280:24–281:11. ██████████████████████████████████████████

████████ Exs. 24, 25.

Additionally, users, not Samsung, log in to and send requests and commands from the Find My Device application and Find My Mobile website. *See*, *e.g.*, Ex. 23. Any allegedly infringing use of system servers is therefore performed by the users of the accused apps and services. AGIS effectively concedes this, basing its damages claim on Find My Mobile user log ins, for example. *See* Ex. 14 ¶ 54 (defining the royalty base as "actual monthly users (log ins)"). The users who initiate the demand for the accused applications' processes "'use' the system as a matter of law." *Centillion*, 631 F.3d at 1285. "This is 'use' because but for the customer's actions, the entire system would never have been put into service." *Id.* Samsung, therefore, is not a direct infringer of Claim 34.

## VI. CONCLUSION

For the reasons above, Defendants respectfully request summary judgment that:

1. Google, Samsung, and Waze do not directly infringe method claims by internal "testing" because AGIS has not shown evidence of testing that meets any of the asserted claims.

2. Google and Samsung do not directly infringe apparatus claims because AGIS cannot prove that the Accused Devices have the Find My Device application pre-installed.

3. Waze does not directly infringe any apparatus claims because AGIS cannot prove that Waze makes or uses any accused devices.

4. Samsung does not directly infringe the asserted server claim because AGIS cannot prove that Samsung makes, sells, or uses any accused servers.

December 23, 2020                                   Respectfully Submitted,


                                                    */s/ J. Mark Mann*
                                                    J. Mark Mann
                                                    State Bar No. 12926150
                                                    Email: Mark@themannfirm.com
                                                    G. Blake Thompson
                                                    State Bar No. 24042033
                                                    Email: Blake@themannfirm.com
                                                    **MANN TINDEL THOMPSON**
                                                    300 West Main Street
                                                    Henderson, Texas 75652
                                                    Telephone: (903) 657-8540
                                                    Facsimile: (903) 657-6003

                                                    Darin W. Snyder (*Pro Hac Vice*)
                                                    Email: dsnyder@omm.com
                                                    Luann L. Simmons (*Pro Hac Vice*)
                                                    Email: lsimmons@omm.com
                                                    Davis S. Almeling (*Pro Hac Vice*)
                                                    Email: dalmeling@omm.com
                                                    Mark Liang (*Pro Hac Vice*)
                                                    Email: mliang@omm.com
                                                    Bill Trac (*Pro Hac Vice*)
                                                    Email: btrac@omm.com
                                                    **O'MELVENY & MYERS LLP**
                                                    Two Embarcadero Center, 28th Floor
                                                    San Francisco, CA 94111
                                                    Telephone: (415) 984-8700
                                                    Facsimile: (415) 984-8701

                                                    *ATTORNEYS FOR DEFENDANTS*
                                                    *GOOGLE LLC, SAMSUNG*
                                                    *ELECTRONICS CO., LTD., SAMSUNG*
                                                    *ELECTRONICS AMERICA, INC., AND*
                                                    *WAZE MOBILE LIMITED*

                                                    Neil P. Sirota
                                                    neil.sirota@bakerbotts.com
                                                    Timothy S. Durst
                                                    tim.durst@bakerbotts.com
                                                    Katharine Burke
                                                    katharine.burke@bakerbotts.com

                    Margaret M. Welsh
                    margaret.welsh@bakerbotts.com
                    **BAKER BOTTS LLP**
                    30 Rockefeller Plaza
                    New York, New York 10112
                    Tel: (212) 408-2500
                    Fax: (212 408-2501

                    ***ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on December 23, 2020.

                                               */s/ J. Mark Mann*
                                               J. Mark Mann


**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that this document is being filed under seal pursuant to the terms of the Protective Order entered in this case because it contains material designated by one of the parties as highly confidential.

                                               */s/ J. Mark Mann*
                                               J. Mark Mann