# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **AGIS SOFTWARE DEVELOPMENT LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **GOOGLE LLC,** <br><br> **Defendant.** | **CIVIL ACTION NO. 2:19-cv-361-JRG (LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |

**GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

Numerous Google and third-party documents and witnesses are located in the NDCA. In contrast, AGIS fails to demonstrate that any non-duplicative evidence is located in this District. Its sole purported fact witness in this District has disavowed having either documents or relevant knowledge. And its office in this District is shared with a law firm, has no employees, holds only duplicative documents, and is almost always vacant. The Court should transfer to the NDCA.

### A.     Access To Sources Of Proof Strongly Favors Transfer

"Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor." *InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, 2013 WL 1279055, at *2 (E.D. Tex. Mar. 26, 2013). And because the bulk of the relevant evidence comes from Google, the accused infringer, the location where Google's documents are kept weighs in favor of transfer to that location. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Google's technical documents and source code are physically present and/or electronically accessible from Google's Mountain View headquarters and are not in the EDTX. *See* Dkt. 149 ("Mot.") at 7-8. AGIS does not dispute this. Instead, AGIS argues that Google has offices in Austin, Texas. Dkt. 149 ("Opp.") at 6. But this is irrelevant where the relevant Google employees and their documents are in the NDCA, not Austin. *See, e.g.*, *Realtime Data LLC v. Dropbox, Inc.*, No. 6:15-cv-465-RWS-JDL, 2016 WL 153860, at *4 (E.D. Tex. Jan. 12, 2016) (ordering transfer where plaintiff "has not shown that any employees in [the defendant's] Austin office have relevant and material information"). AGIS alternatively argues that Google's source code was provided outside of the NDCA during litigation to AGIS's expert during his deposition and on a computer in Washington, D.C. Opp. at 6. But these were accommodations to AGIS's requests. Google originally produced the source code in Silicon Valley, before AGIS requested production in D.C. due to the pandemic. *See* Ex. U (email regarding production of source code). These pandemic-driven, litigation productions of

1

source code do not impact the analysis.

AGIS's documents, besides being less critical to the case than Google's, are also not tied to the EDTX. AGIS relies on its production of past litigation records; yet AGIS makes no assertion that such records were located in or retrieved from this District. *See* Opp. at 6. Instead, such prior litigation records would be in the possession of AGIS's counsel in New York. Moreover, the Federal Circuit has rejected reliance on a plaintiff's prior litigation records as "artifacts of its prior litigation," particularly where the plaintiff has no employees in the transferor forum. *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 561-62 (Fed. Cir. 2011).

AGIS alternately argues that relevant prior settlement agreements are located in its "office" in this District. Opp. at 6. But those same agreements are in AGIS's lawyers' offices in New York and in AGIS's office in Florida. And AGIS fails to refute that no AGIS employees are located or regularly visit that office and that documents there are duplicative and copied from documents in AGIS's actual offices outside Texas. *See* Mot. at 8. Indeed, AGIS's Texas "office" is located at 100 W. Houston Street. The signage for that location says "Truelove Law Firm" and public records confirm that address is of the Truelove Law Firm and Justin Truelove, the husband of AGIS's local counsel Jennifer Truelove. *See* Ex. V (Google Street View image), Ex. W (Texas Bar attorney search), Ex. X at 51:6-11 (jury trial transcript in *U.S. v. Trinity*). The presence of duplicative AGIS documents in an unused office tied to its counsel must be disregarded as a fiction used solely to manipulate venue. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (rejecting reliance on documents transferred to counsel as a source of proof).

Finally, contrary to AGIS's characterization, AGIS's consultant Mr. Armstrong does not have relevant documents.

2

███████████████████████████████████████ Ex. K at 17:12-14 (emphasis added).

### B. The Availability Of Compulsory Process Strongly Favors Transfer

AGIS is simply incorrect in asserting that Google did not subpoena the prior art inventors. Opp. at 9. Google subpoenaed Dr. Neil Siegel, a key inventor of the FCBC2 system cited as prior art in Defendants' invalidity expert report. Exs. S & T. AGIS unquestionably knows about the subpoena; it was attached and discussed in Google's motion, and AGIS has moved to strike portions of the expert report of Google's expert relying on documents subpoenaed from Dr. Siegel. Dkt. 174. AGIS is also incorrect in asserting that Google has waived its right to call the identified prior art witnesses at trial. Opp. at 9. AGIS only asked if Dr. Siegel and other prior art witnesses were represented by counsel for Google, which they are not. Ex. Y. The trial testimony of its identified prior art witnesses, including Dr. Siegel, may be crucial to Google's invalidity case.

Conversely, Mr. Armstrong is not a relevant witness to this case. Mr. Armstrong did not testify on any topics in response to Defendants' 30(b)(6) deposition notice to AGIS, and he disclaimed any knowledge relevant to this case. *See* Mot. at 9-10. AGIS now asserts that Mr. Armstrong is relevant to the LifeRing system as prior art. But AGIS identifies no unique knowledge Mr. Armstrong has that would not be known by others at AGIS. Indeed, at deposition, Mr. Armstrong disavowed historic knowledge of LifeRing before 2011 and ███████████ ████████████████████████████████████████████████████████████████ █████████████████████████████. Ex. Z, Armstrong Tr. 61:20-25, 62:18-63:11, 94:15-96:8, 101:6-25. AGIS's reliance on Mr. Armstrong to stay in this District should thus be rejected.

### C. The Convenience Of The Witnesses Strongly Favors Transfer

In analyzing this factor, AGIS makes almost no mention of Google's witnesses. Opp. at 10-12. This is a glaring omission, given that Google's witnesses—James Maccoun, Jonathan Brunsman, Micah Mason, Matthew Secor, and Amanda Moore—were located in the NDCA at the

3

time of the Complaint and is a potential trial witness, and Mr. Maccoun, Mr. Brunsman, Mr. Secor, and Ms. Moore each testified in response to AGIS's Rule 30(b)(6) topics. *See* Mot. at 4-5.

Conversely, AGIS fails to identify a single witness in this District whatsoever—its assertion that AGIS is a Texas company with its principal place of business in Marshall is irrelevant when that office has no employees and principally serves as the office of Truelove Law Firm. The only individuals designated in response to Defendants' Rule 30(b)(6) deposition notice were Mr. Beyer and Mr. Blackwell, both of whom reside in Florida. Mot. at 3. And contrary to AGIS's assertion, ▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 194-9, Blackwell Tr. 87:12-24. AGIS's self-serving assertion that Mr. Rice is willing to travel to this District (not verified by Mr. Rice himself) does not indicate whether this District is more or less convenient for him than the NDCA. The convenience to multiple Google witnesses of the NDCA far outweighs any inconvenience to these witnesses.

AGIS's remaining purported fact witnesses (*see* Opp. at 11-12) should be disregarded, as AGIS has failed to explain their relevance. None are knowledgeable regarding the Asserted Patents or any other relevant topics. Moreover, none of these employees reside in this District. "The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014). Finally, the location of AGIS's expert does not affect the overall analysis, because "expert witnesses weigh[ ] little in the venue analysis." *Berry v. Pilgrim's Pride Corp.*, No. 2:16-CV-409-JRG, 2016 WL 6092701, at *3 (E.D. Tex. Oct. 19, 2016).

### D.   Other Practical Problems Associated With These Cases Favor Transfer

For the fourth private factor, AGIS relies solely on this Court's familiarity with AGIS from prior litigation. Opp. at 13-14. But the NDCA has familiarity with AGIS from litigation against ZTE that spanned over a year and involved multiple motions regarding dismissal, discovery, and

4

even sanctions. *See ZTE (USA) Inc. v. AGIS Software Development LLC*, No. 4:18-cv-06185-HSG. Thus, both districts have familiarity. Regardless, any such familiarity is outweighed by Google's heavy presence in the NDCA and AGIS's lack of relevant presence in this District. *See In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. 2017); *Chrimar Sys., Inc. v. Netgear, Inc.*, No. 6:15-CV-634 JRG-JDL, 2016 WL 197947, at *7 (E.D. Tex. Jan. 15, 2016).

E.  **The Public Interest Factors Favor Transfer To The NDCA**

The EDTX has no interest in this case. AGIS's assertion that this District somehow has an interest based on Google utterly fails—no Google offices are in this District, and no Google employee *anywhere* in Texas was identified during discovery as relevant, let alone called to testify at deposition. AGIS likewise has no employees in this District. AGIS strains to conjure a local interest based on purported meetings at the Truelove office, which AGIS incorrectly describes as "routine[ ]." Opp. at 14. Mr. Blackwell's "speculation" and "guess" that there have been "three or four" meetings a year (Ex. XX, Blackwell Tr. at 87:12-19) hardly shows a regular presence; AGIS's connections are to Florida, not to this District. And AGIS offers no meaningful rebuttal to the extensive interest of the NDCA to the accused functionality and to this litigation.

Finally, court congestion favors transfer. In patent cases, time to appeal is faster in the NDCA than in the EDTX. Ex. N. By definition, time to appeal is the duration of a district court litigation. AGIS offers neither authority nor reason to dispute that. AGIS's citation to general caseload statistics and the "44.5" months figure for 2020 (Opp. at 15) is not specific to patent cases and misleading given the pandemic. Indeed, the NDCA's time to trial for 2019 was only 22.8 months. Dkt. 194-14. Further, as Google showed, in patent cases since 2015, time to trial is only slightly higher in the NDCA—850 days instead of 749 days. Ex. N.

F.  **Conclusion**

For the foregoing reasons, the Court should transfer this case to the NDCA.

5

Dated: January 14, 2021

Respectfully submitted,

By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
G. Blake Thompson
State Bar No. 24042033
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Mark Liang *(Pro Hac Vice)*
mliang@omm.com
Bill Trac
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document.

Dated: January 14, 2021                    */s/ J. Mark Mann*
                                                            J. Mark Mann

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to Local P.R. 2-2.

Dated: January 14, 2021                    */s/ J. Mark Mann*
                                                            J. Mark Mann