# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | CIVIL ACTION NO. 2:19-cv-361-JRG (LEAD CASE) <br><br> JURY TRIAL DEMANDED |
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> WAZE MOBILE LIMITED, <br><br> Defendant. | CIVIL ACTION NO. 2:19-cv-359-JRG <br><br> JURY TRIAL DEMANDED |
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL ACTION NO. 2:19-cv-362-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO STAY
PENDING *EX PARTE* REEXAMINATION**

## TABLE OF CONTENTS

    **Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

    A. Past PTO Proceedings Involving AGIS's Patents ................................................ 2

    B. Current Instituted EPR Proceedings ..................................................................... 3

III. LEGAL STANDARD ..................................................................................................... 4

IV. ARGUMENT: ALL THREE FACTORS FAVOR A STAY .......................................... 5

    A. The Stay Will Likely Simplify This Case ............................................................. 5

    B. A Stay Will Conserve Significant Resources ....................................................... 6

    C. AGIS Will Not Suffer Undue Prejudice or Tactical Disadvantage ....................... 7

V. CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

Page

**CASES**

*Arbor Global Strategies LLC v. Samsung Elecs. Co.*,
  No. 2:19-cv-333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) .................................. 7

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013).......................................................................................... 5

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
  No. 2:16-cv-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) ..................................... 7

*Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*,
  No. 6:15-CV-59, 2016 WL 4394485 (E.D. Tex. May 12, 2016) ............................................ 5

*KIPB LLC v. Samsung Elecs. Co.*,
  No. 2:19-CV-00056-JRG-RSP, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019) ...................... 4

*NFC Techs. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)................................. 4

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
  No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) .......................................... 8

*SSL Servs., LLC v. Cisco Sys., Inc.*,
  No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016).......................... 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)......................................................................................... 7

## I. INTRODUCTION

All six asserted patents in these three litigations are now subject to granted *ex parte* reexamination requests ("EPRs") challenging the validity of all claims asserted by Plaintiff AGIS Software Development, LLC ("AGIS"). These proceedings are highly likely to invalidate the asserted claims because they present the same or similar invalidity arguments that the PTO previously vetted and adopted in *inter partes* reviews ("IPRs") filed in 2018 and adopted again in its decisions granting the EPRs. In five of the EPRs, the primary prior art reference is a parent AGIS patent, which the PTO has already determined constitutes prior art to AGIS's patents on nine separate occasions. And two of the EPRs include prior art references that the PTO has already found to invalidate other, substantively identical claims of the same AGIS patents. A stay will thus dramatically simplify if not fully resolve these three pending litigations, conserving the resources of the parties and this Court. Accordingly, Defendants Google LLC ("Google"), Samsung Electronics Co. Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung"), and Waze Mobile Limited ("Waze") respectfully renew their request from their prior motion (Dkt. 97) and ask that the Court stay this litigation until the resolution of the six pending EPRs.

## II. FACTUAL BACKGROUND

AGIS is asserting six patents against Defendants: U.S. Patent Nos. 9,749,829 ("the '829 Patent"), 9,820,123 ("the '123 Patent"), 9,408,055 ("the '055 Patent"), 9,445,251 ("the '251 Patent"), 9,467,838 ("the '838 Patent"), 8,213,970 ("the '970 Patent") (collectively, "Asserted Patents"). The '829, '123, '055, '251, and '838 ("Ad Hoc Group Patents") share a common specification and relate to establishing an ad hoc "group" of mobile device users. Of the six Asserted Patents, only two ('829, '123) are asserted against all Defendants. The remaining four patents are asserted against Google alone.

### A.     Past PTO Proceedings Involving AGIS's Patents

The PTO has repeatedly cast grave doubt on the validity of AGIS's Asserted Patents. In 2017, AGIS filed lawsuits in this Court against Apple, HTC, Huawei, LG, and ZTE based on the same Asserted Patents, except for the '123 Patent. *See* Case Nos. 2:17-CV-513, -514, -515, -516, -517 (E.D. Tex.). AGIS's infringement allegations against HTC, Huawei, LG, and ZTE were premised on the same Google software at issue in these litigations: Google Maps and Find My Device. In response, Google and Apple each filed separate IPRs in 2018.

Two of Google's IPRs reached final written decisions (FWDs), finding all challenged claims of the '970 and '055 Patents invalid. Ex. 7; Ex. 8. In the present litigations, AGIS is asserting claims of the '970 and '055 Patents that were not challenged in the prior IPRs, specifically Claims 2, 10-13 of the '970 Patent and Claims 8, 9, 20, 29 of the '055 Patent. But as detailed in Google's pending motion for summary judgment of invalidity of the '970 and '055 Patents (Dkt. 161), those newly asserted claims are nearly verbatim or substantively identical to the previously invalidated claims.

In addressing Apple's IPRs, as detailed in Defendants' pending summary judgment motion on priority date (Dkt. 158), the PTAB made critical findings in its institution decisions for the '055, '251, '838, and '829 Patents, agreeing with Apple that: (1) those patents could only claim priority to October 31, 2014, as opposed to dates in 2006 or 2004 claimed on the faces of the patents; and (2) because of the eight- to ten-year loss in priority, U.S. 7,630,724 ("'724 Patent")—a parent patent to the '055, '251, '838, and '829 Patents—qualified as prior art and disclosed all or nearly all limitations of the claims. The PTAB provided detailed reasons justifying its priority date finding in institution decisions, where it expressly rejected AGIS's arguments to the contrary. Ex. 9 ('251 IPR decision) at 18-20; Ex. 10 ('838 IPR decision) at 15-17; Ex. 11 ('055 IPR decision) at 15-17; Ex. 12 ('829 IPR decision) at 14. After the institution decisions, AGIS and Apple settled,

terminating the IPRs before reaching FWDs.

### B.     Current Instituted EPR Proceedings

AGIS filed these lawsuits against Defendants in November 2019. On May 15, 2020, Google filed four EPRs. The EPRs challenged all claims of the '970 and '055 Patents not already found invalid by the PTAB and all claims of the '838 and '251 Patents. On May 22, 2020, Google and Samsung filed IPRs challenging all claims of the '829 and '123 Patents.

As shown in the table below, between June and July 2020, the four EPRs were granted. On November 25, 2020, the PTAB denied institution of the IPRs solely under *Fintiv* because of the proximity of the district court trial date (then April 5, 2021) without making any finding on the merits. On December 11, 2020, Google and Samsung filed EPRs challenging all claims of the '829 and '123 Patents on the same grounds set forth in the denied IPRs. By January 22, 2021, both of those EPRs were also granted, meaning that all claims of the asserted patents are the subject of granted *ex parte* reexamination proceedings, as shown in the following table:

| Patent | Filing date | Request Granted | Status |
|--------|-------------|-----------------|--------|
| '970 | 5/15/2020 | 7/27/2020 | Pending examiner action (Ex. 1) |
| '055 | 5/15/2020 | 7/28/2020 | 12/07/2020: 1st examiner action, rejecting all claims (Ex. 2) |
| '251 | 5/15/2020 | 7/10/2020 | 11/24/2020: 1st examiner action, rejecting all claims (Ex. 3) |
| '838 | 5/15/2020 | 6/22/2020 | 11/24/2020: 1st examiner action, rejecting all claims (Ex. 4) |
| '829 | 12/11/2020 | 1/13/2021 | Pending examiner action (Ex. 5) |
| '123 | 12/11/2020 | 1/22/2021 | Pending examiner action (Ex. 6) |

These six EPRs include successful invalidity arguments from the prior IPRs of Google and Apple. The EPRs for the '970 and '055 Patents include the same prior art as Google's 2018 IPRs, which the PTAB found invalidating in its FWDs. Following the PTAB's findings for Apple's IPRs, Google and Samsung's EPRs for the related Ad Hoc Group Patents argue that the priority date is October 31, 2014, and the EPRs include the parent '724 Patent as a primary prior art

3

reference. All five of the PTO's EPR grant orders and all three office actions issued to date for the Ad Hoc Group Patents have agreed with Defendants that the priority date for those patents is October 31, 2014, and that the '724 Patent anticipates and renders obvious all challenged claims. The PTO has adopted all proposed prior art grounds for invalidity in all six EPRs.

In view of the grant of EPRs as to all asserted claims and their particularly high likelihood of success, Defendants file this renewed motion for stay pending *ex parte* reexamination.[1]

## III. LEGAL STANDARD

District courts typically consider three factors when determining whether to grant a stay pending *ex parte* reexamination of a patent in suit: (1) whether the stay will unduly prejudice the non-moving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying the case before the court. *See NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.); *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00056-JRG-RSP, 2019 WL 6173365, at *1 (E.D. Tex. Nov. 20, 2019) ("While these factors pertain to stays pending *inter partes* review, the analysis is substantially the same for *ex parte* reexamination proceedings."). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *NFC*, 2015 WL 1069111, at *2.

---

[1] On June 2, 2020, Defendants moved for a stay pending *inter partes* review and *ex parte* reexamination. Dkt. 97. The Court denied Defendants' motion without prejudice to refile once the outcome of the institution decisions was known. Dkt. 114. As described above, although the IPRs for the '829 and '123 Patents were denied under *Fintiv*, corresponding EPRs were then filed and granted, leading to this motion. To the extent this motion is not properly brought as a renewal of Defendants prior stay motion, Defendants ask that this motion be deemed as a new motion for stay pending *ex parte* reexamination.

4

## IV. ARGUMENT: ALL THREE FACTORS FAVOR A STAY

### A. The Stay Will Likely Simplify This Case

"The most important factor bearing on whether to grant a stay in this case is the prospect that the [invalidity] proceeding will result in simplification of issues before the Court." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-CV-59, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016). Any claim canceled by the PTO during an EPR is rendered void *ab initio*. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1346 (Fed. Cir. 2013). Cancellation of all the asserted claims would completely resolve this case, and cancellation of some asserted claims would reduce the number of claims remaining for trial. To the extent claims are modified, those modifications will also impact the claims that go to trial. PTO statistics show that 79% of EPRs filed by third party requesters result in either cancelation of all claims or amendment of those claims (Ex. 13 at 2), meaning that the reexamination proceedings will likely impact this case.

Given the likelihood of simplification, this Court recently granted a renewed motion for stay pending EPRs just two months before trial on similar facts in *Ramot at Tel Aviv University Ltd. v. Cisco Sys., Inc.*, No. 2:19-CV-00225-JRG. There the PTO found substantial new questions of patentability as to each of the asserted claims in three patents-in-suit, granting all requests for reexamination. *Ramot*, Dkt. 235 at 4. And all asserted claims stood rejected in first office actions. *Id.* Thus, this Court found that the asserted claims "are almost surely to be modified in some material way in response to their rejection, and they may be dropped completely." *Id.*

AGIS's asserted patent claims are likewise very likely to be canceled in view of the pending EPRs. All six EPRs have been granted. And three EPRs (for the '055, '251, and '838) have reached the first office action. AGIS has no reasonable basis to contend its asserted claims are valid and could survive the six granted EPRs or that the Court should wait to stay these cases until the EPRs proceed further, such as after first office actions issue in all six EPRs. This is because

Defendants' EPRs rely on the same or similar invalidity grounds that the PTAB already adopted in prior IPR proceedings involving Google and Apple.

For the Ad Hoc Group Patents, the EPRs present the same priority date arguments that the Patent Office has adopted each of the nine times they have been presented and include the parent '724 Patent as prior art. Indeed, AGIS's two experts in this litigation, Mr. Joseph McAlexander and Dr. Omid Kia, have conceded that the '724 Patent discloses all asserted claims of the Ad Hoc Group Patents. Both experts' reports include claim charts showing that the '724 Patent provides written description disclosure for every limitation of every asserted claim of the Ad Hoc Group Patents. Ex. 14; Ex. 15. In their depositions, both experts conceded that if the Ad Hoc Group Patents' priority date is October 31, 2014, then the '724 Patent would disclose and anticipate every asserted claim. Ex. 16 (McAlexander Tr.) at 215:6-216:8; Ex. 17 (Kia Tr.) at 232:21-233:10. And for the '970 and '055 Patents, Google's EPRs include the same prior art grounds as its successful IPRs that resulted in FWDs invalidating all challenged claims.

Defendants' EPRs therefore present uniquely compelling invalidity arguments, based on prior art and positions that the PTAB has already adopted. This simplification factor strongly favors a stay.

### B. A Stay Will Conserve Significant Resources

Although this case has advanced significantly, a stay is still appropriate in view of the significant resources that may be otherwise wasted. At this time, the parties have filed dispositive and *Daubert* motions, but responses to these motions are not due until February 8, 2021. Dkt. 192. The trial date was recently moved out to May 10, 2021. *Id.* There is a chance this trial date will be continued further, given that five lower-numbered patent cases are currently set for trial on the same day and that there is a backlog of trials before this Court in view of the COVID-19 pandemic. Ex. 18; Ex. 19. In the meantime, Defendants' venue-related motions remain pending. *See* Dkts.

6

28, 35, 38, 149. And substantial, costly work remains to be done on pretrial disclosures, motions *in limine,* and preparing for the pretrial conference on March 25, 2021, followed by the trial itself. Dkt. 192. The burdens of the pretrial and trial tasks are multiplied here given that this litigation includes three separate cases against Google, Samsung, and Waze.

This Court has stayed cases at similar and even later stages of proceedings, including just one month before trial in *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-505-JRG, 2017 WL 7051628, *1–2 (E.D. Tex. Oct. 25, 2017), and three months before trial in a recent decision, *Arbor Global Strategies LLC v. Samsung Elecs. Co.,*, No. 2:19-cv-333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021). In *Ramot*, the Court issued a stay pending EPRs at a more advanced stage, with the trial date just two months away and "discovery complete, pretrial briefing submitted, and jury selection impending." *Ramot*, Dkt. 235 at 4. The Court found that "[i]f the case were to proceed to trial on the current claims, there is a serious risk of wasted resources as to the parties and the Court." *Id.* Thus, "in light of the high probability that the asserted claims will change in scope," the Court found a stay was warranted. Here, there is a high probability that the claims will not only change, but also be cancelled in view of Defendants' strong arguments.

### C. AGIS Will Not Suffer Undue Prejudice or Tactical Disadvantage

AGIS will not be prejudiced by a stay. AGIS is a patent assertion entity that does not compete with Defendants. AGIS can be fully compensated for any alleged harm by monetary damages. *See VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[a] stay will not diminish the monetary damages to which VA will be entitled if it succeeds in its infringement suit—it only delays realization of those damages"); *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016) ("Where a plaintiff seeks only money damages, a stay will not diminish the monetary damages to which plaintiff will be entitled if it succeeds") (internal quotation marks omitted). Accordingly, where

"the only potential prejudice Plaintiff faces is the delay in litigating its patent rights—a minimal prejudice present in every case in which a stay is sought[—][w]ithout more, the Court finds that the first factor weighs slightly in favor of granting the stay." *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-CV-487, 2020 WL 1236266, at *1 (E.D. Tex. Mar. 13, 2020).

AGIS's own delay in filing the present actions in November 2019, belies any assertion of prejudice resulting from a stay. All six Asserted Patents had issued by 2017. As discussed in Section II, *infra*, AGIS asserted five of those patents against other smartphone device makers in 2017, ZTE, Huawei, HTC, LG, and Apple, and its allegations encompassed the same Google software. Yet AGIS waited over two years before filing suit against Defendants based on the same patents and the same accused software. The lack of prejudice to AGIS therefore also favors a stay.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court stay this litigation pending the resolution of *ex parte* reexamination proceedings.

Dated: January 29, 2021
Respectfully submitted,

By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard
Henderson, Texas 75654
(903) 657-8540
(903) 657-6003 (fax)

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
mliang@omm.com
Bill Trac
btrac@omm.com
Andrew Bledsoe *(Pro Hac Vice)*
abledsoe@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

**ATTORNEYS FOR DEFENDANTS GOOGLE LLC, WAZE MOBILE LIMITED, SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC.**

Neil P. Sirota
neil.sirota@bakerbotts.com
Margaret M. Welsh
margaret.welsh@bakerbotts.com
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 408-2500
Fax:  (212) 408-2501

Timothy S. Durst
State Bar No. 00786924
tim.durst@bakerbotts.com
**BAKER BOTTS LLP**
2001 Ross Avenue
Dallas, TX 75201
Tel:  (214) 953-6500
Fax:  (214) 953-6503

*ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC*.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

Dated:  January 29, 2021                             */s/ J. Mark Mann*
                                                                      J. Mark Mann


**CERTIFICATE OF CONFERENCE**

On January 25, 2021, pursuant to Local Rule CV-7(h), counsel Mark Liang for Defendants met and conferred with counsel Enrique Iturralde for Plaintiff.  Counsel for Plaintiff indicated on January 26, 2021 that Plaintiff is opposed to the relief sought by this Motion.

Dated:  January 29, 2021                             */s/ J. Mark Mann*
                                                                      J. Mark Mann