## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:19-CV-00361-JRG |
| | § | (Lead Case) |
| GOOGLE LLC, | § | |
| | § | CIVIL ACTION NO.  2:19-CV-00359-JRG |
| | § | (Member Case) |
| WAZE MOBILE LIMITED | § | |
| | § | CIVIL ACTION NO.  2:19-CV-00362-JRG |
| | § | (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | § § § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Pending *Ex Parte* Reexamination (the "Motion"). (Dkt. No. 202). Having considered the Motion and the related briefing, the Court finds that the Motion should be and hereby is **GRANTED**.

### I.     BACKGROUND

Plaintiff AGIS Software Development LLC ("AGIS") alleges Defendants Google LLC ("Google"), Waze Mobile Limited ("Waze"), and Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") (altogether, collectively, "Defendants") infringe U.S. Patent Nos. 9,749,829 ("the '829 Patent"); 9,820,123 ("the '123 Patent"); 9,408,055 ("the '055 Patent"); 9,445,251 ("the '251 Patent"); 9,467,838 ("the '838 Patent"); and 8,213,970 ("the '970 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1).

The Defendants previously filed an Opposed Motion to Stay Pending *Inter Partes* Review of the '829 Patent and the '123 Patent and *Ex Parte* Reexamination of the remainder of the

Asserted Patents. (Dkt. No. 97). The Court denied the Motion to Stay Pending *Inter Partes* Review and *Ex Parte* Reexamination without prejudice, as premature, noting that institution decisions as to the pending *Inter Partes* reviews ("IPRs") and *Ex Parte* Reexaminations ("EPRs") had not then been made. (Dkt. No. 114). The Court, in its denial Order, advised the Defendants that they could subsequently seek a stay "following the PTAB's institution decision regarding the last of the patents-in-suit to be acted upon by the PTAB."  (*Id.*). This is consistent with this Court's well-established practice where institution decisions remain pending.

The Patent Trials and Appeal Board ("PTAB") subsequently denied institution of the IPRs as to the '829 Patent and the '123 Patent, and Google and Samsung filed Requests for *Ex Parte* Reexamination at the United States Patent and Trademark Office ("PTO") on those patents in addition to the remainder of the Asserted Patents. (Dkt. No. 202).

In response to the Requests for *Ex Parte* Reexamination, the PTO found substantial new questions of patentability as to each of the asserted claims in the patents-in-suit and granted all Requests for Reexamination. (*Id.*). The Defendants have now renewed their request for a stay pending the resolution of the EPRs.

## II.    LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." (internal citation omitted)). How to best manage the Court's docket "calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F. Supp. 2d at 662.

### III.    ANALYSIS

The Defendants argue that this case should be stayed in light of the ERPs because (1) all asserted claims of all Asserted Patents now stand subject to granted ERPs; (2) all of the PTO's EPR grant orders and all three Office Actions issued to date for the Asserted Patents have stated that the priority date for those patents is likely much earlier—October 31, 2014—and that the parent patent to the Asserted Patents, U.S. Patent No. 7,630,724 (the "'724 Patent") anticipates and renders obvious all challenged claims; and (3) it would not be expeditious to proceed to trial on the current claims. (Dkt. No. 202). AGIS asserts that the case need not be stayed because (1) any rejections remain speculative, just as they did when the Court denied the Defendants' previous request for a stay; and (2) AGIS will suffer undue prejudice if the case is stayed.  (Dkt. No. 210.)

 "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016) (quoting *NFC Tech. LLC v. HTC Am.*, No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). In the context of EPRs, a stay is appropriate when there is a "significant likelihood that the outcome of the reexamination proceeding will streamline the scope

of this case to an appreciable extent if not dispose of it entirely." *Veraseal LLC v. Wal-Mart Sores, Inc. et al.,* No. 2:17-cv-00527 (E.D. Tex. May 10, 2018).

It has been this Court's consistent and long established practice to deny motions to stay pending IPR and ERP when the PTAB or PTO have instituted review on less than all asserted claims of all asserted patents[1] because at least one or more originally asserted claims will be unaffected by the outcome of those parallel proceedings and left intact before this Court to be tried. *See, e.g.*, *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, 2:19-cv-00125-JRG, Dkt. No. 34 (E.D. Tex. Feb. 4, 2020); *Greenthread LLC v. Samsung Elecs. Co., Ltd.*, 2:19-cv-00147-JRG, Dkt. No. 43 (E.D. Tex. Feb. 4, 2020); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 2:19-cv-00152-JRG, Dkt. No. 69 (E.D. Tex. Feb. 4, 2020); *Oyster Optics, LLC v. Infinera Corp.*, No. 2:19-cv-00257-JRG, Dkt. No. 62 (E.D. Tex. Feb. 4, 2020). However, where the PTAB has instituted IPR proceedings or the PTO has granted EPR's as to *all claims of all asserted patents*, this Court has likewise routinely stayed cases because the Court there does not retain before it any intact (as originally asserted) claims that are ready to move forward toward trial. In the context where all claims have been instituted upon, the Court understands that all the claims may potentially be modified, dropped, or canceled in light of such parallel proceedings. *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-505-JRG, 2017 WL 7051628, *1–2 (E.D. Tex. Oct. 25, 2017); *Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021).

Having considered the factors outlined above and the specific facts and circumstances of this case, the Court is persuaded that the benefits of a stay outweigh the costs of postponing resolution of the litigation in this particular case. Since all the asserted claims of

---

[1] Or in a pre-*SAS Institute Inc. v. Iancu* world, where the PTAB instituted IPRs on some but not all challenged claims. *See SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018).

all Asserted Patents, pending before this Court, are now subject to granted EPRs the prejudice to AGIS is outweighed by the benefit of such parallel review. When claims are rejected in an *ex parte* reexamination proceeding, the patent owner can narrow, cancel, or submit new claims.   *See* M.P.E.P. § 2258. The asserted claims which have been rejected in the reexamination proceedings have a high likelihood of being modified in some material way in response to their rejection. They may also be dropped or canceled completely. It is unlikely that they will stay as they were when suit was originally filed, and if—in this specific situation—the case were to proceed to trial on the current claims, as is, there is a serious risk of wasted resources as between both the parties and the Court.

Although this particular stay comes late in the progression of this case—with discovery complete, pretrial briefing submitted, and jury selection pending—there remain significant resources yet to be expended by the parties, including at the pretrial conference and preparations leading up to an actual trial of this case. In light of the increased probability that the asserted claims will change in scope, or be dropped or canceled altogether, the Court finds that upon considering the totality of the circumstances in this case at this time, a stay is warranted.

Accordingly, having considered prejudice to AGIS, simplification of the issues to be tried, and the stage of the case, the Court finds that the relevant factors weigh in favor of granting a stay of this case pending resolution of the *ex parte* reexaminations.

### IV.    CONCLUSION

In light of the foregoing, the Defendants' Motion to Stay Pending *Ex Parte* Reexamination (Dkt. No. 202) should be and hereby is **GRANTED**. Accordingly, the above-captioned cases are hereby **STAYED** until the ultimate resolution in each of the *ex parte* reexaminations instituted as to all the Asserted Patents.

5

The parties are **ORDERED** to file a joint notice updating the Court as to the status of the Asserted Claims and the *ex parte* reexaminations within **thirty (30) days** of the ultimate disposition in the last and final *ex parte* reexamination. The parties are additionally **ORDERED** to file periodic joint notices with the Court to report on the current status of these reexamination proceedings **every 120 days** until this case is either unstayed or terminated.

**So ORDERED and SIGNED this 9th day of February, 2021.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

6