**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **AGIS SOFTWARE DEVELOPMENT LLC,** | § § § | **Case No. 2:19-cv-00361-JRG** |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| **AGIS SOFTWARE DEVELOPMENT LLC,** | § § § | **Case No. 2:19-cv-00359-JRG** |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **WAZE MOBILE LIMITED,** | § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| **AGIS SOFTWARE DEVELOPMENT LLC,** | § § § | **Case No. 2:19-cv-00362-JRG** |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** | § § § | |
| Defendants. | § § | |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OR SUMMARY ADJUDICATION REGARDING INCORPORATION BY REFERENCE OF U.S. PATENT NO. 7,630,724**

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1

II.   STATEMENT OF DISPUTED ISSUE TO BE DECIDED ............................................. 2

III.  LEGAL STANDARD REGARDING SUMMARY JUDGMENT AND BURDEN........ 2

IV.   ARGUMENT ...................................................................................................... 2

V.    CONCLUSION ................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Campbell v. Sonat Offshore Drilling, Inc.*,
   979 F.2d 1115 (5th Cir.1992) ............................................................................... 2

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................. 2

*E.I. du Pont de Nemours & Co. v. MacDermid Printing Sol., L.L.C.*,
   525 F.3d 1353 (Fed. Cir. 2008) ........................................................................... 2

*Hollmer v. Harari*,
   681 F.3d 1351 (Fed. Cir. 2012) ....................................................................... 2, 5

*Ledergerber Medical Innovations, LLC v. W.L. Gore & Associates, Inc.*,
   736 F. Supp. 2d 1172 (N.D. Ill. 2010) .............................................................. 3, 4

*Northrop Grumman Info. Tech., Inc. v. U.S.*,
   535 F.3d 1339 (Fed. Cir. 2008) ........................................................................... 3

*Zenon Envtl., Inc. v. U.S. Filter Corp.*,
   506 F.3d 1370 (Fed. Cir. 2007) ........................................................................... 2

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................................ 2

**Regulations**

37 C.F.R. § 1.57(c)................................................................................................... 3

69 Fed. Reg. 56500 ................................................................................................. 3

The parties dispute the correct priority date of four asserted patents. To simplify this dispute, Defendants move for adjudication of a narrow, legal issue: whether U.S. Application No. 14/027,410 ("'410 Application")—a parent or grandparent of the asserted patents—incorporates by reference an ancestor patent, U.S. 7,630,724 ("'724 Patent"). As the Patent Office already decided and as this Court should decide as well, the answer is no because the plain language of the only incorporation statement in the '410 Application does not incorporate the '724 Patent. This issue is significant because it affects AGIS's contention that the four asserted patents are entitled to claim priority to the '724 Patent's filing date in 2006, and Defendants have identified prior art references dated between 2006 and 2014. Thus, to streamline the parties' priority-related disputes and avoid the need to present the legal issue of incorporation to the jury, the Court should grant summary adjudication that the '410 Application does not incorporate the '724 Patent by reference.

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      AGIS asserts infringement of five patents in this action, four of which have the same specification and relate to setting up an ad hoc network: U.S. Patent Nos. 9,467,838 ("'838 Patent," Ex. 1); 9,445,251 ("'251 Patent," Ex. 2); 9,749,829 ("'829 Patent," Ex. 3); and 9,820,123 ("'123 Patent," Ex. 4) (hereinafter, "Ad Hoc Patents").[1]

2.      The Ad-Hoc Patents are continuations-in-part of the '724 Patent (Ex. 5) and claim priority through a chain of intervening applications that includes the '410 Application. Ex. 1 at 1:1-25; Ex. 2 at 1:1-28; Ex. 3 at 1:1-28; Ex. 4 at 1:1-29; Ex. 13 (flowchart of priority chain).

3.      The '410 Application—the immediate parent of the '838 Patent that later issued as U.S. Patent 8,880,042 ("'042 Patent")—includes only one incorporation statement:

---

[1] The fifth patent, U.S. Patent No. 8,213,970, is only asserted against Google, and Google has filed a Rule 12(b)(1) motion to dismiss that patent for lack of subject matter jurisdiction. Dkt. 249.

> The method and operation of communication devices used herein are described in U.S. Pat. No. 7,031,728 which is hereby incorporated by reference and U.S. Pat. No. 7,630,724.

Ex. 6 at ¶5 (AGIS200002267); *see also* Ex. 7 ('042 Patent) at 1:60-63. The '410 Application identifies earlier-filed applications in the priority chain, but it does not contain any statement incorporating them. Ex. 6 at ¶1 (AGIS200002266); *see also* Ex. 7 ('042 Patent) at 1:1-20.

## II.  STATEMENT OF DISPUTED ISSUE TO BE DECIDED

Whether the '410 Application incorporates by reference the '724 Patent.

## III. LEGAL STANDARD REGARDING SUMMARY JUDGMENT AND BURDEN

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court may grant summary judgment as to "all or any part" of a claim. Fed. R. Civ. P. 56(a). The standards and procedures for summary adjudication are the same as for summary judgment. *See Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1118 (5th Cir.1992). Determination of a priority date is a question of law if the facts underlying that determination are undisputed. *See E.I. du Pont de Nemours & Co. v. MacDermid Printing Sol., L.L.C.*, 525 F.3d 1353, 1359 (Fed. Cir. 2008). "Whether and to what extent a patent incorporates material by reference . . . is a legal question." *Hollmer v. Harari*, 681 F.3d 1351, 1355 (Fed. Cir. 2012).

## IV. ARGUMENT

For a patent to incorporate material by reference, "the host document must identify with **detailed particularity** what specific material it incorporates and **clearly indicate where** that material is found." *Zenon Envtl., Inc. v. U.S. Filter Corp.*, 506 F.3d 1370, 1378 (Fed. Cir. 2007) (emphases original). Thus, "the incorporating [document] must use language that is **express** and **clear**, so as to leave **no ambiguity** about the identity of the document being referenced, nor any

2

reasonable doubt about the fact that the referenced document is being incorporated." *Northrop Grumman Info. Tech., Inc. v. U.S.*, 535 F.3d 1339, 1344 (Fed. Cir. 2008) (emphases altered); *see also* 37 C.F.R. § 1.57(c) ("an incorporation by reference must be set forth in the specification and must:  (1) Express a clear intent to incorporate by reference by using the root words 'incorporat(e)' and 'reference' (e.g., 'incorporate by reference'); and (2) [c]learly identify the referenced patent, application, or publication."); 69 Fed. Reg. 56500 (Sept. 21, 2004) (PTO commenting that with 37 C.F.R. § 1.57, "[t]he Office is attempting to bring greater clarity to the record and provide a bright line test as to where something being referred to is an incorporation by reference. . . . If a reference to a document does not clearly indicate an intended incorporation by reference, examination will proceed as if no incorporation by reference statement has been made and the Office will not expend resources trying to determine if an incorporation by reference was intended.").

On comparable facts in *Ledergerber Medical Innovations, LLC v. W.L. Gore & Associates, Inc.*, a court granted summary judgment of anticipation based on a parent application because the asserted patent did not incorporate that parent application by reference.  736 F. Supp. 2d 1172, 1180-81 (N.D. Ill. 2010).  The court reasoned that although the patent "identified the prior applications in the chain," "it did not specifically indicate that it was incorporating the disclosures of those applications," and as a "matter of law, the ***mere notation of prior applications is not sufficient to incorporate by reference*** any contents of those prior applications."  *Id*. (emphasis added; citing cases).  The court concluded that "[t]he reference to the earlier applications and patents in the chain contained in the [asserted patent] application was therefore insufficient to satisfy the written description requirement of § 112 as required for continuity of disclosure."  *Id*.

The '410 Application likewise does not include a clear, express, unambiguous statement incorporating by reference the '724 Patent.  Its sole incorporation statement—"The method and

operation of communication devices used herein are described in U.S. Pat. No. 7,031,728 **which is hereby incorporated by reference** and U.S. Pat. No. 7,630,724" (Ex. 6, ¶5 (AGIS200002267))—incorporates only the '728 Patent, not the '724 Patent.

The statement fails to incorporate the '724 Patent for three reasons. First, based on standard rules of grammar, the clause "which is hereby incorporated by reference" follows the reference to the '728 Patent and therefore refers back to the '728 Patent that immediately precedes it. The "which . . ." clause does not refer to the '724 Patent that appears later in the sentence. Second, the clause "which is hereby incorporated by reference" uses the singular verb "is," confirming that only one patent (i.e., the '728 Patent) is incorporated by reference, as opposed to incorporating multiple patents. Third, "[a]s a matter of law, the mere notation of prior applications is not sufficient to incorporate by reference any contents of those prior applications"; instead, an express statement of incorporation is required. *Ledergerber*, 736 F. Supp. 2d at 1180. Thus, the '410 Application's mere identification of the '724 Patent is insufficient to incorporate it by reference.

This exact issue on this exact patent has been decided before. Given these same facts and law, the PTAB explicitly found in three IPR proceedings that the '410 Application fails to incorporate by reference the '724 Patent. In *inter partes* review (IPR) proceedings concerning the '251 and '838 Patents, and the related '055 Patent that shares the same priority chain (*see* Ex. 13), the PTAB concluded that the '410 Application does not incorporate by reference the '724 Patent. Specifically, the PTAB found that the '724 Patent's sole incorporation statement used the phrase "incorporated by reference" to refer only to the '728 Patent. Ex. 8 ('251 IPR decision) at 18-20; Ex. 9 ('838 IPR decision) at 15-17; Ex. 10 ('055 IPR decision) at 15-17.

In expert discovery, AGIS offered opinions from its experts, Mr. McAlexander and Dr. Kia, stating that the '410 Application incorporates the '724 Patent. Ex. 11; Ex. 12. But this is not

a fact issue for expert opinion.  Incorporation by reference is instead a legal question.  *Hollmer*, 681 F.3d at 1355.  Further, an "ambiguity in incorporation does not suffice" for incorporation by reference.  *Id*. at 1358.  So even if the Court finds ambiguity in the incorporation statement, such ambiguity should be resolved against the patentee, AGIS.

## V.  CONCLUSION

Defendants respectfully request that the Court grant summary judgment that the '410 Application does not incorporate by reference the '724 Patent.

Dated: February 28, 2022

Respectfully submitted,

　　*/s/ G. Blake Thompson*

**G. Blake Thompson**
State Bar No. 24042033
Email: Blake@TheMannFirm.com
**J. Mark Mann**
State Bar No. 12926150
Email: Mark@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
201 E. Howard St.
Henderson, TX 75654
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*ATTORNEYS FOR DEFENDANTS GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND WAZE MOBILE LIMITED*

Neil P. Sirota
neil.sirota@bakerbotts.com
Timothy S. Durst
tim.durst@bakerbotts.com
Katharine Burke
katharine.burke@bakerbotts.com
Margaret M. Welsh
margaret.welsh@bakerbotts.com
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 408-2500
Fax: (212 408-2501

*ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on February 28, 2022.

       */s/ G. Blake Thompson*
       **G. Blake Thompson**