████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br>         Plaintiff, <br><br>     v. <br><br> GOOGLE LLC, <br><br>         Defendant. | § § § § § § § § § § | Case No. 2:19-cv-00361-JRG <br><br> **JURY TRIAL DEMANDED** <br><br> ████████████ |
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br>         Plaintiff, <br><br>     v. <br><br> WAZE MOBILE LIMITED, <br>        Defendant. | § § § § § § § § § § | Case No. 2:19-cv-00359-JRG <br><br> **JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br>         Plaintiff, <br><br>     v. <br><br> SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br>         Defendants. | § § § § § § § § § § § § § | Case No. 2:19-cv-00362-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES, NO WILLFUL INFRINGEMENT, AND NO INDIRECT INFRINGEMENT**

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................. 2

    A.    AGIS's Allegations Against The Defendants ............................................................ 2

    B.    AGIS's Pre-Suit Contacts With Defendants ............................................................ 2

    C.    AGIS's Failure To Comply With The Marking Requirement ............................... 3

    D.    AGIS's Lack Of Evidence Of Acts Of Inducement ................................................. 5

    E.    AGIS's Lack Of Evidence Of No Substantial Non-Infringing Uses ..................... 5

II.   STATEMENT OF DISPUTED ISSUES TO BE DECIDED ........................................... 6

III.  LEGAL STANDARD ......................................................................................................... 6

IV.   ARGUMENT ....................................................................................................................... 7

    A.    AGIS Is Not Entitled To Pre-Suit Damages .......................................................... 7

        1.    AGIS Failed To Comply With § 287's Marking Requirement ................. 7

        2.    AGIS Failed To Comply With § 287's Actual Notice Requirement ....... 10

    B.    AGIS Is Not Entitled To A Finding Of Willful Infringement ............................. 12

    C.    AGIS Cannot Prove Indirect Infringement ........................................................... 13

        1.    AGIS Has Failed To Identify Acts Inducing Infringement .................... 13

        2.    AGIS Has Failed To Show No Substantial Non-Infringing Uses ........... 14

V.    CONCLUSION.................................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ................................................................................... 7, 11

*Amsted Indus. Inc. v. Buckeye Steel Casting Co.*,
  24 F.3d 178 (Fed. Cir. 1994) ...................................................................................... 10

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..................................................................................................... 6, 7

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ................................................................................. 8, 9

*Barry v. Medtronic, Inc.*,
  914 F.3d 1310 (Fed. Cir. 2019) ..................................................................................... 13

*Bayer Healthcare LLC v. Baxalta Inc.*,
  989 F.3d 964 (Fed. Cir. 2021) ...................................................................................... 12

*Byers v. Dallas Morning News, Inc.*,
  209 F.3d 419 (5th Cir. 2000) .......................................................................................... 7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)......................................................................................................... 6

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)..................................................................................................... 13

*Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*,
  424 F.3d 1293 (Fed. Cir. 2005) ..................................................................................... 14

*Devices for Medicine, Inc. v. Boehl*,
  822 F.2d 1062 (Fed. Cir. 1987) ....................................................................................... 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016)..................................................................................................... 12

*Intellectual Ventures*,
  2019 WL 1987172 ............................................................................................................ 12

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ...................................................................................... 13

*Massachusetts Institute Of Technology v. Abacus Software, Inc.*,
  No. 5:01-cv-344, 2004 WL 5268123 (E.D. Tex. Aug. 4, 2004).............................. 11

**TABLE OF AUTHORITIES**
**cont.**

**Page**

*Maxwell v. J. Baker, Inc.*,
 86 F.3d 1098 (Fed. Cir. 1996) ........................................................................................... 7

*Moayedi v. Compaq Computer Corp.*,
 98 F. Appx. 335 (5th Cir. 2004) ........................................................................................ 7

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
 No. 2:16-CV-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ............................... 12

*Semcon IP Inc. v. Huawei Device USA Inc.*,
 No. 2:16-cv-00437-JRG-RSP, 2017 WL 6343771 (E.D. Tex. Dec. 12, 2017 ........................... 9

*Siemens Mobility Inc. v. Westinghouse Air Brake Technologies Corp.*,
 C.A. No. 16-284-LPS-CJB, 2018 WL 7893901 (D. Del. Dec. 17, 2018) ......................... 11, 12

*Soverain Software LLC v. Amazon.com, Inc.*,
 383 F. Supp. 2d 904 (E.D. Tex. 2005) .............................................................................. 7, 11

*Stryker Corp. v. Zimmer, Inc.*,
 837 F.3d 1268 (Fed. Cir. 2016) ....................................................................................... 10

*U.S. v. Lawrence*,
 276 F.3d 193 (5th Cir. 2001) ........................................................................................... 7, 13

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
 2:17-CV-456-JRG, 2018 WL 6787356 (E.D. Tex. Nov. 14, 2018) ........................................ 7

**Statutes**

35 U.S.C. § 287 ................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 56(a) .......................................................................................................... 6

███████████████████████

Defendants Google LLC ("Google"), Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. ("Samsung"), and Waze Mobile Ltd. ("Waze") move for partial summary judgment of Plaintiff AGIS Software Development LLC's ("AGIS") claims for pre-suit damages, willful infringement, and indirect infringement.

To recover pre-suit damages under 35 U.S.C. § 287, a plaintiff bears the burden of demonstrating that it complied with the statute's marking requirement or that it provided pre-suit notice of infringement of the asserted patents to the Defendants.  Here, AGIS admits that its own LifeRing product is subject to § 287's marking requirement as AGIS contends that LifeRing product practices at least one claim of each asserted patent.  But AGIS produced no evidence to demonstrate that it marked LifeRing before filing the present lawsuits in November 2019.  █████

████████████████████████████████████

███████████████████████████

AGIS did not otherwise comply with § 287 by providing pre-suit notice of the infringement to the Defendants.  In fact, for Samsung and Waze, AGIS admits that neither defendant even had pre-suit knowledge of the two patents asserted against them.  For Google, AGIS contends only that Google had pre-suit knowledge of *some* of the asserted patents based on Google's receipt of subpoenas and filing of IPRs in connection with lawsuits that AGIS filed against *other* parties. But to comply with § 287, AGIS was required to affirmatively communicate to **Google** a specific charge of infringement by a specific accused product for each asserted patent.

AGIS's failure to provide pre-suit notice of infringement also dooms its claims of willful, induced, and contributory infringement, as all have a similar knowledge requirement, under which a defendant must know of the asserted patent and, further, that its actions infringe.  And AGIS has produced no evidence to satisfy the other elements of induced and contributory infringement.

1

██████████████████████

## I.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    AGIS's Allegations Against The Defendants

1.    AGIS filed the present actions against the Defendants on November 4, 2019.

2.    In the case against Google, AGIS currently asserts five patents ("Patents-in-Suit"), summarized in the table below.  Dkt. 1 (Google Case) at ¶1; Dkt. 231 (withdrawing '055 Patent). AGIS alleges that Google infringes based on its software products Google Maps and Find My Device and on its mobile devices that run those software products.  *Id*. at ¶86-87.

| Patent | Filing Date | Issue Date |
|---|---|---|
| U.S. 8,213,970 ("'970 Patent") | November 26, 2008 | July 3, 2012 |
| U.S. 9,467,838 ("'838 Patent") | October 31, 2014 | October 11, 2016 |
| U.S. 9,445,251 ("'251 Patent") | February 27, 2015 | September 13, 2016 |
| U.S. 9,749,829 ("'829 Patent") | February 27, 2015 | August 29, 2017 |
| U.S. 9,820,123 ("'123 Patent") | September 1, 2016 | November 14, 2017 |

3.    In the case against Samsung, AGIS asserts two patents, the '829 and '123 Patents. Dkt. 1 (Samsung Case) at ¶1.  AGIS alleges that Samsung infringes because its mobile devices run Google Maps, Find My Device, and a Samsung application called Find My Mobile.  *Id*. at ¶15-16.

4.    In the case against Waze, AGIS asserts the '829 and '123 Patents based on Waze's software product, also called Waze.  Dkt. 1 (Waze Case) at ¶1, 13.

5.    At the outset of the case, AGIS asserted at least one apparatus claim of each Patent-in-Suit against each Defendant.  Ex. 1 at 2; Ex. 2 at 2; Ex. 3 at 2.

### B.    AGIS's Pre-Suit Contacts With Defendants

6.    AGIS does not allege that it had any pre-suit contact with Waze, and AGIS concedes that Waze did not have any knowledge of the '829 and '123 Patents until the filing of the Complaint on November 4, 2019.  Ex. 14 at 19.

2



7.    AGIS does not allege that it had pre-suit contact with Samsung about the '829 and '123 Patents, and AGIS concedes that Samsung had no knowledge of those patents before the filing of the Complaint on November 4, 2019.  Ex. 13 at 19.

11.    On June 21, 2017, AGIS filed lawsuits against other parties, Apple, HTC, LG, Huawei, and ZTE in this District, asserting the same Patents-in-Suit as in this action, except for the '123 Patent, and its allegations implicated the same Google software at issue in this case, Google Maps and Find My Device.  *See* Case Nos. 2:17-CV-513, -514, -515, -516, -517 (E.D. Tex.); *e.g.*, Ex. 26 (LG Complaint).

12.    In connection with the prior lawsuits, AGIS served subpoenas on Google on August 23, 2018.  *E.g.*, Ex. 17.  And starting on May 15, 2018, Google filed IPR petitions against the '970, '055, '251, and '838 Patents.  *See* IPR2018-1079 to 1088, IPR2019-403.

**C.    AGIS's Failure To Comply With The Marking Requirement**

3



For example, Apple continues to sell iPhones running the Apple Maps and Find My iPhone/Friends software that AGIS accused of infringement. Exs. 20-21; Ex. 25 (Apple Complaint). In June 2019, Apple released a new application, "Find My," that merged the features of the "Find My iPhone" and "Find My Friends" into a single application. Ex. 24.

16.     LG continues to sell the accused V40 and V50 smartphones with the Google software that AGIS accused of infringing; Exs. 22-23; Ex. 26 (LG Complaint).

17.     AGIS asserts that it developed a product called LifeRing that practices at least one claim of each Patent-in-Suit. Ex. 1 at 7. AGIS has been selling versions of LifeRing continuously since 2004, through the present day. Ex. 12 at 9-17.

18.     AGIS contends that it complied with the marking requirement for LifeRing by identifying patents covering LifeRing on a webpage, https://www.agisinc.com/about/patents/. Ex. 12 at 38-39. But AGIS has failed to identify when that webpage started or when any of the Patents-in-Suit were first listed there, including in the testimony of its corporate witness on marking topics. Ex. 27 at 9-10; Ex. 19 at 282:13-19, 283:17-284:1.

4

███████████████████████

**D.    AGIS's Lack Of Evidence Of Acts Of Inducement**

19.    AGIS has not identified any acts by Defendants to induce or encourage end users of the products to directly infringe any asserted claims.  Ex. 12 (Google) at 18-21; Ex. 13 (Samsung) at 18-19; Ex. 14 (Waze) at 18-19.

20.    In opining on induced infringement in their expert reports, AGIS's technical experts, Mr. Joseph McAlexander and Dr. Omid Kia, provide only vague, citation-less references to each Defendant providing "marketing and promotional materials" through websites, "User Manuals and help pages," or "tutorials" and "YouTube videos" relating to the accused software products.  *E.g.*, Ex. 28 (Google for '123 Patent) at ¶15; Ex. 29 (Samsung for '123 Patent) at ¶15; Ex. 30 (Waze for '123 Patent) at ¶9.  AGIS's experts, however, do not identify documents, testimony, or other evidence to support their assertions, nor do they identify a single instance of a Defendant actually encouraging a user to use the accused products in an infringing manner.  *Id*.

**E.    AGIS's Lack Of Evidence Of No Substantial Non-Infringing Uses**

21.    In opining on contributory infringement in their expert reports, Mr. McAlexander and Dr. Kia each provided only a citation-less, one-sentence assertion that the accused products have "no substantial non-infringing use."  *E.g.*, Ex. 28 (Google for '123 Patent) at ¶16; Ex. 29 (Samsung for '123 Patent) at ¶16; Ex. 30 (Waze for '123 Patent) at ¶10.

22.    At their depositions, Mr. McAlexander and Dr. Kia agreed with Defendants' expert Dr. Andrew Wolfe's opinions that the accused software applications, Google Maps, Find My Device, Find My Mobile, and Waze, have many features and uses beyond what AGIS has accused of infringement.  Ex. 31 at ¶807, 812, 824, 828; Ex. 32 at 164:13-165:10; Ex. 33 at 128:20-130:23, 135:2-138:6, 138:8-142:7.

## II.    STATEMENT OF DISPUTED ISSUES TO BE DECIDED

1.    Whether AGIS has failed to meet its burden of showing its compliance with the marking and notice requirements of § 287, and therefore cannot claim pre-suit damages.

2.    Whether AGIS can claim against Google:

    a.  Willful infringement and indirect infringement of any of the Patents-in-Suit, when Google had no pre-suit knowledge of infringement of the Patents-in-Suit;

    b.  Willful infringement and indirect infringement of the '829 and '123 Patents when Google had no pre-suit knowledge of those patents;

3.    Whether AGIS can claim against Samsung willful and indirect infringement of the '829 and '123 Patents when Samsung had no pre-suit knowledge of those patents;

4.    Whether AGIS can claim against Waze willful and indirect infringement of the '829 and '123 Patents when Waze had no pre-suit knowledge of those patents;

5.    Whether AGIS can claim induced infringement when there is no evidence that any Defendant has committed acts inducing end users of the accused products to directly infringe; and

6.    Whether AGIS can claim contributory infringement when Defendants' accused products have substantial non-infringing uses.

## III.    LEGAL STANDARD

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of fact is "genuine" only if evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden on summary judgment by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning*

*News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424. The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. Appx. 335, 338 (5th Cir. 2004). Rather, the court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment. *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

## IV.    ARGUMENT

### A.    AGIS Is Not Entitled To Pre-Suit Damages

A party "is entitled to damages from the time when it either began marking its products in compliance with section 287(a) or when it actually notified [the infringer] of its infringement, whichever is earlier." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). AGIS is not entitled to claim pre-suit damages against any Defendant because it has not satisfied either of § 287's conditions of complying with the statute's marking requirement or providing pre-suit notice of infringement to any Defendant.

### 1.    AGIS Failed To Comply With § 287's Marking Requirement

The marking requirement applies to the patentee's own products that practice an asserted patent as well as to products of licensees made or sold under a license to the asserted patent. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996); *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 908-09 (E.D. Tex. 2005). The requirement applies to any patent for which the patentee has asserted or is asserting at least one apparatus claim. *Am. Med.*, 6 F.3d at 1438-39; *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, 2:17-CV-456-JRG, 2018 WL 6787356, at *1 (E.D. Tex. Nov. 14, 2018) (granting summary judgment as to marking and holding

7

██████████████████████████████

that "once apparatus and method claims are asserted, as is the case here, the requirements of the marking statute are triggered . . . even where, as here, the apparatus claims are later dropped"). The patentee bears the burden of proving its compliance with the marking requirement. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

The marking obligation applies here because AGIS has asserted or is asserting at least one apparatus claim of each Patent-in-Suit, and there are two groups of products that AGIS itself has identified as practicing claims of each of the Patents-in-Suit: (1) AGIS's LifeRing product that AGIS has been offering for sale from 2004 to the present day (Ex. 1 at 7; Ex. 12 at 9-17); and

███████████████████████████████████████████████

███████████████████████████████████████████████

████████  AGIS cannot show compliance with § 287 for either group of products.

AGIS's only evidence of marking LifeRing is a webpage, https://www.agisinc.com/about/patents/. But AGIS has failed to provide any evidence of the date when that webpage was created or when any of the Patents-in-Suit were first listed on it, despite repeated discovery requests specifically asking for those dates. Ex. 27 at 9-10 (Interrogatory No. 16 and responses thereto); Exs. 15-16. And AGIS's corporate witness on marking topics, Mr. Beyer, did not know when the webpage started. Ex. 19 at 282:13-19, 283:17-284:1. AGIS has thus failed to meet its burden of showing that it marked its webpage before it filed the Complaint on November 4, 2019.

Nor can AGIS meet its burden of showing its compliance with § 287 for the second group of products. For a patentee to comply with the marking statute with respect to licensee's products, a patentee must include provisions in the relevant license agreement requiring the licensee to mark its products that practice the licensed patents. *E.g., Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987). ████████████████████████████████████████-

8

9

■■■■■■■■■■■■■■■■

### 2.    AGIS Failed To Comply With § 287's Actual Notice Requirement

AGIS also cannot satisfy § 287's other prong for recovering pre-suit damages:  providing "proof that the infringer was notified of the infringement."  As AGIS concedes, it had no pre-suit contact with Defendants Samsung and Waze about the '829 and '123 Patents asserted against them, and neither of them had knowledge of those patents until the Complaints were filed.  Ex. 13 (Samsung) at 18-19; Ex. 14 (Waze) at 18-19.



AGIS also identified lawsuits that it filed in June 2017, against *other* parties (Apple, HTC, ZTE, Huawei, and LG), and IPRs that Google filed against the '251, '838, '055, and '970 Patents, or subpoenas that Google received in 2018, in connection with those lawsuits.  But § 287 requires that "the patentee affirmatively communicate[] to the alleged infringer a specific charge of infringement by a specific accused product or device[;] . . . [t]he notice must be of the alleged

10

infringement, not merely notice of the patent's ownership or existence." *Soverain*, 383 F. Supp. 2d at 908. The "notice of infringement must . . . come from the patentee," not another party. *Am. Med.*, 6 F.3d at 1537 n.18.

None of the activities AGIS identifies from 2017-18 constitutes a charge of infringement communicated ***from AGIS to Google***. The fact that AGIS sued ***other*** parties for infringement and served subpoenas on Google would, at best, have informed Google of those lawsuits and some of AGIS's patents. As this District stated in *Massachusetts Institute Of Technology v. Abacus Software, Inc.*, "actual notice requires informing the recipient of [1] the identity of the patent and [2] the activity that is believed to be an infringement, [3] accompanied by a proposal to abate the infringement" and "because actual notice under § 287(a) requires action by the patentee, deciding whether a patentee's communication complies with the statute ***does not turn on the knowledge or understanding of the alleged infringer***." No. 5:01-cv-344, 2004 WL 5268123, at *70, 73 (E.D. Tex. Aug. 4, 2004) (emphasis added). Applying those principles, this District granted summary judgment that the actual notice requirements were not satisfied where the patentee sent pre-suit letters to the defendant and the defendant's customers informing them of the asserted patent and seeking a license, but never specifically accused defendant of infringing. *Id.* at *73-74. Similarly, in *Siemens Mobility Inc. v. Westinghouse Air Brake Technologies Corp.*, the court granted summary judgment of no pre-suit damages, finding the notice requirement was not satisfied where the patentee only provided notice of infringement to "[defendant's] customer, but did not initially communicate with [defendant] directly." C.A. No. 16-284-LPS-CJB, 2018 WL 7893901 at *3 (D. Del. Dec. 17, 2018). Importantly, the court considered irrelevant that the defendant later learned of plaintiff's patent and allegations, and hired a law firm to investigate, because "a reasonable juror could not find that [defendant] was informed of the identity of the patent and the

11

██████████████████████████

activity that is believed to be an infringement." *Id*. at \*4 (citations and quotations omitted).

Accordingly, AGIS cannot show compliance with § 287, and is not entitled to pre-suit damages.

### B.    AGIS Is Not Entitled To A Finding Of Willful Infringement

The lack of pre-suit notice or knowledge of infringement for pre-suit damages also precludes AGIS's willful infringement claim.  Willful infringement requires that a defendant's infringement be "intentional or knowing." *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-CV-1032-JRG, 2017 WL 8727249, at \*2 (E.D. Tex. Sept. 22, 2017).  That is, the accused infringer must have knowledge of the patent, and "the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.,* 989 F.3d 964, 987 (Fed. Cir. 2021) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016)).

Here, there is no evidence that any defendant had knowledge or specific intent to infringe. For Samsung and Waze, neither even had knowledge of the patents asserted against them before the present actions were filed on November 4, 2019.

For Google, as discussed, AGIS never communicated any charge of infringement before it filed its Complaint on November 4, 2019.  ██████████████████

████████████████████████████████████

████████████████████████    On similar facts, this Court granted summary judgment of no willfulness because plaintiff's "pointing out knowledge of the parent of one of the asserted patents or knowledge of other patents that share the same inventor as one of the asserted patents is insufficient" for willfulness." *Intellectual Ventures*, 2019 WL 1987172, at \*2.  AGIS's service of subpoenas to Google as part of its cases against other parties in 2017 also fails to support that Google knew that it infringed.  AGIS has not otherwise disclosed or produced in discovery any evidence to suggest that Google actually acquired the knowledge necessary to support a willful

12

infringement claim. *See Lawrence*, 276 F.3d at 197 (a nonmovant must produce "significant probative evidence" to dismiss a request for summary judgment supported by the movant).

### C. AGIS Cannot Prove Indirect Infringement

The lack of pre-suit notice or knowledge of infringement also supports summary judgment of no induced or contributory infringement. Both forms of indirect infringement require knowledge of the patent and of infringement. "[L]iability for induced infringement can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quotations omitted). Contributory infringement requires the defendant to have knowledge that its product or component is "especially made or especially adapted for use in an infringement" of an asserted patent. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).

Defendants Samsung and Waze did not even have knowledge of the two patents asserted against them before AGIS filed its lawsuits, let alone knowledge of infringement. For Google, AGIS never provided notice of any charge of infringement before it filed its Complaint. And AGIS has produced no evidence through discovery to suggest that Google knew that its actions or products would cause infringement. *See Lawrence*, 276 F.3d at 197 (a nonmovant must produce "significant probative evidence" to dismiss a request for summary judgment supported by the movant). Further, as detailed below, AGIS's indirect infringement claims fail for the independent reason that AGIS has not identified any evidence to support the other elements of those claims.

### 1. AGIS Has Failed To Identify Acts Inducing Infringement

Induced infringement requires "[e]vidence of active steps taken [by the defendant] to encourage direct infringement" by others, such as "advertising an infringing use," "instructing how to engage in an infringing use," and assisting in performing an infringing use. *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (citations and quotations omitted). AGIS has proffered

13

no evidence to satisfy these required elements.  In response to Defendants' interrogatory seeking the basis for AGIS's inducement claims, AGIS did not identify any acts of inducement.  Ex. 12 (Google) at 18-21; Ex. 13 (Samsung) at 18-19; Ex. 14 (Waze) at 18-19.  Its expert reports on infringement, meanwhile, offer nothing more than vague, citation-less references to "marketing and promotional materials" through websites, "User Manuals and help pages," or "tutorials" and "YouTube videos" relating to the accused software products.  *E.g.*, Ex. 28 (Google for '123 Patent) at ¶15; Ex. 29 (Samsung for '123 Patent) at ¶15; Ex. 30 (Waze for '123 Patent) at ¶9.  But AGIS's experts do not identify any examples of such documents, webpages, or videos to support their threadbare assertions.  The experts in their depositions also could not identify any specific documents from Defendants instructing or encouraging users on how to employ the accused products in an infringing manner.  Ex. 32 at 124:7-127:5, 296:12-302:7; Ex. 33 at 178:12-180:16.

### 2.   AGIS Has Failed To Show No Substantial Non-Infringing Uses

To prevail on a claim of contributory infringement, a plaintiff must prove that the accused products or components have "no substantial non-infringing uses."  *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc*., 424 F.3d 1293, 1312 (Fed. Cir. 2005).  AGIS has not put forward any evidence to show "no substantial non-infringing uses."  In response to an interrogatory seeking the basis for AGIS's contributory infringement claims, AGIS did not address substantial non-infringing uses.  Ex. 12 (Google) at 18-21; Ex. 13 (Samsung) at 18-19; Ex. 14 (Waze) at 18-19.  AGIS's expert reports provide only a conclusory, one-sentence assertion that the accused products collectively have "no substantial non-infringing uses," with no citation to any supporting evidence or any opinion specific to any product.  *E.g.*, Ex. 28 (Google for '123 Patent) at ¶16; Ex. 29 (Samsung for '123 Patent) at ¶16; Ex. 30 (Waze for '123 Patent) at ¶10.

Meanwhile, Defendants' expert Dr. Wolfe opined that each of the accused software products — Google Maps, Find My Device, Find My Mobile, and Waze — has many uses beyond

14

████████████████████████

those accused of infringing.  Ex. 31 at ¶807, 812, 824, 828.  For example, beyond the accused location sharing feature for Google Maps, Google Maps has over twenty other features and uses. *Id.* at ¶812.  Similarly, Waze has about a dozen other features and uses beyond the accused location sharing feature.  *Id.* at ¶828.  In their depositions, AGIS's experts Mr. McAlexander and Dr. Kia agreed with Dr. Wolfe's opinions that the accused software products have many non-infringing features and uses.  Ex. 32 at 164:13-165:10; Ex. 33 at 128:20-130:23, 135:2-138:6, 138:8-142:7.

## V.     CONCLUSION

Defendants respectfully request that the Court grant summary judgment that:

1) AGIS has failed to meet its burden of showing its compliance with the marking and notice requirements of § 287, and therefore cannot claim pre-suit damages.

2) As to Google, AGIS cannot claim willful infringement of any of the Patents-in-Suit and induced or contributory infringement of any of the Patents-in-Suit, when Google had no pre-suit knowledge of infringement.

3) As to Samsung, AGIS cannot claim willful, induced, or contributory infringement of the '829 and '123 Patents because Samsung had no pre-suit knowledge of those patents.

4) As to Waze, AGIS cannot claim willful, induced, or contributory infringement of the '829 and '123 Patents because Samsung had no pre-suit knowledge of those patents.

5) AGIS cannot claim induced infringement because there is no evidence that any Defendant has committed acts inducing end users of the accused products to directly infringe.

6) AGIS cannot claim contributory infringement because Defendants' accused products have substantial non-infringing uses.

15

████████████████████

Dated: February 28, 2022

Respectfully submitted,

   /s/ G. Blake Thompson
**G. Blake Thompson**
State Bar No. 24042033
Email: Blake@TheMannFirm.com
**J. Mark Mann**
State Bar No. 12926150
Email: Mark@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
201 E. Howard St.
Henderson, TX 75654
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

***ATTORNEYS FOR DEFENDANTS GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND WAZE MOBILE LIMITED***

16

Neil P. Sirota
neil.sirota@bakerbotts.com
Katharine Burke
katharine.burke@bakerbotts.com
Margaret M. Welsh
margaret.welsh@bakerbotts.com
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 408-2500
Fax: (212 408-2501

*ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on February 28, 2022.

*/s/ G. Blake Thompson*
**G. Blake Thompson**

17