## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **AGIS SOFTWARE DEVELOPMENT LLC,** | § § § | **Case No. 2:19-cv-00361-JRG** |
| **Plaintiff,** | § § § | ██████████ |
| v. | § § § | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | § § | |
| **Defendant.** | § § § | |

## GOOGLE'S MOTION FOR SUMMARY JUDGMENT OF NO DIRECT INFRINGEMENT BY GOOGLE

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................. 1

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................. 2

        A.      AGIS's Only Theory Of Direct Infringement For The Device Method
                Claims Is Testing .................................................................................................. 2

        B.      FMD Is Not Pre-installed ...................................................................................... 3

IV.     LEGAL STANDARDS ................................................................................................ 5

V.      ARGUMENT ............................................................................................................... 5

        A.      Google Does Not Directly Infringe Any Asserted Device Method Claims ............ 5

        B.      No Direct Infringement Of The '970 and '251 Patent Apparatus Claims
                By FMD Because FMD Is Not Pre-Installed On Any Accused Device ................. 6

VI.     CONCLUSION ............................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*,
    555 F.3d 984 (Fed. Cir. 2009)...................................................................................................... 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)...................................................................................................................... 5

*Centillion Data Sys. LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011).................................................................................................... 8

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993).......................................................................................................... 5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014)...................................................................................................................... 5

*Nazomi Commc'ns, Inc. v. Nokia Corp.*,
    739 F.3d 1339 (Fed. Cir. 2014)............................................................................................... 6, 8

*Vocalife LLC v. Amazon.com, Inc.*,
    No. 2:19-CV-00123-JRG, 2020 WL 5815950 (E.D. Tex. Sept. 30, 2020) ............................... 5

### RULES

Fed. R. Civ. P. 56(a) ......................................................................................................................... 5

## I.  **INTRODUCTION**

Defendant Google LLC ("Google") moves for summary judgment on two of AGIS's direct infringement theories relating to user devices.

First, AGIS contends that the method claims it asserts against the operation of user "device[s]" ("device method claims") are directly infringed in two ways—(1) by Google, through internal testing; and (2) by users, through their use of the accused Google Maps and Find My Device ("FMD") applications.  With respect to its direct infringement allegations against Google, AGIS fails to present any evidence of testing that allegedly meets the limitations of the asserted claims.  Instead, AGIS, through its expert, cites to conclusory mentions of testing without even attempting to map a single instance of testing to the asserted claims.  Google therefore respectfully requests a finding that it does not directly infringe the asserted device method claims by performing internal testing.

Second, AGIS asserts that various smartphones and other devices ("Accused Devices") infringe apparatus claims including user "device[s]" as a required element ("device apparatus claims") based on the presence of the FMD application.  But AGIS ignores that the Accused Devices are not made or sold with the accused FMD application pre-installed.  Rather, FMD must be installed by a user, if at all, only *after* purchasing an Accused Device.  Thus, the Accused Devices do not have the accused FMD functionality until users decide to modify them by downloading the application.  For this reason, the manufacture and/or sale of Accused Devices cannot directly infringe the asserted device apparatus claims as a matter of law.

## II.  **STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

1.  Whether Google is entitled to summary judgment that it does not directly infringe any asserted device method claims because AGIS has no evidence that Google directly infringes by testing.

1

2. Whether Google is entitled to summary judgment of no direct infringement of the device apparatus claims of the '970 and '251 Patents by FMD because it is not pre-installed on any of the accused devices.

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1. AGIS asserts a number of claims against Google and Google software applications. The asserted claims that recite user "device[s]" and are subject to this motion are shown below:[1]

| | Accused Software Applications | Device Method Claims | Device Apparatus Claims |
|---|---|---|---|
| **Accused Google Products** | FMD | **'970** cls. 10, 11, 12, 13 <br> **'838** cls. 1, 5, 10, 19, 27, 38, 40 <br> **'829** cls. 41, 60 | **'970** cl. 2 <br> **'251** cls. 24, 29, 35 |
| | Google Maps | **'838** cls. 1, 5, 10, 19, 27, 38, 40 <br> **'123** cls. 16, 17, 22 <br> **'829** cls. 41, 60 | |

### A.    AGIS's Only Theory Of Direct Infringement For The Device Method Claims Is Testing

2. For the asserted device method claims, AGIS and Mr. McAlexander rely on use of the accused products to claim infringement. Ex. 1 ¶ 149

3. Mr. McAlexander opines that "for the method claims, Google imports, makes, and/or sells products that, ***when used in operation***, practice all of the elements of that claim." Ex. 1 ¶ 149 (emphasis added).

4. Regarding direct infringement by Google, Mr. McAlexander contends that "Google directly infringes by testing the Google Accused Products." *Id.*; *see also* Ex. 3 at B-a1, Ex. 7 at F-a1.

5. But Mr. McAlexander does not cite evidence of any purported "testing" to meet every limitation of any claim. For example, the device method claims of the '838, '123, and '829 Patents

---

[1] This shows only the claims and products that AGIS mapped in its infringement expert reports.

all recite a "group," which the parties agreed is "more than two participants associated together" and the Court adopted this construction. Dkt. No. 147 at 11. Mr. McAlexander contends that "direct infringement by Google (via testing) [] occurs when three or more devices are associated." Ex. 1 ¶ 154. But he cites no evidence of a "group" with three or more devices ever being formed in any Google testing. *Id.*

6.    Mr. McAlexander's only purported evidence related to testing is a footnote in his report that states:  "The following documents describe testing of the representative accused products" and lists a number of documents. *See, e.g.*, Ex. 3 at B-4 n.2. He does not contend that the alleged testing described in the documents actually practices any of the claims. *Id.* Nor does he map any of the evidence to any element of any asserted claim. *See, e.g.*, Ex. 3 *generally*.

## B.    FMD Is Not Pre-installed

7.    ██████████████████████████████████████████████

████████████████████████████████

8.    ██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

9.    ██████████████████████████████████████████████

████████████████████████    ████████████████

██████████████████████████████████████████████

████████████████████████████

3



10. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████.

11. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

---

2 ████████████████████████████████████████████████████
████████████████████████████████

## IV.   LEGAL STANDARDS

Summary judgment should be granted if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Summary judgment is proper if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## V.   ARGUMENT

### A.   Google Does Not Directly Infringe Any Asserted Device Method Claims

AGIS contends that Google infringes the device method claims by testing the Google Accused Products. Ex. 1 ¶¶ 149, 154; Ex. 2 at A-5. To prove that the Google directly infringes method claims, AGIS must prove that Google itself performed every step of each method claim. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014). AGIS cannot rely on mere sales of the Accused Devices and applications because "as a matter of law, a method claim is 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV-00123-JRG, 2020 WL 5815950, at *2 (E.D. Tex. Sept. 30, 2020) (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)). But as detailed below, AGIS does not cite any evidence of purported testing that meets every limitation of any asserted claim.

AGIS has failed to identify any instance of testing that meets every limitation of any asserted claim. The only evidence that AGIS's expert Mr. McAlexander cites relating to testing of any kind is a boilerplate assertion that some documents "describe testing." *See, e.g.*, Ex. 3 at B-4 n.2. But Mr. McAlexander does not map those documents that purportedly describe testing to any of the asserted claims. *See, e.g.*, Ex. 3 *generally*. And Mr. McAlexander admits that for any alleged testing to meet the "group" limitation of the '838, '829, and '123 Patents, there must be "three or more devices [] associated." Ex. 1 ¶ 154. ████████████████████████

5

██████████████████████████████████████████████████ In the absence of any evidence that any instance of testing meets every limitation of any asserted claim, AGIS's assertion that Google directly infringes the device method claims fails, and summary judgment is proper.

**B.      No Direct Infringement Of The '970 and '251 Patent Apparatus Claims By FMD Because FMD Is Not Pre-Installed On Any Accused Device**

AGIS asserts that Accused Devices equipped with the ████████████████ ████ user interface, infringe apparatus claims of the '970 and '251 Patents.  Exs. 2, 4.  But the Accused Devices are not made, sold, offered for sale, or imported with the FMD application pre-installed.    Instead, the Accused Devices need "the modification of installing the [FMD application]" to even satisfy AGIS's infringement theory.  *See Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014).  Thus, under *Nazomi*, Google cannot infringe the apparatus claims as a matter of law.

In *Nazomi*, the plaintiff asserted the same theory AGIS does here, i.e., that apparatus claims were infringed by hardware that would meet the claim limitations only upon installation of a particular software program.  *Id.* at 1345–46.  There, like here, the installation of the accused software program added functionality that was not present on the devices as sold.  *Id.* at 1346.  The Federal Circuit affirmed summary judgment of no infringement because installation of the accused software "constitutes 'modification' of the accused products."  *Id.* at 1345.

The facts here parallel those in *Nazomi*. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

6

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

AGIS's infringement theory relies ██████████████████████████████████████

█████████████████████████████████—to meet the asserted apparatus claims.  Indeed, the

asserted apparatus claims recite a ████████████████ "sender PDA/cell phone," that can send

a message or data to another device, and recites user-interface features such as "means for

controlling of the recipient PDA/cellphone," "means for allowing a manual response to be

manually selected from the response list," and "means for clearing the text message and a response

list from the display of the recipient PDA/cell phone."  '970 Patent Cl. 2; '251 Patent Cls. 24, 29,

and 35.  Accordingly, AGIS's infringement theory relies on ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████.  *See also* Ex. 2 at A-a89, Ex. 4 at C-a190-191.  ███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████

Because the Accused Devices require modification—██████████████████████████

█████████████—to satisfy AGIS's infringement theory, there is no direct infringement. *Nazomi*, 739 F.3d at 1346.  Simply put, the accused system is not completed or used until the customer downloads the software. *Centillion Data Sys. LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287–88 (Fed. Cir. 2011) (finding no infringement because "the entire system is not used until a customer loads software on its personal computer and processes data").

AGIS also contends that the Accused Devices infringe because users can use a web browser on the device to access the FMD webpage. *See, e.g.*, Ex. 2 at A-a165, Ex. 4 at C-a6.  █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████   ████████████████████

████████████████████████████████████████████████

█████████████   But merely being "reasonably capable of being put into the claimed

configuration is insufficient for a finding of infringement" of an apparatus claim. *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 555 F.3d 984, 995 (Fed. Cir. 2009). AGIS's theory violates this legal precept and would render any device with a web browser infringing.

## VI.    CONCLUSION

For the reasons above, Defendants respectfully request summary judgment that:

1. Google does not directly infringe the device method claims (shown in the table below) by internal "testing" because AGIS has not shown evidence of testing that meets any of the asserted claims.

| | Accused Software Applications | Asserted Method Claims |
|---|---|---|
| Accused Google Products | FMD | device claims:<br>**'970** cls. 10, 11, 12, 13<br>**'838** cls. 1, 5, 10, 19, 27, 38, 40<br>**'829** cls. 41, 60 |
| | Google Maps | device claims:<br>**'838** cls. 1, 5, 10, 19, 27, 38, 40<br>**'123** cls. 16, 17, 22<br>**'829** cls. 41, 60 |

2. Google's FMD does not directly infringe the device apparatus claims because AGIS cannot prove that the Accused Devices have the FMD application pre-installed. (**'970 Patent** cl. 2; **'251 Patent** cls. 24, 29, 35.)

Dated: February 28, 2022

Respectfully submitted,

/s/ J. Mark Mann

**J. Mark Mann**
State Bar No. 12926150
Email:  Mark@TheMannFirm.com
**G. Blake Thompson**
State Bar No. 24042033
Email : Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
201 E. Howard Street
Henderson, Texas 75654
Telephone:  (903) 657-8540
Facsimile:  (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email:  dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email:  dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email:  mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email:  btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

*ATTORNEYS     FOR     DEFENDANT
GOOGLE LLC*

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on February 28, 2022.

*/s/ J. Mark Mann*
**J. Mark Mann**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to Local P.R. 2-2.

Dated:  February 28, 2022                            */s/ J. Mark Mann*
                                                   **J. Mark Mann**

11