IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | Case No. 2:19-cv-00361-JRG |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | ▮▮▮▮▮▮▮▮▮▮ |
| GOOGLE LLC, | § § | |
| Defendant. | § § § § | |

**PLAINTIFF AGIS SOFTWARE DEVELOPMENT LLC'S
RESPONSE IN OPPOSITION TO DEFENDANT GOOGLE LLC'S
MOTION FOR SUMMARY JUDGMENT OF
<u>ABSOLUTE INTERVENING RIGHTS (DKT. 261)</u>**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS ...................... 1

III. RESPONSE TO STATEMENT OF DISPUTED ISSUE TO BE DECIDED BY THE COURT .................................................................................................................. 2

IV. LEGAL STANDARD ..................................................................................................... 2

    A. Summary Judgment ............................................................................................ 2

    B. Intervening Rights .............................................................................................. 2

V. ARGUMENT ................................................................................................................... 5

    A. The Asserted Claims Were Not Substantively Changed .................................... 5

    B. Absolute Intervening Rights Do Not Apply Because Claims 10-13 are Method Claims ................................................................................................... 8

VI. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................................................2

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*,
   1 F.3d 1214 (Fed. Cir. 1993)......................................................................................9

*Bloom Eng'g Co. v. North Am. Mfg. Co.*,
   129 F.3d 1247 (Fed. Cir. 1997).............................................................................4, 5

*Convolve, Inc. v. Compaq Comput. Corp.*,
   812 F.3d 1313 (Fed. Cir. 2016).............................................................................3, 7

*Intest Corp. v. Reid-Ashman Mfg. Inc.*,
   66 F. Supp. 2d 576 (D. Del. 1999)............................................................................3

*Kaufman Co., Inc. v. Lantech, Inc.*,
   807 F.2d 970 (Fed. Cir. 1986)...................................................................................4

*In re Kollar*,
   286 F.3d 1326 (Fed. Cir. 2002).................................................................................8

*Laitram Corp. v. NEC Corp.*,
   952 F.2d 1357 (Fed. Cir. 1991).........................................................................5, 7, 8

*Marine Polymer Techs., Inc. v. HemCon Inc.*,
   672 F.3d 1350 (Fed. Cir. 2012).........................................................................3, 4, 5

*Rockwell Int'l Corp. v. United States*,
   147 F.3d 1358 (Fed. Cir. 1998).................................................................................2

*Seattle Box Co. v. Indus. Crating & Packing Inc.*,
   731 F.2d 818 (Fed. Cir. 1984)...............................................................................3, 4

*Shockley v. Arcan, Inc.*,
   248 F.3d 1349 (Fed. Cir. 2001).................................................................................8

*Slimfold Mfg. Co., Inc. v. Kinkead Indus., Inc.*,
   810 F.2d 1113 (Fed. Cir. 1987).............................................................................5, 7

*Sonos, Inc. v. D&M Holdings., Inc.*,
   287 F. Supp. 3d 533 (D. Del. 2017)..........................................................................9


*Tennant Co. v. Hako Minuteman, Inc.*,
  878 F.2d 1413 (Fed. Cir. 1989)..........................................................................................8

Vocalife LLC v. Amazon.com, Inc.,
  No. 2:19-cv-00123-JRG, 2020 WL 4732189 (E.D. Tex. Aug. 14, 2020) ............................7, 9

**Statutes**

35 U.S.C. § 252............................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 56(a) ...............................................................................................................2

Plaintiff AGIS Software Development LLC ("AGIS" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Response in Opposition to Defendant Google LLC's ("Google" or "Defendant") Motion for Summary Judgment of Absolute Intervening Rights (Dkt. 261) (the "Motion").

## I.     INTRODUCTION

Defendant's Motion for Summary Judgment of Absolute Intervening Rights should be denied.  It is undisputed that the reexamination of the Asserted Claims of the '970 Patent are the direct result of Defendant's request for *ex parte* reexamination.  AGIS amended the Asserted Claims of the '970 Patent is the direct result of Defendant's reexamination request.

It is undisputed that the *same* Asserted Claims of the '970 Patent are asserted against Defendant.  AGIS does not seek to assert *new* claims.  Further, the amendments to the Asserted Claims of the '970 Patent did not substantively change the scope of the claims, and thus, absolute intervening rights do not apply.

## II.    RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

1. **Response:** Undisputed.

2. **Response:** Undisputed

3. **Response:** Undisputed.

4. **Response**:  Disputed as to the characterization.  During reexamination, AGIS proposed (as indicated in SOF 7 and 8 below) dependent claims with proposed clarifications which were dependent on independent claims 2 and 10, and the USPTO ultimately allowed and issued the claimed inventions of independent claims 2 and 10, as amended, with the proposed clarifications.

5. **Response:** Undisputed.  AGIS objects to any limiting characterizations.

6. **Response:** Undisputed.

7. **Response**: Undisputed. AGIS objects to any limiting characterizations.

8. **Response**: Undisputed. AGIS objects to any limiting characterizations.

9. **Response**: Undisputed.

10. **Response**: Undisputed.

### III. RESPONSE TO STATEMENT OF DISPUTED ISSUE TO BE DECIDED BY THE COURT

Whether Google has established that there are no genuine disputes of material fact that (1) AGIS has "substantively changed" the asserted claims of the '970 Patent during EPR proceedings; and (2) whether absolute intervening rights apply.

### IV. LEGAL STANDARD

#### A. Summary Judgment

A grant of summary judgment is appropriate only when there is no genuine issue of material fact, such that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). Thus, summary judgment may be granted only when no reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255. In considering whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of that party. *Id.*; *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358, 1361 (Fed. Cir. 1998).

#### B. Intervening Rights

Section 252 of the Patent Act governs intervening rights in the context of a reissue patent. According to that section:

> The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same

> effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but in so far as the claims of the original and reissued patents are substantially identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are substantially identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.

35 U.S.C. § 252.

Section 252 provides for two types of intervening rights: (1) absolute intervening rights which abrogate liability for infringing claims added to or modified from the original patent if the patented products were made, used, or sold before the reissue; and (2) equitable intervening rights that apply as a matter of judicial discretion to mitigate liability for infringing reissued claims as to patented products made, used, or sold, or to patented processes practiced, after the reissue. *See* 35 U.S.C. § 252; *Marine Polymer Techs., Inc. v. HemCon Inc.*, 672 F.3d 1350, 1361-62 (Fed. Cir. 2012). However, intervening rights "do not accrue . . . where the accused product or activity infringes a claim that existed in the original patent and remains 'without substantive change' after reissue." *Id.* at 1362 (citing *Seattle Box Co. v. Indus. Crating & Packing Inc.*, 731 F.2d 818, 827-28 (Fed. Cir. 1984)). "[I]t is well established, that intervening rights is an affirmative defense, and as such, the burden of proof rests on the party raising the defense." *Intest Corp. v. Reid-Ashman Mfg. Inc.*, 66 F. Supp. 2d 576, 582 (D. Del. 1999).

In determining whether intervening rights apply, the Court must first assess whether the reissued or reexamined claims are identical to the original claims. *Marine Polymer*, 672 F.3d at 1363. If the claims are identical, intervening rights are not triggered. *Id.* If the claims are not identical, the Court must then determine whether the claims have been substantially changed. *Id.* The mere addition of new words or changing the words in a claim does not compel a finding that the scope of the claims has been substantially changed. *See Convolve, Inc. v. Compaq Comput.*

3

*Corp.*, 812 F.3d 1313, 1322 (Fed. Cir. 2016).  Further, "[a]n amendment that clarifies the text of the claim or makes it more definite without affecting its scope is generally viewed as identical for the purpose of § 252."  *Bloom Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997).  Rather, this inquiry looks to whether the scope of the original and reissued or reexamined claims has been substantially altered in light of the specification.  *Marine Polymer*, 672 F.3d at 1363.  Further, the Court will look at the prosecution history and any other relevant evidence offered in the case in its analysis of the scope of the claims.  *See Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d 970, 977 (Fed. Cir. 1986).  If the scope of the new claims is different from the original, then the applicant has effectively surrendered any claims of infringement of the original patent.  *See Seattle Box*, 731 F.2d at 827-28.

Absolute intervening rights apply only to patented products made, used, or sold before the issuance of the reissue, and not to processes or methods.  According to Section 252, absolute intervening rights apply to:

> [A]ny person . . . who, prior to the grant of a reissue, made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by the reissued patent, to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, *the specific thing* so made, purchased, offered for sale, used, or imported unless the making, using, offering for sale, or selling of such thing infringes a valid claim of the reissued patent which was in the original patent.

35 U.S.C. § 252 (emphasis added).  Thus, under the plain language of the statute, the "specific thing" which may be used or sold after the reissue is the patented thing that was made, used, or sold prior to the reissue.

V.  ARGUMENT

A.  **The Asserted Claims Were Not Substantively Changed**

As a preliminary matter, AGIS does not dispute that the claims were amended during reexamination. However, AGIS disputes that the claims were *substantively changed*, such that absolute intervening rights apply.

The first inquiry of the intervening rights statutes assesses whether the reexamined claims are identical to the original claims. *Marine Polymer Techs.*, 672 F.3d at 1363. If the claims are identical to one another, then intervening rights are not triggered. *Id.* Whether the claims are "identical" does not assess whether identical words were used, but whether the scope of the claim is identical. *Slimfold Mfg. Co., Inc. v. Kinkead Indus., Inc.*, 810 F.2d 1113, 1116 (Fed. Cir. 1987) ("[I]t is the scope of the claim that must be identical, not that the identical words must be used."); *Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1361 (Fed. Cir. 1991) ("Referring to the legislative history of reexamination, the court remarked that no more rigorous standard was intended for reexamined claims than for reissued claims, wherein precedent had established that 'identical' in § 252 means without substantive change in the scope of the claims.").

The second inquiry is "whether those literal amendments to the claim language has effected substantive changes in claim scope." *Marine Polymer Techs.*, 672 F.3d at 1363. As set forth in AGIS's opposition to Google's Motion to Dismiss the '970 Patent, the amendments to the claims of the '970 Patent merely clarified what was already encompassed by the claimed invention of the '970 Patent, and thus, did not change the scope of the claimed invention. Dkt. 279. That amendments were made during reexamination does not necessarily compel a conclusion that the scope of the claims has substantively changed. *See Bloom Eng'g Co.*, 129 F.3d at 1250. The addition of new words or changing some words in a claim does not compel a finding that the scope of the claims has substantially changed. *See Slimfold Mfg. Co.*, 810 F.2d at 1116. Because

5

"[c]laims are not interpreted in a vacuum, but are a part of and are read in light of the specification," the amendments did not substantively change the scope of the claimed inventions.

As described in the specification of the '970 Patent, the amendments describe what was already included as part of a "forced message alert software application program" in the claimed inventions of claims 2 and 10. *See* Dkt. 279 at 10-11. For example, in the context of the forced message alert software application program, the specification describes "displaying a map with at least one symbol corresponding to the correct geographical location of a user and obtaining location and status data for that user." Dkt. 279 at 11 (citing to the '970 Patent at 6:22-42). The specification also contains disclosures for:[1]

- "provid[ing] a map for geographical display in each phone;"
- "databases and software application programs that provide for a geographical map and georeferenced entities that are shown as display portion 16b that includes as part of the display various areas of interest in the particular local map section;"
- "provide ACS that causes the exchange of identity, location and status data between the participants and the exchange of free text, preformatted text messages, photographs and videos;"
- "[b]ecause this data is of interest to all the network participants, the server forwards the data received from one participant to all other participants, thus providing the information necessary for all network participants to know the identity, location and status of all other network participants;"

---

[1] Defendant has made the same arguments with respect to its Motion to Dismiss the '970 Patent (Dkt. 249). Accordingly, AGIS hereby incorporates by reference its response in opposition to Defendant's Motion to Dismiss the '970 Patent. *See* Dkt. 279.

6

- "[a]lso shown on the display screen 16, specifically the geographical display 16b, is a pair of different looking symbols 30 and 34, a small triangle and a small square, which are not labeled;" and

- "[e]ach symbol is placed at the correct geographical location on the user display and is correlated with the map on the display."

Dkt. 279 at 11-12 (citing to the specification of the '970 Patent).

Further, that the asserted claims were amended during reexamination after a "rejection based on prior art," does not necessarily compel the conclusion that the claims were substantially changed. *See Convolve, Inc.*, 812 F.3d at 1322; *Laitram Corp.*, 952 F.2d at 1362-63 ("When claims are amended during reexamination following a rejection based on prior art, the claims are not deemed substantively changed as a matter of law. There is no *per se* rule. To determine whether a claim change is substantive it is necessary to analyze the claims of the original and the reexamined patents in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information.").[2] In this case, the amendments were clarifications of features that were already part of the forced message alert software application program, and thus there was no substantial change to the scope of the claimed inventions.

The claims viewed "in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information," reveal that the amendments to the Asserted Claims did not substantively change the scope of the claimed inventions. *See Slimfold*

---

[2] Defendant's reliance on *Vocalife LLC v. Amazon.com, Inc.*, is misplaced, where the plaintiff conceded that the claims are "substantially different." No. 2:19-cv-00123-JRG, 2020 WL 4732189, at *4 (E.D. Tex. Aug. 14, 2020) ("Accordingly, in view of the undisputed facts before the Court and the representations made by Vocalife's counsel, it is clear that the claims of the '049 Patent are substantively changed from the '756 Patent."); *see id.* ("Vocalife, in its response to the Motion, does not dispute that the addition of the DSP Limitation altered the claim scope of the only independent claims in this case."). In contrast, AGIS disputes that the amended claims are "substantially different."

*Mfg. Co.*, 810 F.2d at 1116 ("Claims are not interpreted in a vacuum, but are part of and are read in light of the specification."). The amendments to the claims merely made explicit certain details that were inherent in those claims as originally granted. *Laitram*, 952 F.2d at 1263; *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417 (Fed. Cir. 1989).

Nonetheless, Defendant fails to demonstrate that there are no genuine issues of material fact that warrant a finding of summary judgment. *Laitram*, 952 F.2d at 1364 ("A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-movant. Thus, although the interpretation of claims is a question of law, when it is necessary to resolve disputed issues of fact in the course of interpreting the claims, summary disposition is improper. ***The question of substantive change of the claims was fairly placed at issue***.") (citations omitted) (emphasis added).

### B. Absolute Intervening Rights Do Not Apply Because Claims 10-13 are Method Claims

While AGIS disputes that the Asserted Claims were substantively changed, absolute intervening rights do not apply to claims 10 through 13 because they are method claims.

The plain language of Section 252 establishes intervening rights for the use, offer for sale, sale, and importation after the reissue of "anything patented," as long as "the specific things" were made, used, offered for sale, sold, or imported before the reexamination certificate issued. In this context, "the specific things" refer to tangible articles, *see Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1360 (Fed. Cir. 2001), and a method or process is not a tangible article, but merely a series of acts or steps. *See In re Kollar*, 286 F.3d 1326, 1332 (Fed. Cir. 2002). There is no mention in the statute of any method or process. Since a method or process cannot be a "specific thing," the plain language of Section 252 excludes methods or processes from the patented subject matter that qualifies for absolute intervening rights.

8

The equitable intervening rights provision of Section 252 confirms this interpretation because it draws a clear distinction between a "thing," which is made, purchased, offered for sale, used, or imported, and a "process . . . that is practiced." *See* 35 U.S.C. § 252 ("The court . . . may provide for the continued manufacture, use, offer for sale, or sale of the thing made, purchased, offered for sale, used, or imported . . . and the court may also provide for the continued practice of any process patented by the reissue that is practiced . . . .") (emphasis added). If Congress intended for a "thing" or a "specific thing," which can be made, used, sold, etc., to include a process or method, it would have been unnecessary to include the "process" clause in the equitable intervening rights provision. Likewise, if a "thing" does not include a "process," then Congress would have included a "process" clause in the absolute intervening rights clause if, it intended for method claims to be subject to those rights. Either way, the plain language of Section 252 does not confer absolute intervening rights for method claims, and Defendant is not entitled to absolute intervening rights in this case because claims 10 through 13 are method claims. *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214 (Fed. Cir. 1993) ("The first sentence defines 'absolute' intervening rights. This sentence provides an accused infringer with the absolute right to use or sell **a product** that was made, used, or purchased before the grant of the reissue patent as long as this activity does not infringe a claim of the reissue patent that was in the original patent. This right is absolute . . . This absolute right extends only to anything made, purchased, or used before the grant of the reissue patent. In other words, **it covers products already made** at the time of reissue.") (emphasis added).

Defendant's (and this Court's)[3] reliance on *Sonos, Inc. v. D&M Holdings., Inc.*, is misplaced, where the court did not undertake a complete statutory interpretation analysis. 287 F.

---

[3] *Vocalife LLC*, 2020 WL 4732189, at *4.

9

Supp. 3d 533, 539 (D. Del. 2017). The *Sonos* court did not assess whether the language of the statute is plain and unambiguous and whether there exists a reasonable interpretation of "specific thing" as a "process" or "method." Rather, acknowledging that absolute intervening rights under § 252 was limited to a "specific thing" rather than a process, the district court's application of absolute intervening rights under § 252 to processes involved a factual finding that turned on whether "particular goods were made by a process." *Id.* at 540. Such facts do not apply here, where Defendant does not contend that the method claims are directed to a process for making a thing. Accordingly, Defendant's arguments to the contrary are unpersuasive and absolute intervening rights do not apply to claims 10 through 13 of the '970 Patent. At minimum, there are genuine disputes of material fact regarding this issue which preclude a finding of summary judgment.

## VI.   CONCLUSION

For all the foregoing reasons, Google's Motion for Summary Judgment of Absolute Intervening Rights (Dkt. 261) should be denied in its entirety.

Dated: March 14, 2022                                  Respectfully submitted

 */s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580

Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF AGIS SOFTWARE DEVELOPMENT LLC***



## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

/s/ *Vincent J. Rubino, III*
Vincent J. Rubino, III