NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., WAZE MOBILE LIMITED,**
*Petitioners*

2022-126

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 2:19-cv-00359-JRG, 2:19-cv-00361-JRG, and 2:19-cv-00362-JRG, Chief Judge J. Rodney Gilstrap.

**ON PETITION**

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

**O R D E R**

Google LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Waze Mobile Limited (collectively, "petitioners") seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to stay the underlying cases until the district court rules on petitioners' venue-related motions. AGIS

Software Development, LLC ("AGIS") opposes the petition. Petitioners reply.

I.

AGIS filed these three related patent infringement actions, which were consolidated for pretrial proceedings, in the Eastern District of Texas. Google moved to dismiss or transfer for improper venue pursuant to 28 U.S.C. § 1406 and Samsung and Waze each moved to transfer to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). Briefing was completed on those motions by late April 2020. The cases progressed through discovery and claim construction. Three weeks before the *Markman* hearing scheduled for October 30, 2020, petitioners moved the district court to stay proceedings pending resolution of the venue motions. On November 10, 2020, the district court issued an order denying a stay and setting a hearing for the venue motions. The court subsequently held its *Markman* hearing as scheduled and issued its claim construction order.

After hearing from the parties on the venue motions on December 4, 2020, the district court allowed for additional venue-related discovery as to Google's § 1406 motion. The court also granted Google leave to file a motion to transfer under § 1404(a) to the Northern District of California. Google subsequently filed its § 1404(a) motion and asked the court to reconsider granting a stay. On January 4, 2021, the court extended all deadlines by thirty days to allow for discovery and briefing on Google's motions. In light of that extension, the court concluded that a stay of all proceedings was unnecessary and denied the reconsideration request on January 13, 2021. The following month, however, it changed course and stayed proceedings because of *ex parte* reexaminations of the asserted patents.

Upon conclusion of the reexaminations, the district court issued an order in January 2022 lifting the stay and setting trial for the three actions for June 6, 2022. Given

Case 2:19-cv-00361-JRG Document 370 Filed 04/15/22 Page 3 of 4 PageID #: 35481
Case: 22-126    Document: 30    Page: 18    Filed: 04/15/2022

IN RE: GOOGLE LLC 3

the passage of time, the court denied all pending motions on the docket without prejudice to leave to refile.  On February 10, 2022, petitioners moved to reinstate their venue motions.  During a status conference held on February 18, 2022, AGIS objected to deciding Google's § 1406 motion on the prior submissions and argued that additional briefing was necessary to apprise the court of additional venue-related evidence disclosed by Google.  Following the conference, the district court issued an order that directed Google and AGIS to rebrief the § 1406 motion; reinstated petitioners' other venue motions; deconsolidated the cases; and rescheduled the trial in the Google action for August 22, 2022, while keeping the scheduled June 6, 2022, trial date for the Waze and Samsung actions.

Google, Waze, and Samsung filed this petition on February 22, 2022, seeking an order directing a stay of proceedings until resolution of the venue motions.  On March 1, 2022, petitioners moved the district court to reschedule the Samsung and Waze trials to follow the Google trial or to have all three cases tried together.  Although the district court has not yet acted on that motion, it has now denied Waze's, Google's, and Samsung's § 1404(a) motions, leaving only Google's § 1406 motion pending.

II.

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted).  A petitioner must satisfy three requirements: (1) the petitioner must "have no other adequate means to attain the relief" desired; (2) the petitioner must show that the "right to issuance of the writ is clear and indisputable"; and (3) the petitioner must convince the court that the writ is "appropriate under the circumstances."  *Id.* at 380–81 (internal quotation marks and citations omitted).  The court cannot say that petitioners have satisfied this standard here.

Case 2:19-cv-00361-JRG Case: 22-126 Document 370 Document: 30 Filed 04/18/22 Filed: 04/15/2022 Page 4 of 4 PageID #: 35482

4                                                             IN RE: GOOGLE LLC

  First, petitioners' § 1404 motions have been denied, rendering moot their request for a stay until those motions are resolved. Second, Google has failed to establish a clear legal entitlement to a stay until the district court rules on its § 1406 motion. The only identified important deadline sought to be stayed is not until August 2022. We have generally declined to grant mandamus to order a stay under analogous circumstances and see no basis to do so here. *See, e.g.*, *In re ADTRAN, Inc.*, 840 F. App'x 516, 517 (Fed. Cir. 2021) (denying mandamus to stay all non-venue-related deadlines where the motion was still in briefing and the identified *Markman* hearing was still months away). Notably, as a general matter, Google can obtain meaningful review of its improper venue arguments in the absence of mandamus relief. *See In re HTC Corp.*, 889 F.3d 1349, 1353 (Fed. Cir. 2018) (explaining that mandamus ordinarily is unavailable for review of rulings on motions under § 1406, because a post-judgment appeal generally is an adequate remedy).

  Accordingly,

  IT IS ORDERED THAT:

  The petition is denied.

                FOR THE COURT

April 15, 2022         /s/ Peter R. Marksteiner
  Date            Peter R. Marksteiner
                Clerk of Court