IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00361-JRG |
| GOOGLE LLC, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Google LLC's ("Google") Motion to Set Trial Schedules (the "Motion"). (Case No. 2:19-cv-361, Dkt. No. 277). On May 2, 2022, the Court held a hearing on the Motion as well as three other motions. Having considered the Motion, the parties' briefing, and their oral arguments, the Court **DENIED** the Motion at the hearing. (Case No. 2:19-cv-359, Dkt. No. 134 at 113:4–6). Accordingly, this Order memorializes the Court's ruling on the Motion addressed at the hearing as announced from the bench into the record and sets forth the Court's reasoning herein.

I.  **BACKGROUND**

On November 4, 2019, AGIS Software Development LLC ("AGIS") filed a multi-patent complaint against Google, LLC ("Google") in Case No. 2:19-cv-361 ("*Google*"), alleging infringement of U.S. Patent Nos. 8,213,970 (the "'970 Patent"); 9,445,251 (the "'251 Patent"); 9,467,838 (the "'838 Patent"); 9,749,829 (the "'829 Patent"); and 9,820,123 (the "'123 Patent") (collectively, "the Asserted Google Patents"). (*Google*, Dkt. No. 1 at 35–36). The products accused of infringement in the *Google* case are Google Find My Device and Google Maps. (*Id.* at 37–38). The same day, AGIS filed related lawsuits against Waze Mobile Limited ("Waze") in Case No. 2:19-

cv-359 ("*Waze*"), and Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") in Case No. 2:19-cv-362 ("*Samsung*"), alleging infringement of the '829 Patent and the '123 Patent in both cases.  (*Waze*, Dkt. No. 1 at 2–3; *Samsung*, Dkt. No. 1 at 4).  In the *Waze* case, the accused products at issue are Waze and Waze Carpool.  (*Waze*, Dkt. No. 1 at 4).  In the *Samsung* case, the accused products at issue are Google Find My Device, Google Maps, and Samsung Find My Mobile.  (*Samsung*, Dkt. No. 1 at 7–8).

On February 18, 2020, Google initially filed its Motion to Dismiss for Improper Venue.  (*Google*, Dkt. No. 25).  The Court consolidated the *Waze*, *Samsung*, and *Google* cases with the *Google* case designated as the lead case on February 20, 2020.  (*Google*, Dkt. No. 29).  On January 29, 2021, Waze and Samsung filed their Motion to Stay Pending *Ex Parte* Reexamination.  (*Google*, Dkt. No. 202).  On February 9, 2021, the Court stayed the consolidated *Google* case, pending *ex parte* reexaminations instituted as to the Asserted Google Patents.  (*Google*, Dkt. No. 219).  Following the *ex parte* reexaminations, the Court lifted the stay on January 28, 2022, and set the trial date for the *Waze*, *Samsung*, and *Google* cases for June 6, 2022.  (*Google*, Dkt. No. 232).  On February 18, 2022, the Court deconsolidated the *Waze*, *Google*, and *Samsung* actions.  (*Google*, Dkt. No. 251 at 2).  Given that facts relevant to Google's then-pending Motion to Dismiss for Improper Venue (*Google*, Dkt. No. 25) were discovered during the pendency of the stay, the Court found that additional briefing would be beneficial, denied without prejudice Google's Motion to Dismiss for Improper Venue, and granted Google leave to refile the same.  (*Google*, Dkt. No. 251 at 2).  As a result, the Court maintained the trial date for the *Waze* and *Samsung* cases for June 6, 2022, and reset the *Google* case for August 22, 2022.  (*Id.* at 3).

## II.   LEGAL AUTHORITY

A scheduling order may be modified for good cause with the court's consent. FED. R. CIV. P. 16(b)(4). Courts consider four factors in determining whether the movant has shown "good cause" under Rule 16(b)(4): "(1) the party's explanation; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice." *Cook v. Credit Sys. Int'l, Inc.*, No. 4:19-CV-308-SDJ-KPJ, 2020 WL 3791504, at *2 (E.D. Tex. July 6, 2020) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). "No single factor is dispositive, nor must all the factors be present." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010). This Court has the discretion to grant a motion for continuance pursuant to its inherent power to control its own docket. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." This Court has broad discretion to consolidate cases under Rule 42(a). *See Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011); *see also Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Defendants accused of patent infringement "may be joined in one action as defendants . . . or have their actions consolidated for trial, only if—"

> (1)   any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a)(1)–(2).  The consolidation provision also provides that "[a] party that is an accused infringer may waive the limitations set forth in this section with respect to that party."  *Id.* at § 299(c).  However, even when the conditions for 35 U.S.C. § 299 are satisfied, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'"  *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)).

### III.   DISCUSSION

In the Motion, Google requests the Court to set the *Google* case for trial first before the *Waze* or *Samsung* cases or to set all three cases for a single, combined trial.  (*Google*, Dkt. No. 277 at 4).  Google asserts that "*Samsung* and *Waze* concern only a subset of the patents and prior art references at issue in *Google*, as well as overlapping accused products (in the *Samsung* case)."  (*Id.* at 10).  Google contends that if the trials are separate, then "trying *Google* first would maximize the number of overlapping issues that are brought to trial (e.g., non-infringement, priority date, invalidity, marking under § 287, licensing)."  (*Id.*).  Google argues that the *Samsung* case "is essentially a customer case to the supplier *Google* case" because there is overlap as to the accused products in those cases.  (*Id.* at 10–11).  As a result, Google asserts that if the *Google* case proceeds first, infringement allegations based on two of three accused products would be resolved in the *Samsung* case; however, proceeding with the current order of trials risks wasting judicial resources and inconsistent outcomes on the same infringement issues between the *Samsung* and *Google* cases.  (*Id.* at 11).  Google argues that there is overlap in issues, witnesses, and evidence, and trying the *Google* case first "could resolve all three cases."  (*Id.* at 12).

In response, AGIS argues that delaying the trial dates for the *Samsung* and *Waze* cases would be "highly prejudicial to AGIS and its 83-year-old inventor, Mr. Malcolm K. Beyer, Jr., particularly

4

where they have already waited for the Court to lift the stay." (*Google*, Dkt. No. 305 at 8).  AGIS concedes that there is overlap among the accused products between the *Google* and *Samsung* cases; however, the *Samsung* case has an additional accused product—Find My Mobile application—and "[t]he [*Waze*] [a]ccused [p]roducts do not overlap in any way with the [*Google*] case." (*Id.* at 8, 9).  AGIS asserts that Dr. Omid Kia is its technical expert as to the Samsung case, but its technical expert is Mr. Joseph C. McAlexander III as to the *Google* and *Waze* cases. (*Id.*).  AGIS states that there is no overlap as to documents and witnesses between the *Waze* and *Google* cases and the *Waze* case relies on its own documents and three *Waze*-specific witnesses. (*Id.* at 10).  AGIS concedes, "While there is some overlap of the [a]sserted [p]atents, the [*Google*] case involves three additional patents: the '838, '251, and '970 Patents." (*Id.* at 11).  AGIS contends that proceeding with the *Google* case first or consolidating all cases for trial would delay the *Waze* and *Samsung* cases. (*Id.* at 10).  AGIS further argues that even if the *Google* case precedes the *Waze* and *Samsung* cases, "AGIS would have to proceed on infringement of the [*Samsung*] and [*Waze*] cases because they involve different [a]ccused [p]roducts." (*Id.* at 10).

If either of Google's rescheduling requests were granted, the *Waze* and *Samsung* trial dates, which are presently set for June 6, 2022, would be delayed.  In addressing Google's primary request to set the *Google* case before the *Waze* and *Samsung* cases, the Court is unpersuaded that trying the *Google* case would "obviate the need for trials in [the] *Waze* and *Samsung* [cases] or drastically narrow their scope." (*Google*, Dkt. No. 277 at 10).  The Court notes that some overlap between the cases exists.  Two of the five patents at issue in the *Google* case are the only patents at issue in the *Waze* and *Samsung* cases. (*See Google*, Dkt. No. 1 at 35–36; *Waze*, Dkt. No. 1 at 2–3; *Samsung*, Dkt. No. 1 at 4).  Google Find My Device and Google Maps are both accused products in the *Google* and *Samsung* cases. (*Google*, Dkt. No. 1 at 37–38; *Samsung*, Dkt. No. 1 at 7–8).  Additionally, all of

5

AGIS's fact witnesses, Waze, Samsung, and Google's expert witnesses, and the prior art witness, Neil Siegel, will appear in each case. (*Google*, Dkt. No. 277 at 7–8).[1]

While the Court notes the overlap between the cases, it is not significant enough to warrant delaying trial in the *Waze* and *Samsung* cases.[2] The *Google* case contains three additional patents at issue that are not in the *Waze* or *Samsung* cases. (*Google*, Dkt. No. 1 at 35–36; *Waze*, Dkt. No. 1 at 2–3; *Samsung*, Dkt. No. 1 at 4). The *Samsung* case has an additional accused product, Samsung Find My Mobile, which is not accused in the *Waze* or *Google* cases, and the *Waze* case has two accused products, Waze and Waze Carpool, which are not at issue in the *Samsung* or *Google* cases. (*Waze*, Dkt. No. 1 at 7; *Google*, Dkt. No. 1 at 37–38; *Samsung*, Dkt. No. 1 at 7–8). AGIS's technical expert, Mr. Joseph C. McAlexander III, is set to appear in only the *Waze* and *Google* cases, and its other technical expert, Dr. Omid Kia, is set to appear in only the *Samsung* case. (*Google*, Dkt. No. 277 at 7). With respect to Google and Samsung employees (approximately 13 witnesses), no one employee is set to appear in all three cases. (*Id.* at 8). Further, Google cannot maintain that trying the *Google* case first may avoid future trials in the *Waze* and *Samsung* cases based on the foregoing differences between the cases detailed herein.

The Court finds that trial consolidation is equally unwarranted under 35 U.S.C. § 299. The *Google* case contains three additional patents at issue and each case contains different asserted products. Based on the aforementioned overlap, Google has not asserted that AGIS's patent infringement claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" relating to "the same accused product[s.]" 35 U.S.C. § 299(a)(1). As a result, the Court

---

[1] Google provides a chart, detailing the witnesses who are set to appear in each case. (*Google*, Dkt. No. 277 at 7–8). AGIS does not dispute Google's representation of the witnesses' appearance. (*Google*, *see* Dkt. No. 305). For the purposes of this Motion, the Court accepts Google's representation of the witnesses who are expected to be called in each case.

[2] As the Court indicated at the hearing, the Court is sensitive to the fact that AGIS's inventor, Mr. Malcolm K. Beyer, Jr., is of an advanced age. (*Google*, Dkt. No. 305 at 8; *Waze*, Dkt. No. 135 at 11:12–13).

cannot conceive of a viable path forward with trial consolidation given the varying differences between the cases.

Adopting either of Defendant's trial schedule proposals will delay trial in both the *Waze* and *Samsung* cases. Since February 18, 2022, the *Waze* and *Samsung* cases have been set for trial on June 6, 2022, and the *Google* case has been set for trial on August 22, 2022, and the Court and parties as to all cases have relied on these trial dates. (*Google*, Dkt. No. 251 at 2, 3). Trial in the consolidated *Google* case was initially delayed for a year based on Waze and Samsung's Motion to Stay Pending *Ex Parte* Reexamination. (*Google*, Dkt. No. 202; *Google*, Dkt. No. 219). The *Google* case was then reset for trial from June 6, 2022, to August 22, 2022, to accommodate additional briefing on Google's Re-Filed Rule 12(b)(3) Motion to Dismiss for Improper Venue (*Google*, Dkt. No. 255).[3] (*Google*, Dkt. No. 251 at 3). The *Waze* and *Samsung* cases and the *Google* case have proceeded on different trial schedules for nearly three months with varying deadlines, and consequently, they "are at different stages of preparedness for trial." *Smartflash LLC v. Google, Inc.*, No. 6:14-cv-435, 2014 WL 11071872, at *1 (E.D. Tex. July 7, 2014) (citing *Mills v. Beech Aircraft Corp., Inc.*, 886 F.3d 758, 762 (5th Cir. 1989) ([c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial; *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983)). Google's Motion appears to be nothing more than

---

[3] Google refiled its Motion to Dismiss for Improper Venue (Dkt. No. 25) as Re-Filed Rule 12(b)(3) Motion to Dismiss for Improper Venue (*Google*, Dkt. No. 255), which the Court has since denied (*Google*, *see* Dkt. No. 378). When the Court lifted the stay, the *Google* case was originally scheduled for trial on June 6, 2022. (*Google*, Dkt. No. 232 at 4–5). After the stay was lifted, the Court held a telephonic status conference concerning Defendants' Motion to Reinstate Defendants' Improper Venue and Transfer Motions and Briefing. (*Google*, *see* Dkt. No. 234; *Google*, *see also* Dkt. No. 252). At the telephonic status conference, AGIS opposed Google's Motion to Dismiss for Improper Venue (*Google*, Dkt. No. 25) because it believe[d] that additional briefing would be beneficial to apprise the Court of additional evidence as to venue that was discovered during the pendency of the stay. (*Google*, Dkt. No. 252 at 5:15–6:10). In response, if Google's Motion to Dismiss for Improper Venue (*Google*, Dkt. No. 25) were to be refiled, Google requested that the trial date be moved to allow for additional time to rebrief venue issues. (*Google*, Dkt. No. 252 at 10:3–15). As a result, the Court reset the trial date for the *Google* case to August 22, 2022. (*Google*, Dkt. No. 251 at 3).

a veiled attempt to delay trial further.[4]  Accordingly, proceeding with the order of trials as currently scheduled "avoid[s] prejudice and delay, ensur[es] judicial economy, [and] safeguard[s] principles of fundamental fairness." *In re EMC*, 677 F.3d at 1360.

## IV.  CONCLUSION

For the reasons stated herein, Google's Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 20th day of May, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[4] On June 2, 2020, defendants filed a Motion to Stay Pending *Inter Partes* Review and *Ex Parte* Reexamination. (*Google*, Dkt. No. 97). On September 8, 2020, defendants filed a Motion to Stay Pending Resolution of *In Re Google* Appeal. (*Google*, Dkt. No. 121). On October 8, 2020, defendants filed a Motion to Stay Pending Resolution of Venue and Transfer Motions. (*Google*, Dkt. No. 132). On December 28, 2020, defendants filed a Motion for Reconsideration of Their Motion to Stay Pending Resolution of Venue and Transfer Motions. (*Google*, Dkt. No. 177). On January 29, 2021, Samsung and Waze filed a Motion to Stay Pending *Ex Parte* Reexamination. (*Google*, Dkt. No. 202). On February 23, 2022, defendants each filed a petition for writ of mandamus with the Federal Circuit, requesting an immediate stay of proceedings in this Court. (Case No. 22-126, Dkt. No. 2). Now, pending before the Court is the Motion filed in the *Waze*, *Google*, and *Samsung* cases on March 1, 2022. (*Waze*, Dkt. No. 43; *Google*, Dkt. No. 277; *Samsung*, Dkt. No. 44).