NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**In re: GOOGLE LLC,**
*Petitioner*

———————————————

2022-140

———————————————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:19-cv-00361-JRG, Chief Judge J. Rodney Gilstrap.

-------------------------------------------------

**In re: WAZE MOBILE LIMITED,**
*Petitioner*

———————————————

2022-141

———————————————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:19-cv-00359-JRG, Chief Judge J. Rodney Gilstrap.

-------------------------------------------------

**In re: SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,**
*Petitioners*

———————————————

2022-142

————————————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:19-cv-00362-JRG, Chief Judge J. Rodney Gilstrap.

————————————

**ON PETITION**

————————————

Before LOURIE, TARANTO, and HUGHES, *Circuit Judges*.

LOURIE, *Circuit Judge*.

**O R D E R**

In these consolidated cases, Google LLC, Waze Mobile Limited, and Samsung Electronics Co., Ltd. et al. (collectively, "Petitioners") seek writs of mandamus directing the United States District Court for the Eastern District of Texas to transfer these cases to the United States District Court for the Northern District of California. AGIS Software Development, LLC ("AGIS") opposes. For the reasons below, we grant the petitions and direct transfer.

I

A

AGIS is a subsidiary of Florida-based AGIS Holdings, Inc. AGIS was assigned AGIS Holdings' patent portfolio and incorporated in the state of Texas shortly before AGIS started to file infringement suits in the Eastern District of Texas in 2017. AGIS shares an office in Marshall, Texas with another subsidiary of AGIS Holdings where AGIS maintains copies of its patents, assignment records, prosecution records, license agreements, and corporate records. No employee of AGIS or a related AGIS entity works regularly from that location.

In the complaints underlying Appeal Nos. 2022-140 and 2022-142, AGIS has accused: (1) Google's software applications that enable users of its products to form groups, view the locations of other users on a map, and communicate together, of infringing U.S. Patents 8,213,970; 9,408,055; 9,445,251; 9,467,838; 9,749,829 ("the '829 patent"); and 9,820,123 ("the '123 patent"); and (2) Samsung of infringing the '829 and '123 patents for selling devices that run Google's accused applications and that use Samsung's messaging functionality in conjunction with those applications.

Google and Samsung moved under 28 U.S.C. § 1404(a) to transfer AGIS's infringement actions to the Northern District of California. They argued that the accused software applications at the center of the cases were designed and developed at Google's headquarters within the Northern District of California; that potential witnesses and sources of proof were in the Northern District of California (including Google's source code and technical documents, Google's employees that were knowledgeable of the accused products, and prior art witnesses); and that, as a matter of judicial economy, the cases should be transferred together to be decided by the same trial judge.

The district court denied the motions. The court noted that the Northern District of California had a comparative advantage in being able to compel unwilling witnesses. On the other hand, the court determined that court congestion, judicial economy considerations, and local interest factors all weighed against transfer. In particular, the court weighed against transfer the fact that AGIS had previously litigated the asserted patents before the same trial judge up to the pretrial conference. The remaining factors, the court determined, favored neither of the two possible forums. On balance, the court determined that Google and Samsung had each failed to demonstrate that the Northern District of California was clearly more convenient and accordingly denied transfer.

### B

In the third case before us, AGIS has accused Waze (a wholly-owned subsidiary of Google) of similarly infringing the '829 and '123 patents based on the Waze Carpool mobile applications. The Waze case was actually initially consolidated with the Samsung and Google cases. Like Google and Samsung, Waze moved to transfer to the Northern District of California. Waze argued that its employees responsible for the accused applications, including its Managing Director, are in the Northern District of California (as well as Israel and New York) and that Waze does not have any offices or employees in the Eastern District of Texas. Waze also identified the same prior art witnesses as identified by Google and Samsung in Northern California. Waze added that its documents are physically present and/or electronically accessible from Northern California.

As with Samsung's and Google's motions, the district court denied Waze's transfer request. The district court found that the compulsory process factor favored transfer. But, as in the Samsung and Google cases, the court weighed against transfer its prior familiarity with AGIS's patents and that it could likely hold a trial sooner. The district court found that the remaining factors were neutral. On balance, the district court similarly found that Waze had failed to show that the Northern District of California was a clearly more convenient forum for the litigation than the Eastern District of Texas. Waze, Google, and Samsung then each filed identical petitions seeking writs of mandamus, and we consolidated the petitions for purposes of briefing and resolution.

### II

### A

We follow regional circuit law on transfer motions under 28 U.S.C. § 1404(a). *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In deciding whether the

district court should have granted transfer under § 1404(a), we ask whether "the movant demonstrate[d] that the transferee venue is clearly more convenient" such that the district court's contrary determination was a clear abuse of discretion. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (internal quotation marks omitted)).

The Fifth Circuit has identified private and public interest factors relevant to determining whether a case should be transferred under § 1404(a). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1317 (Fed. Cir. 2021). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive. *Id.* at 1316–17.

Mindful that the district court is generally better positioned to evaluate the evidence, we review a transfer ruling for a clear abuse of discretion. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344–46 (Fed. Cir. 2010); *TS Tech*, 551 F.3d at 1319 (noting that a petitioner must demonstrate that the denial was a "clear" abuse of discretion such that refusing transfer produced a "patently erroneous result" (quoting *Volkswagen*, 545 F.3d at 310 (internal quotation marks omitted)); *see also Juniper*, 14 F.4th at 1318 (explaining that "when a district court's denial of a motion to transfer amounts to a clear abuse of discretion under governing

legal standards, we have issued mandamus to overturn the denial of transfer" and collecting cases granting mandamus).

Petitioners argue that the district court's failure to find that the convenience factors strongly favor transfer in all three cases was a clear abuse of discretion. They contend that Northern California is far more easily accessible for potential witnesses and sources of proof. Petitioners also contend that the transferee venue has a strong local interest in these cases while the Eastern District has no cognizable interest. In this regard, Petitioners emphasize that AGIS's connections to the Eastern District are entitled to minimal consideration because they are litigation-driven. Petitioners further contend that any judicial economy considerations that favor keeping these cases in a district in which AGIS previously litigated its patents are insufficient to outweigh the clear convenience of the transferee forum.

AGIS responds that the district court correctly denied transfer in all three cases. AGIS argues that its own witnesses either reside in, or would prefer to travel to, the Eastern District of Texas. AGIS further contends that the Eastern District is more convenient for accessing AGIS's patent-related documents and license agreements stored at its offices in Marshall. AGIS further asserts that the district court was correct to not weigh the local interest factor in favor of transfer in the cases because of AGIS's connections to the Eastern District. AGIS also contends that the Eastern District has a comparative advantage both with regard to the court congestion factor and with regard to judicial economy considerations given its prior handling of AGIS's patent infringement suits.

B

We agree with Petitioners that the Northern District of California is clearly the more convenient forum in the Google and Samsung cases. Given that Google's accused functionality is at the center of the allegations in both

cases, it is not surprising that witnesses reside in Northern California—the location of Google's headquarters where the accused technology was developed. Google and Samsung each identified at least 5 Google employees in the transferee forum with relevant and material information. Samsung and Google further identified five prior art witnesses in the Northern District of California. Transfer would ensure not only that the forum would be more convenient for the balance of the witnesses, but also that a court could compel their testimony if necessary.

The district court weighed against transfer the presence of an AGIS consultant, Eric Armstrong, in the Eastern District as a potential witness on whether AGIS Holdings' own products constituted invalidating prior art.[1] But Mr. Armstrong appears to have disclaimed material knowledge of those products before the applicable priority dates. Appx547–550. And even accounting for Mr. Armstrong, Samsung and Google identified far more witnesses in Northern California. Moreover, while AGIS notes that several of its potential witnesses in Austin, Colorado, Virginia, and Florida would prefer to travel to Eastern Texas, the district court here correctly recognized that these witnesses were not entitled to significant weight because these witnesses "would require hours of travel regardless." Appx006.

We also agree with Petitioners that the sources of proof factor weighs in favor of transfer. Google explains, without dispute from AGIS, that the technical documents and source code relating to the accused functionality "are physically present and/or electronically accessible" in the Northern District of California. Appx229. The district court discounted the convenience of litigating these cases

---

[1]   The district court treated the presence of AGIS's expert witness in the Eastern District as entitled to little weight.

close to that evidence on the ground that Google could produce the information electronically in the Eastern District. *See, e.g.,* Appx004. But "while electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources-of-proof factor irrelevant." *Juniper*, 14 F.4th at 1321.

The district court also weighed against transfer the fact that AGIS stores its patent-related documents and corporate records at its office space in Marshall, Texas. However, it appears that the relationship between the forum and AGIS and its materials served no meaningful purpose, not even to secure application of Texas substantive law to AGIS, except to attempt to establish a presence for forum selection for patent cases. AGIS leased its office just prior to commencing litigation in the Eastern District. And the company's Texas office, where it stores the above-identified documents, does not appear to be a place of regular business; AGIS's principals and employees do not work from that office. AGIS therefore has no presence in Texas that should be given significant weight in this analysis. *See In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011) (rejecting the argument that documents that were nothing more than artifacts of litigation were entitled to weight).[2]

Turning to the public interest factors, we agree with Petitioners that the district court failed to give full weight to the Northern District of California's comparative local interest in resolving the claims against Google and Samsung. These cases are analogous to the situation in *Juniper* where the accused products were designed and developed in the transferee forum and plaintiff's only connections to the transferor forum were largely tied to

---

[2]    The court also pointed to potential documents from Mr. Armstrong, but that witness testified that "all documents are on AGIS, I don't have any." Appx462.

bringing patent lawsuits in that district. We explained that because the events forming the basis for the infringement claims occurred mainly in the transferee forum, it had a substantial local interest in resolving the dispute, whereas plaintiff's patent-litigation-inspired connections to its chosen forum were "not entitled to significant weight" and "insubstantial compared to" defendant's relevant connections to the transferee forum. 14 F.4th at 1320. Similarly here, the locus of events giving rise to AGIS's infringement suits occurred in the transferee forum where Google designed and developed the accused functionality. In contrast, AGIS's minimal presence, apparently tied to filing suit in the Eastern District where no AGIS employees usually work, is insufficient to establish a comparable interest in the transferor forum.[3] Thus, the court clearly abused its discretion in weighing this factor as neutral.

---

[3] The district court also weighed against transfer that Samsung has "direct and substantial ties to this District," Appx029, and "Google has several ties to this District," namely, its facilities in Flower Mound, Texas where Google says certain devices are repaired by an independent company. Appx009–10. The problem with this analysis is that it relies on Google's and Samsung's "general presence in the [transferor] forum, not on the locus of the events that gave rise to the dispute." *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021). We have held that a party's "general presence" in a particular district is "not enough to establish a local interest" that weighs against another forum's local interest tied to events giving rise to the particular suit. *Juniper*, 14 F.4th at 1320; *see Google*, 2021 WL 4592280, at *5. Rather, what is required for a relevant local interest to weigh in this factor is that there be "significant connections between a particular venue and *the events that gave rise to a suit*." *In re Apple*,

As for the remaining factors, we also agree with Petitioners. While a court may consider its prior familiarity with the asserted patents in assessing judicial economy considerations for transfer, *see Vistaprint*, 628 F.3d at 1344, we have at the same time made clear that just because "a patent is litigated in a particular[forum]" does not mean "the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that [forum]," *id.* at 1347 n.3; *see also Verizon*, 635 F.3d at 562 ("To interpret § 1404(a) to hold that any prior suit involving the same patent can override a compelling showing of transfer would be inconsistent with the policies underlying § 1404(a)."). Here, any judicial economy gained in having the district court preside over this case based on its prior familiarity with some of the issues, from a prior claim construction in a different case brought by AGIS, is clearly insufficient in this case to outweigh the other factors that clearly favor transfer.

Furthermore, while the Eastern District appears likely to be able to schedule a trial in these cases faster than the Northern District of California, that seems to rest not so much on significant differences in docket congestion but, in significant part, on the considerable delay in resolving the transfer motions, which resulted in progress in the cases in the interim. That progress hardly need go to waste upon transfer. In any event, neither the district court nor AGIS has identified any reason why a more rapid disposition of the cases should be assigned such significant weight here to outweigh the clear convenience of the transferee forum.

Under these circumstances, we conclude that the district court clearly abused its discretion, leading to a patently erroneous result, when it denied Petitioners'

---

*Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (citation omitted); *see Google*, 2021 WL 4592280, at *5.

IN RE: GOOGLE LLC                                                             11

motions to transfer to the clearly more convenient forum, the Northern District of California.

C

We reach the same conclusion in Waze's case, in which the district court's analysis was materially the same. Like the Google and Samsung cases, the "center of gravity" is in Northern California. *Juniper*, 14 F.4th at 1323. Waze identified more witnesses in the Northern District of California who would be less inconvenienced by a trial in that district and/or could be compelled to testify there. The district court also recognized that Waze had identified sources of proof in the Northern District of California but made the same error, described above, in discounting that convenience on the ground that the information could potentially be made electronically accessible in the Eastern District. Judicial economy considerations also do not override the clear convenience of the transferee venue in this case; indeed, they support transfer given our decision that overlapping cases against Google and Samsung are to be transferred. And Petitioners persuasively argue that economy favors all three of these cases being decided together.

Accordingly,

IT IS ORDERED THAT:

The petitions are granted. The district court's orders denying transfer are vacated, and the district court is directed to grant Google's, Waze's, and Samsung's motions to transfer to the Northern District of California.

FOR THE COURT

<u>May 23, 2022</u>                          /s/ Peter R. Marksteiner
     Date                              Peter R. Marksteiner
                               Clerk of Court